1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER MILLER, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,<br><br>               Defendants. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

## I.  INTRODUCTION

1.      This is a class action brought on behalf of individuals who have been "Amazon Flex" delivery drivers for Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (together, "Amazon") and have been subject to the unlawful practices described herein.  On behalf of herself and all others similarly situated, Plaintiff Jennifer Miller alleges that Amazon has violated the Washington Consumer Protection Act, chapter 19.86 RCW, by unfairly and deceptively retaining portions of tips that belonged to the delivery drivers.

2.      On behalf of herself and all other Amazon Flex drivers from whom Amazon withheld a portion of the tips to which they are entitled, Plaintiff seeks actual damages, exemplary damages, interest, attorneys' fees, and costs, and any other relief that the Court deems proper, all as provided for by law.

CLASS ACTION COMPLAINT - 1

## II.   JURISDICTION AND VENUE

3.      The Court has jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which the named plaintiff is a citizen of a State different from the Defendants.

4.      Venue is proper under 28 U.S.C. § 1391(b) because Amazon resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## III.   PARTIES

5.      Plaintiff Jennifer Miller is a resident of Massachusetts, and she worked as an Amazon Flex delivery driver from late 2018 to approximately March 2020, driving and doing deliveries in Massachusetts and New Hampshire and around New England for Amazon.

6.      This is a class action that the above-named Plaintiff brings on her own behalf and on behalf of all others similarly situated, namely all other individuals who have been Amazon Flex drivers during the statutory period applicable to the claims in this action and had a portion of their tips withheld by Amazon.  The proposed class meets the requirements for class certification in Fed. R. Civ. P. 23.

7.      Defendant Amazon.com, Inc. is a Delaware corporation with a principal office in Seattle, Washington.  Defendant Amazon.com, Inc. operates in all states in the country, including Washington.

8.      Defendant Amazon Logistics, Inc. is a Delaware corporation with a principal office in Seattle, Washington and is a wholly owned subsidiary of Amazon.com, Inc.  Defendant Amazon Logistics, Inc. operates in all states in the country, including Washington and Massachusetts.

## IV.   STATEMENT OF FACTS

9.      Amazon offer products for customers to purchase online around the country, including in both Washington and Massachusetts.

CLASS ACTION COMPLAINT - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

10.     In 2015, Amazon implemented "Amazon Flex," a delivery service through which customers pay for drivers to deliver products to them using their own personal vehicles.

11.     On some transactions through Amazon Flex, customers may add tips for their drivers.

12.     Amazon has consistently represented to both customers and drivers that all tips paid by customers are paid in full to the drivers.

13.     For example, the Amazon Flex app has informed drivers: "**You will receive 100% of the tips you earn** while delivering with Amazon Flex."

14.     An earlier version of this communication similarly stated that Amazon "will pass to you 100% of tips you earn."

15.     Based on Amazon's representations, drivers expect to be paid 100% of customer tips.

16.     Customers are similarly informed that 100 percent of the tips they pay are passed on to the delivery drivers.

17.     The Amazon ordering interface for customers states:  "100% of tips are passed on to your courier."

18.     Amazon has not always paid all tips from customers for Amazon Flex deliveries to the drivers.

19.     Beginning in approximately 2016 and continuing to at least approximately August 2019, Amazon retained portions of drivers' tips instead of distributing them all to the drivers.

20.     Amazon's statements to drivers and to customers constituted unfair and deceptive acts and practices.

21.     Amazon only changed its tip retention practices after the Federal Trade Commission began investigating Amazon in regard to those practices.

22.     The Federal Trade Commission's investigation was only recently made public, when it announced in February 2021 that it had filed a case against Amazon relating to the

CLASS ACTION COMPLAINT - 3

1   practices described herein.

2       23.     Until February 2021, drivers did not know, and could not have reasonably known

3   even with the exercise of due diligence, that Amazon's practices concerning the distribution of

4   driver tips were unfair and deceptive.

