The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER MILLER, EMAD AL-KAHLOUT, JUMA LAWSON, PHILIP SULLIVAN, JOSE GRINAN, KELLY KIMMEY, KIMBERLY HALO, and HAMADY BOCOUM, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,

Defendants.

Case No. 2:21-cv-00204-BJR

**DECLARATION OF ALEXA HAWRYSZ IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**

DECLARATION OF A. HAWRYSZ
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

# DECLARATION OF ALEXA HAWRYSZ

1. Pursuant to 28 U.S.C. § 1746, I, Alexa Hawrysz, declare as follows:

2. I am a Director, Amazon Flex, employed by Amazon Corporate LLC and have responsibility for certain functions related to the Amazon Flex Program.

3. I make this declaration based on my personal knowledge and my review of Amazon's business records. If called to testify to these facts, I would be competent to do so.

4. Amazon offers various products that customers around the world can purchase, including through Amazon's websites and smartphone applications.

5. Amazon contracts with many third parties to provide deliveries of the products that Amazon's customers purchase. That includes major carriers, smaller local delivery companies, and individuals who participate in the Amazon Flex program.

6. The Amazon Flex program allows Amazon to crowdsource independent contractor delivery partners through a smartphone application known as the Amazon Flex app.

7. Individuals seeking to sign up for Amazon Flex must first download the Amazon Flex app on a smartphone, create an account, log into the app, provide the zip code for the local area in which they wish to make deliveries, and affirmatively agree to the Amazon Flex Independent Contractor Terms of Service ("TOS").

8. There have been multiple versions of the Amazon Flex Independent Contractor Terms of Service (the "TOS"). During the time period that is relevant in this case, the first version of the TOS was in effect between September 21, 2016 and October 3, 2019 (attached as **Exhibit A** and referred to as the "2016 TOS"). The second relevant version of the TOS took effect beginning October 3, 2019 (attached as **Exhibit B** and referred to as the "2019 TOS").

9. Prospective Amazon Flex delivery partners have always been free to spend as much time as they wish reviewing the Terms of Service before accepting them. The 2016 TOS and 2019 TOS have also been accessible in the Account/View Legal Information section of the Amazon Flex app.

DECLARATION OF A. HAWRYSZ - 1
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

10. During both periods, individuals signing up through the Amazon Flex app had to click twice on buttons stating "I AGREE AND ACCEPT." The first time was to accept the TOS, and the second was to specifically accept the arbitration provision of the TOS, which is on the first page of the TOS and in Section 11.

11. While the 2016 TOS was in use, the first page that delivery partners had to accept presented the full 2016 TOS (available by scrolling through the app) and looked as follows:




DECLARATION OF A. HAWRYSZ - 2
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

1. The second page that delivery partners had to accept, which showed the arbitration provision a second time, looked as follows:




12. The 2016 TOS gave new Amazon Flex delivery partners the option to "opt out" of the arbitration agreement. To opt out, the delivery partner needed to send an email to the identified Amazon email address within 14 days after accepting the 2016 TOS.

13. Plaintiff Jennifer Miller accepted the 2016 TOS and her Amazon Flex account was activated on or about November 14, 2018. She did not opt-out of the arbitration provision of the 2016 TOS.

14. Plaintiff Emad Al-Kahlout accepted the 2016 TOS and his Amazon Flex account was activated on or about November 18, 2017. He did not opt-out of the arbitration provision of the 2016 TOS.

DECLARATION OF A. HAWRYSZ - 3
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

15. Plaintiff Juma Lawson accepted the 2016 TOS and his Amazon Flex account was activated on or about April 26, 2019. He did not opt-out of the arbitration provision of the 2016 TOS.

16. Plaintiff Philip Sullivan accepted the 2016 TOS and his Amazon Flex account was activated on or about May 28, 2017. He did not opt-out of the arbitration provision of the 2016 TOS.

17. Plaintiff Jose Grinan accepted the 2016 TOS and his Amazon Flex account was activated on or about October 28, 2017. He did not opt-out of the arbitration provision of the 2016 TOS.