5       24.     Drivers had no practicable way of discovering that Amazon was withholding or

6   failing to distribute all of the tips paid to them by customers because Amazon did not make

7   information concerning the amounts actually paid in tips by customers available to the drivers.

8       25.     Furthermore, the "Amazon Flex" system was designed by Amazon to be

9   "contact-less," meaning drivers never had an opportunity to meet customers face-to-face and

10  thereby learn how much the customers were paying in tips.

11      26.     As a result of the practices described above, Plaintiff and proposed class

12  members have been deprived of tips to which they are entitled.

13      27.     The drivers have been injured as a result of Amazon's actions because they have

14  not received all tips owed to them.

15                          **V.      CLASS ALLEGATIONS**

16      28.     Under Fed. R. Civ. P. 23, Plaintiff Miller brings this class action lawsuit on behalf

17  of herself and all other individuals who have been Amazon Flex delivery drivers during the

18  statutory period relevant to this case as tolled by law.

19      29.     Pending any modifications necessitated by discovery, the named Plaintiff

20  preliminarily defines the following class:

21          ALL INDIVIDUALS WHO WERE AMAZON FLEX DRIVERS AT ANY
            POINT BETWEEN SEPTEMBER 22, 2016 AND AUGUST 22, 2019.
22

23      30.     All potential Rule 23 class members are similarly situated because they all

24  suffered from Amazon's common course of unfair and deceptive acts and practices, including:

25          a.      Amazon's representations to drivers that they would receive 100% of

26              customer tips;

27

CLASS ACTION COMPLAINT - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

       b.      Amazon's representations to customers that drivers would receive 100% of customer tips;

       c.      Amazon's failure to distribute 100% of tips to drivers; and

       d.      Harm to drivers because of Amazon's actions.

31.     The members of the class are so numerous that joinder of all of them is impracticable.  On information and belief, the number of class members is in the thousands.

32.     There are issues of law and fact common to all class members because Amazon's course of conduct regarding the distribution of tips applied equally to all class members. The common questions of law and fact predominate over any questions affecting individual class members.

33.     The claims of the named Plaintiff are typical of the claims of all members of the class because all members of the class were subject to the same unlawful acts and practices.

34.     The named Plaintiff and her counsel will fairly and adequately represent the interests of the class.

35.     The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual members of the class. The predominant questions of law or fact are clear, precise, well-defined, and applicable to the named Plaintiff as well as every absent member of the proposed class.

36.     A class action is superior in this case for several reasons, including but not limited to the following: the case challenges uniform unfair and deceptive practices; many class members may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each individual affected by the practices challenged herein to bring his or her own individual claim.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## COUNT I

**WASHINGTON CONSUMER PROTECTION ACT DECEPTIVE BUSINESS PRACTICES**

37.     Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

38.     Plaintiff and Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

39.     Each Defendant is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

40.     The conduct described above and throughout this Complaint is deceptive within the meaning of the Washington Consumer Protection Act, chapter 19.86 RCW.

41.     As set forth above, each Defendant engaged in deceptive acts and practices in the conduct of its business. These deceptive acts and practices include failing to disclose to Amazon Flex drivers that they would receive 100% of the tips Defendant promised the Amazon Flex drivers would receive.

42.     By committing the foregoing acts and practices, as alleged herein, each Defendant has engaged in unfair and deceptive acts and practices that have impacted the public interest and caused injury and/or damages to Plaintiff and the Class, and thereby violated the Consumer Protection Act in the manner set forth herein.

43.     As a result, Plaintiff and the Class are entitled to recover their damages from Defendants, in an amount to be proven at trial. Furthermore, under RCW 19.86.090, Plaintiff and the Class are entitled to a trebling of their proven damages.