18. Plaintiff Kelly Kimmey accepted the 2016 TOS and her Amazon Flex account was activated on or about July 11, 2017. She did not opt-out of the arbitration provision of the 2016 TOS.

19. Plaintiff Kimberly Halo accepted the 2016 TOS and her Amazon Flex account was activated on or about October 5, 2018. She did not opt-out of the arbitration provision of the 2016 TOS.

20. Plaintiff Hamady Bocoum accepted the 2016 TOS and his Amazon Flex account was activated on or about August 1, 2018. He did not opt-out of the arbitration provision of the 2016 TOS.

21. Under the 2016 TOS, Amazon Flex delivery partners agreed that Amazon had the ability to modify the agreement "at any time by providing notice to [the driver] through the Amazon Flex app or otherwise providing notice." Ex. A (2016 TOS), § 13. The 2016 TOS further stated, "If you continue to perform the Services or access Licensed Materials (including accessing the Amazon Flex app) after the effective date of any modification to this Agreement, you agree to be bound by such modifications." *Id.*

22. On or about October 4, 2019, once the 2019 TOS took effect, Amazon distributed notice of the updated terms to existing Amazon Flex delivery partners (*i.e.*, those who had joined

DECLARATION OF A. HAWRYSZ - 4
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

the Amazon Flex program and agreed to the TOS before the 2019 TOS's effective date) via email sent to the email address each such driver agreed to keep current (attached as **Exhibit C**).

23. Those existing Amazon Flex delivery partners included Plaintiffs Miller, Lawson, Sullivan, Grinan, Kimmey, and Halo, and Amazon's records show that all six of these Plaintiffs continued to access the Amazon Flex app and schedule delivery blocks after October 4, 2019.

24. Miller, for example, scheduled and completed four delivery blocks between October 9, 2019 and March 15, 2020.

25. Lawson scheduled and completed over 50 delivery blocks between October 4, 2019 and December 2, 2019.

26. Sullivan scheduled and completed over 300 delivery blocks between October 4, 2019 and January 20, 2021.

27. Grinan scheduled and completed five delivery blocks between February 5, 2020 and February 28, 2020.

28. Kimmey scheduled but did not attend a delivery block for May 31, 2020.

29. Halo scheduled and completed over 290 delivery blocks between October 4, 2019 and January 29, 2021.

30. Amazon Flex delivery partners can make deliveries through various programs, including the "GSF" or "Global Specialty Fulfillment" umbrella of programs, which involve delivering items that are stocked and/or prepared locally.

31. During the time relevant to Plaintiffs' claims in this litigation (2016 to approximately August 2019, *see* FAC ¶¶ 34, 45-51), the GSF umbrella of programs included:

- Amazon Fresh (groceries sold by Amazon).
- Store orders (e.g., groceries picked up at Whole Foods Markets).
- Prime Now (locally stocked items with a 1 or 2-hour turnaround).
- Amazon Restaurants (items from restaurants, now discontinued).

DECLARATION OF A. HAWRYSZ - 5
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

32. During the same period, only deliveries under the GSF umbrella were eligible for tips from the customer who placed the order.

33. Separate from GSF delivery blocks, a delivery partner can schedule delivery blocks to make "AMZL" deliveries of items warehoused in our fulfillment centers.

34. During the time relevant to Plaintiffs' claims, AMZL delivery blocks were not eligible for tips from the customer who placed the order.

35. If an Amazon Flex delivery partner schedules a GSF delivery block, the delivery partner will not perform AMZL deliveries during that delivery block.

36. Delivery partners are under no obligation to make deliveries for both AMZL and GSF, and some delivery partners have scheduled GSF delivery blocks exclusively.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on _5/17/2021_____, in Seattle, Washington.

_/s/ Alexa Hawrysz_____
DocuSigned by:
D202726097B54A1...

ALEXA HAWRYSZ

DECLARATION OF A. HAWRYSZ - 6
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701