44.     Plaintiff and the Class are also entitled to the award of attorneys' fees and costs under RCW 19.86.090.

CLASS ACTION COMPLAINT - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1

## COUNT II

2

**WASHINGTON CONSUMER PROTECTION ACT UNFAIR BUSINESS PRACTICES**

3    45.     Plaintiff hereby incorporates by reference each of the preceding allegations as

4    though fully set forth herein.

5    46.     Plaintiff and Class members are "persons" within the meaning of the Washington

6    Consumer Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" within the

7    meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

8    47.     The conduct described above and throughout this Complaint is unfair within the

9    meaning of the Washington Consumer Protection Act, chapter 19.86 RCW. These unfair

10   practices include representing to Plaintiff and Class members that they would receive 100% of

11   their tips but then failing to distribute the promised trips to Plaintiff and Class members.

12   48.     Each Defendant's systematic practices were unfair because these acts and

13   practices: (1) caused injury to Plaintiff and Class members; (2) were not outweighed by any

14   countervailing benefits to consumers or competitors; and (3) were not reasonably avoidable.

15   49.     Each Defendant's systematic practices were unfair because the acts and

16   practices were immoral, unethical, oppressive, and/or unscrupulous.

17   50.     Each Defendant's unfair acts and practices have repeatedly occurred in trade or

18   commerce within the meaning of the CPA, RCW 19.86.010(2) and RCW 19.86.020. Each

19   Defendant's activity, including the acts taken when compensating Flex Drivers, occurred in

20   trade or commerce. RCW 19.16.440.

21   51.     Each Defendant's unfair acts and practices impacted the public interest because

22   they occurred in Washington and injured thousands of Washington residents.

23   52.     As a direct and proximate result of each Defendant's unfair acts and practices,

24   Plaintiff and Class members suffered injury.

25   53.     Plaintiff and Class members are therefore entitled to legal relief against

26   Defendant, including recovery of actual damages, treble damages, attorneys' fees, costs of suit,

27   and such further relief as the Court may deem proper.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1    **JURY DEMAND**

2    Plaintiff requests a trial by jury on all the claims.

3

4    WHEREFORE, Plaintiff requests that this Court enter the following relief:

5    A.    Certification of a class of similarly situated individuals under Fed. R. Civ. P. 23;

6    B.    Actual damages in the amount of all gratuities withheld from drivers;

7    C.    Three times actual damages for all members of the Class;

8    D.    Pre- and post-judgment interest;

9    E.    Attorney's fees and costs; and

10   F.    Any other relief to which the employees may be entitled.

11

12   RESPECTFULLY SUBMITTED AND DATED this 17th day of February, 2021.

13                              TERRELL MARSHALL LAW GROUP PLLC

14
                               By:  /s/ Beth E. Terrell, WSBA #26759
15                                 Beth E. Terrell, WSBA #26759
                                   Email: bterrell@terrellmarshall.com
16

17                             TERRELL MARSHALL LAW GROUP PLLC

18                             By:  /s/ Toby J. Marshall, WSBA #32726
19                                 Toby J. Marshall, WSBA #32726
                                   Email:  tmarshall@terrellmarshall.com
20
                               TERRELL MARSHALL LAW GROUP PLLC
21

22                             By:  /s/ Jennifer Rust Murray, WSBA #36983
                                   Jennifer Rust Murray, WSBA #36983
23                                 Email: jmurray@terrellmarshall.com
                                   936 North 34th Street, Suite 300
24                                 Seattle, Washington 98103
                                   Telephone: (206) 816-6603
25                                 Facsimile: (206) 319-5450

26

27

CLASS ACTION COMPLAINT - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Hillary Schwab, *Pro Hac Vice Forthcoming*
Emai: hillary@fairworklaw.com
Brant Casavant, *Pro Hac Vice Forthcoming*
Email: brant@fairworklaw.com
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, Massachusetts 02111
Telephone: (617) 607-3260
Facsimile: (617) 488-2261

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 9