The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER MILLER, EMAD AL-KAHLOUT, HAMADY BOCOUM, CHRISTOPHER CAIN, GARY GLEESE, JOSE GRINAN, KIMBERLY HALO, CLARENCE HARDEN, KELLY KIMMEY, JUMA LAWSON, STEVEN MORIHARA, SHARON PASCHAL, and PHILIP SULLIVAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,<br><br>Defendants. | No. 2:21-cv-00204-BJR<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>ORAL ARGUMENT REQUESTED |

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND REQUESTED RELIEF ............................................................. 1

II. BACKGROUND ............................................................................................................. 1

III. ARGUMENT ................................................................................................................... 2

    A. Legal Standard for Motion to Dismiss Under Rule 12(b)(6). ............................... 2

    B. Plaintiffs' WCPA Claim Fails. .............................................................................. 3

        1. Choice-of-Law analysis dictates dismissal of Plaintiffs' WCPA claim. ........................................................................................................ 3

        2. Plaintiffs' claims for damages are moot; there is no Article III standing. ................................................................................................... 4

        3. Plaintiffs' WCPA allegations do not satisfy Rule 9(b). ............................. 5

    C. Plaintiffs' Other State Law Claims Fail. ............................................................... 7

        1. Plaintiffs are not consumers protected by states' consumer protection laws. ......................................................................................... 8

            a. Plaintiffs are not consumers. ......................................................... 8

            b. Plaintiffs did not engage in consumer transactions. ..................... 10

        2. Plaintiffs fail to plead additional elements of several states' laws. ......... 12

            a. Plaintiffs' Arizona CFA claim fails because Plaintiffs do not allege that they relied on Amazon's statements. .................... 12

            b. Plaintiffs' California UCL claim fails because they do not allege that they lack an adequate legal remedy. ............................ 12

            c. Plaintiffs' Illinois CFDBPA claim fails because Plaintiffs cannot show actual pecuniary loss. ............................................... 13

            d. Plaintiffs' Massachusetts Tips Act claim fails because Plaintiffs are not service employees. ........................................... 14

            e. Plaintiffs' Ohio CSPA claim fails because Plaintiffs have not alleged prior notice and treble damages are not available. ...................................................................................... 14

        3. Plaintiffs' claims are limited by several state laws' limitation periods. ..................................................................................................... 15

IV. CONCLUSION .............................................................................................................. 15

## I.    INTRODUCTION AND REQUESTED RELIEF

The Court should dismiss Plaintiffs' Second Amended Complaint ("SAC"). Plaintiffs are current and former Amazon Flex Delivery Partners, vendors who provided delivery services to customers ordering items from Amazon.[1] Piggybacking on a settlement Amazon reached with the Federal Trade Commission ("FTC"), they allege that Amazon withheld tips from Delivery Partners. According to Plaintiffs, who have lived and worked in 12 different states, they all can bring claims under the Washington Consumer Protection Act ("WCPA") for all Delivery Partners *nationwide* – even if they never delivered a package for Amazon in Washington. Recognizing the problems with that approach, Plaintiffs advance alternative claims under the laws of their respective home states.

Plaintiffs' WCPA claim impermissibly conflicts with the state claims of their home states, is not pled with the particularity required by Fed. R. Civ. P. 9(b), and is otherwise moot in light of the FTC settlement through which Amazon agreed to pay to putative class members the full amount of tips they seek here. The Court should dismiss Plaintiffs' alternative state law claims because they generally apply only to consumers, which is not the nature of the vendor-customer relationship between Plaintiffs and Amazon; the claims also are not pled with the particularity required by Rule 9(b); Plaintiffs have failed to plead plausible claims under the statutes; and certain of the claims are limited by the laws' statutes of limitations. The parties met and conferred but could not resolve their disagreements.

## II.    BACKGROUND

On February 2, 2021, the FTC announced a settlement in which Amazon agreed to pay $61.7 million to Delivery Partners for allegedly having withheld tips.[2] Roughly two weeks later, on February 17, 2021, Plaintiff Miller filed this case, advancing claims under the WCPA, chapter

---

[1] Amazon moves to dismiss at this time based on the Court's January 7, 2021 Order setting the deadline for Amazon's responsive pleading (Dkt. 54) and given that Amazon's Motion to Stay (Dkt. 50) remains pending, but Amazon reserves all rights as to the arbitration obligations of Plaintiffs.

[2] *See generally* www.ftc.gov/news-events/press-releases/2021/02/amazon-pay-617-million-settle-ftc-charges-it-withheld-some. The Court can take judicial notice of the FTC's announcement of the settlement and below-mentioned payments (*see infra* at Section III(B)(2)) for a Rule 12(b)(6) motion. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

19.86 RCW, for unpaid tips. Plaintiffs have amended the Complaint twice, adding more named Plaintiffs and state law claims in case the WCPA does not apply in other states. Dkt. 14, Dkt. 35.

Plaintiffs, who delivered products using their personal vehicles, obtained delivery blocks through an on-line app called Amazon Flex, which allows customers to tip for some, but not all, transactions. SAC ¶¶ 24-25. Plaintiffs allege that "Amazon has consistently represented to both customers and drivers that all tips paid by customers are paid in full to the drivers." SAC ¶ 27. Plaintiffs provide no detail other than to cite Amazon's statements on an "ordering interface" and the "Amazon Flex app" that Delivery Partners would receive 100% of the tips for tip-eligible transactions. SAC ¶¶ 28-29, 31-32. Plaintiffs allege these representations were false and that Amazon, from sometime in 2016 to August 2019, did not pay them all tips. SAC ¶¶ 33-34. Plaintiffs charge Amazon with deceptive and unfair business practices under the WCPA, which they allege applies nationwide. SAC ¶¶ 64-80. Alternatively, Plaintiffs seek to pursue state-wide class claims under the laws of the states in which Plaintiffs have delivered. SAC ¶¶ 2, 81-158.

On December 9, 2021, the Court denied Amazon's motion to compel arbitration. *See* Dkt. 47. Amazon filed an as-of-right appeal of the Court's Order (Dkt. 49; 9 U.S.C. § 16(a)(1)(A)-(B)) and, on December 22, 2021, filed a motion to stay these proceedings pending its appeal. Dkt. 50. As explained in Amazon's Motion to Stay and reply (Dkt. 50, Dkt. 57), the Court's Order presents serious legal questions worthy of Ninth Circuit review, including the scope of the transportation worker exemption – an issue that is before the Supreme Court. *See Sw. Airlines Co. v. Saxon*, 142 S. Ct. 638 (2021). Amazon's Motion to Stay is currently pending.

### III.  ARGUMENT

#### A.  Legal Standard for Motion to Dismiss Under Rule 12(b)(6).

To survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[,]" must be alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences. Sec. Litig.* 536 F.3d 1049, 1055 (9th Cir. 2008).

### B. Plaintiffs' WCPA Claim Fails.

#### 1. Choice-of-Law analysis dictates dismissal of Plaintiffs' WCPA claim.

Plaintiffs' first and primary claim alleges a violation of the WCPA on behalf of a nationwide class. But courts, including this one, routinely dismiss such claims where, as here, a choice-of-law analysis shows that other states' laws should apply to out-of-state plaintiffs. *See, e.g.*, *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140 (W.D. Wash. 2017)*;* *Weske v. Samsung Elecs. Am., Inc.*, No. 10-4811, 2012 WL 833003 (D.N.J. Mar. 12, 2012); *Pa. Emp., Benefit Tr. Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458 (D. Del. 2010).

In a choice-of-law analysis, courts are to first consider whether "an actual conflict exists between Washington and other applicable state law." *Veridian*, 295 F. Supp. 3d at 1149. "An actual conflict exists between the laws or interests of Washington and the laws or interests of another state when the states' laws could produce different outcomes on the same legal issue." *Id.* at 1150. "If an actual conflict exists, Washington requires application of the law of the forum that has the most significant relationship to the action." *Id.* at 1152.

Many aspects of the various state laws pled here directly conflict with the WCPA, including, for example (as explained *infra* in Section III(C)(2)), the requirement that there be no adequate legal remedy in California, the prior notice requirement in Ohio, several of the statutes' requirement that plaintiffs be consumers, some of the statutes' lack of a heightened pleading standard, and varying limitations periods. These differences directly conflict with the WCPA.

Further, each Plaintiff's home state has the closest relationship to his or her claims. In *Coe v. Phillips Oral Healthcare, Inc.*, this Court held that although Washington may have a relationship to alleged deceptive trade practices by a Washington corporation, the most significant contacts are where the "alleged misrepresentation to consumers and the consumers' pecuniary injuries" occurred. No. C13-518, 2014 WL 5162912, at *3 (W.D. Wash. Oct. 10, 2014). Plaintiffs have not

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

alleged any relevant action or harm in Washington. Rather, even if they could establish harm, all alleged conduct and harm would have occurred in Plaintiffs' own states. Therefore, Plaintiffs' "home states have the most significant relationship to their causes of action," *id.* at *4, and the Court should dismiss the WCPA claims on behalf of Plaintiffs who worked outside Washington (Miller, Bocoum, Cain, Gleese, Grinan, Halo, Harden, Kimmey, Lawson, Morihara, Paschal, and Sullivan). *Weske*, 2012 WL 833003; *Pa. Emp. Benefit Tr. Fund*, 710 F. Supp. 2d 458.

### 2.  Plaintiffs' claims for damages are moot; there is no Article III standing.

Claims are moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *Powell v. McCormack*, 395 U.S. 486, 496 (1969), or when "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979). The FTC press release states that "[t]he $61.7 million represents the ***full amount that Amazon allegedly withheld*** from drivers and will be used by the FTC to compensate drivers." www.ftc.gov/enforcement/cases-proceedings/1923123/amazon-flex (emphasis added). These payments were distributed to drivers. www.ftc.gov/news-events/press-releases/2021/11/ftc-returns-nearly-60-million-drivers-whose-tips-were-illegally. Those payments of all of the tips Amazon allegedly withheld moot Plaintiffs' claims. *GCB Commc'ns, Inc., v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1267 (9th Cir. 2011) (citing cases "where a matter has become moot because an opposing party has agreed to everything the other party has demanded").[3] Plaintiffs likely will respond that they have demanded treble damages under the WCPA, which provides that "the court may, in its discretion," treble the "actual damages." RCW 19.86.090; *Smith v. Behr Process Corp.*, 54 P.3d 665, 686 (Wash. Ct. App. 2002). However, actual damages are a predicate to recovery. *Girard v. Myers*, 694 P.2d 678, 685-86 (Wash. Ct. App. 1985) ("The Consumer Protection Act . . . does not provide a remedy for a person who fails to prove actual damages."). Thus, a WCPA cause of action is moot when actual damages

---

[3] Courts in other circuits agree. *See, e.g.*, *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (providing full relief to a plaintiff (or class) "eliminates a legal dispute upon which federal jurisdiction can be based"); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000).

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 4

were paid. *Vancouver Radiologists, P.C. v. Vancouver Clinic, Inc., P.S.*, No. 27577-0-II, 2009 WL 1060055, at *3 (Wash. Ct. App. Apr. 21, 2009) (holding that "an award of treble damages is based only on actual damages," and because plaintiff's WCPA damages were satisfied by the defendant's payment, "there [were] no remaining CPA damages to treble"). Plaintiffs' claim for treble damages fails as a matter of law, as Plaintiffs have no claim for actual damages.

Similarly, because they were fully compensated by the FTC, Plaintiffs and all putative class members have suffered no harm and, therefore, have no standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (every class member must maintain standing "at all stages of litigation," as "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not"); *Harvey Centene Mgmt. Co. LLC*, No. 18-0012, 2020 WL 2411510, at *6 (E.D. Wash. May 12, 2020) ("That the proposed class would inevitably contain many members who never suffered the alleged primary injury is itself fatal to Plaintiff's motion.").

### 3.  Plaintiffs' WCPA allegations do not satisfy Rule 9(b).

"[W]CPA claims that allege and depend upon a 'unified course of fraudulent conduct' as the basis of the claims 'sound in fraud,' and must be averred with particularity" under Fed. R. Civ. P. 9(b).[4] *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1058 (W.D. Wash. 2020) (Rothstein, J.); *see also Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1265 (W.D. Wash. 2009) ("Rule 9(b) may apply to CPA claims containing 'allegations of either an intent to deceive or an overarching fraudulent scheme.'").

Artful pleading to avoid the word "fraud" does not escape Rule 9(b). *See Vernon*, 643 F. Supp. 2d at 1264. The SAC carefully avoids the term "fraud" in reference to the WCPA but alleges

---

[4] Claims sounding in fraud must "state with particularity the circumstances constituting fraud[.]" *See Capitol W. Appraisals, LLC v. Countrywide Fin. Corp.*, 759 F. Supp. 2d 1267, 1271 (W.D. Wash. 2010); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86 (5th Cir. 2009) ("Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery[.]"). "[A]verments of fraud 'must be accompanied by the who, what, when, where, and how' of the misconduct[.]'" *Capitol W.*, 759 F. Supp. 2d at 1271 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6)." *Vess*, 317 F.3d at 1107.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

that Amazon engaged in a unified course of fraudulent conduct.[5] And, notably, when amending to add their alternative state claims – predicated on the same facts – Plaintiffs repeatedly characterize Amazon's conduct as "fraudulent" and "fraud." SAC ¶¶ 2, 112, 120, 122, 135, 136, 141, 146, 151.

To state a claim for fraud under Rule 9(b)'s heightened standard, "a party must state with particularity the circumstances constituting fraud[,]" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)), including all relevant details surrounding the alleged fraud. *Vess*, 317 F.3d at 1106. "[M]ere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiffs have failed in their WCPA claims (Counts I and II) to allege "with particularity the circumstances constituting fraud[.]" *Capitol W.*, 759 F. Supp. 2d at 1271. Plaintiffs do not identify a single misrepresentation by Amazon regarding tips, much less with the specificity that Rule 9(b) requires. Plaintiffs allege only that Amazon "consistently represented" to customers and Delivery Partners that it would pay 100% of tips. SAC ¶ 27. Plaintiffs state that the "Amazon Flex app" and an earlier version of "this communication" informed Delivery Partners of that policy, and the "Amazon ordering interface" informed the customers. *Id.* ¶¶ 28-29, 32. Plaintiffs provide no more detail, including which drivers or customers saw and relied on such statements.[6] And Plaintiffs fail to explain with any particularity what was fraudulent about such statements. Plaintiffs allege only in conclusory fashion that they did not always receive all of their tips. *Id.* ¶¶ 33-34. If that actually were true, Plaintiffs do not explain why that would be anything more than a breach of contract – a claim that they do not assert. Nor do they explain how compensation was calculated or underpaid or point to any example of tips that were not paid. That should have been easy to describe with specificity given their access to their own payment records. To pass Rule 9(b) muster, Plaintiffs must do more. *See Capitol W.*, 59 F. Supp. 2d at 1273 ("Like the First

---

[5] *See* SAC ¶ 27 ("Amazon has consistently represented to both customers and drivers that all tips paid by customers are paid in full to the drivers."); *id*. ¶ 35 ("Amazon's statements to drivers and to customers concerning the drivers' tips constituted unfair and deceptive acts and practices."); *id*. ¶¶ 75-76 (alleging Amazon engaged in "systematic practices" in representing to Plaintiffs and the putative class that they would receive 100% of their tips).
[6] Notably, Plaintiffs do not even allege that they viewed the statements on the customer interface or that such statements were made to them as drivers.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

Amended Complaint, the SAC simply states that the Defendants' conduct is fraudulent without explaining how or why."). Thus, the Court should dismiss the WCPA claims. *See Brodie v. Nw. Tr. Servs.*, No. 12-0469, 2012 U.S. Dist. LEXIS 139451, at *15-17 (E.D. Wash. Sept. 27, 2012) (dismissed WCPA claim for failure to satisfy Rule 9); *QuinStreet, Inc. v. Ferguson*, Case No. 08-5525, 2009 U.S. Dist. LEXIS 8285, at *11-14 (W.D. Wash. Jan. 23, 2009) (same).[7]

### C. Plaintiffs' Other State Law Claims Fail.

Plaintiffs alternatively allege violations of ten other states' laws in an attempt to throw everything at the wall and see what sticks: the Arizona Consumer Fraud Act ("CFA"), the California Unfair Competition Law ("UCL"), the Florida Deceptive and Unfair Trade Practices Act ("DUTPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFDBA"), the Missouri Merchandising Practices Act ("MPA"), New York General Business Law § 349, the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), the Ohio Consumer Sales Practices Act ("CSPA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the Virginia Consumer Protection Act ("CPA"), and the Massachusetts Tips Act. The claims fail for many reasons. *First*, Plaintiffs' claims turn most states' consumer protection statutes on their heads because Plaintiffs simply are not the "consumers" that such laws are intended to protect. Plaintiffs try unsuccessfully to force a square peg into a round hole by bringing their claims under laws intended to protect consumers who purchase goods from businesses, despite Plaintiffs' status as vendors engaged in providing services to such consumers. *Second*, even if Plaintiffs qualified as consumers under the statutes, Plaintiffs' claims under several state laws

---

[7] Claims brought pursuant to several of the state laws must satisfy Rule 9(b) as well – a standard Plaintiffs have not met. *See Kee v. Zimmer, Inc.*, 871 F. Supp. 2d 405, 412 (E.D. Pa. 2012) (dismissing UTPCPL claim for failure to satisfy Rule 9(b)); *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 985 (N.D. Cal. 2014) (same for UCL claim); *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 793 (N.D. Ill. 2010) (stating "[c]laims based on deceptive practices under the [CFA] sound in fraud and so . . . must be pled with particularity"); *Baryo v. Phillip Morris USA, Inc.*, 435 F. Supp. 2d 961, 968 (W.D. Mo. 2006) (finding "fraudulent conduct of some sort is an element of Plaintiffs' MMPA claims and must be pleaded with particularity"); *Nahigian v. Juno Loudon, LLC*, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010) (holding that "[a]s a claim sounding in fraud, Rule 9(b)'s particularity requirements apply" to the plaintiff's CPA claim); *In re Az. Theranos, Inc. Litig.*, 256 F. Supp. 3d 1009, 1024, 1026 (D. Ariz. 2017) (finding when a CFA claim sounds in fraud, plaintiffs must satisfy the Rule 9(b) standard, including, at a minimum, "the role of each defendant in the alleged fraudulent scheme" and "factual allegations as to when each plaintiff viewed defendants' advertising"). The Court should dismiss Plaintiffs' UTPCPL, UCL, CFA, MPA, CPA, and CFA claims (Counts VII-VIII, X-XIII).

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

fail for independent reasons. As noted at n.7, the SAC fails to satisfy Rule 9(b), which applies to several of these statutes. Further, Plaintiffs fail to plead other requisite elements of their claims under Arizona, California, Illinois, Massachusetts, and Ohio law. And, *third*, for the same reasons as discussed above with respect to the WCPA, the FTC has mooted any claims and has deprived Plaintiffs of standing to pursue their claims.[8] *Fourth* and finally, even if Plaintiffs' claims are viable, which is denied, several are limited by the laws' statutes of limitation ("SOL").

### 1. Plaintiffs are not consumers protected by states' consumer protection laws.

#### a. Plaintiffs are not consumers.

Plaintiffs' claims under Florida, Illinois, Missouri, New York, North Carolina, Ohio, Pennsylvania, and Virginia law all fail because Plaintiffs are simply not consumers (with regard to their relationship with Amazon) and did not engage in any consumer transactions with Amazon related to their claims. Several states consumer protection laws identified in the SAC require the plaintiff to be a consumer. Specifically, to state a cause of action under the North Carolina UDTPA, N.C. Gen. Stat. § 75-1.1(a), a plaintiff must show: "(1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 507 S.E.2d 56, 63 (N.C. Ct. App. 1998). Plaintiffs also must be "acting as a consumer" in the transaction. *See In re Brokers, Inc.*, 396 B.R. 146, 163 (Bankr. M.D.N.C. 2008). Claims between employers and employees, and companies and independent contractors (like Plaintiffs), do not involve claims by plaintiffs "acting as consumers." *See Stack v. Abbott Lab'ys., Inc.*, 979 F. Supp. 2d 658, 668 (M.D.N.C. 2013); *Johnson v. First Union Corp.*, 496 S.E.2d 1, 6 (N.C. Ct. App. 1998) (noting "employer-employee relationships do not fall within the intended scope of [the law]"); *Buie v. Daniel Int'l*, 56 N.C. App. 445, 448 (1982) (holding that employment actions "fall within the purview of other statutes").

Similarly, to state a Florida DUTPA claim, Plaintiffs must show: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *State Farm Mut. Auto. Ins. Co. v. Health &*

---

[8] For the sake of brevity, Amazon incorporates by reference herein its mootness and standing arguments in Section III(B)(2) as those points apply equally to other state laws.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

*Wellness Servs., Inc.*, 389 F. Supp. 3d 1137, 1149 (S.D. Fla. 2018). Actual damages require *consumers* to have suffered an injury. *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 169 (Fla. Dist. Ct. App. 2015); *CEMEX Constr. Materials Fla., LLC v. Armstrong World Indus., Inc.*, No. 16-0186, 2018 WL 905752, at *15-16 (M.D. Fla. Feb. 15, 2018) (holding that the plaintiff "must allege consumer injury for its []DUTPA claim to survive dismissal"). And while the Pennsylvania UTPCPL prohibits a variety of "unfair methods of competition" or "unfair or deceptive acts or practices," 73 Pa. Stat. § 201-3(a), claims are limited to "any person who purchases or leases goods or services primarily for personal, family or household purposes" and suffers a loss of money. *Id*. § 201-9.2(a); *see Duffy v. Lawyers Title Ins. Co.*, 972 F. Supp. 2d 683, 689 (E.D. Pa. 2013); *Schwarzwaelder v. Fox*, 895 A.2d 614, 619 (Pa. 2006).

Likewise, to have standing under the Illinois CFDBPA, "a plaintiff must either be a consumer or satisfy the 'Consumer Nexus Test,'" which requires a plaintiff to allege 'conduct [that] involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns.'" *Breeze v. Bayco Prods. Inc.*, 475 F. Supp. 3d 899, 907 (S.D. Ill. 2020). A consumer is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). Alternatively, to satisfy the consumer nexus test, Plaintiffs must show "(1) that their actions were akin to a consumer's actions to establish a link between them and consumers; (2) how defendant's representations . . . concerned consumers other than [plaintiff]; (3) how defendant's particular [activity] involved consumer protection concerns; and (4) how the requested relief would serve the interests of consumers." *Breeze*, 475 F. Supp. 3d at 906-07 ("[M]erely noting that products traded between two commercial partners will ultimately be sold to end consumers is insufficient to establish a consumer nexus, as '[a]lmost every product sold by one commercial party to another will ultimately be sold to or otherwise effect a consumer' and to permit a claim on this basis would allow the ICFA to apply to 'nearly all commercial transactions[,]' contravening the intent of the legislature.'").

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

Finally, the Missouri MPA prohibits misrepresentations "in connection with the sale or advertisement of any merchandise in trade or commerce[.]" Mo. Stat. § 407.020.1. A plaintiff must plead that "(1) he purchased merchandise; (2) he purchased the merchandise for personal, family, or household use; (3) he suffered an ascertainable loss; and (4) the ascertainable loss was caused by a violation of the [MPA]." *Anderson v. Bass Pro Outdoor World, LLC*, 355 F. Supp. 3d 830, 835-36 (W.D. Mo. 2018) (requiring "a sufficient connection between their transactions and the alleged []MPA violation"); *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1057 (E.D. Mo. 2009) (plaintiff must be one "who purchases or leases merchandise" and who "suffers an ascertainable loss of money or property" as the result of an unlawful practice"); *Dutch Jackson IATG, LLC v. Basketball Mktg. Co.*, 846 F. Supp. 2d 1044, 1051 (E.D. Mo. 2012) (dismissing MPA claim where plaintiffs were "neither within the class of persons the []MPA was enacted to protect (consumers) nor d[id] they allege an injury that the []MPA was intended to address").

Plaintiffs' claims under North Carolina, Florida, Pennsylvania, Illinois, and Missouri law do not meet the standards for each set forth above because Plaintiffs are not consumers (and do not allege otherwise). They did not purchase any items from Amazon or suffer any protected loss, as any purchases Plaintiffs made from Amazon independent from their deliveries are not related to any alleged withholding of tips.[9]

### b. Plaintiffs did not engage in consumer transactions.

Similarly requiring a claim to be premised on a consumer relationship, other states' consumer protection laws require plaintiffs to prove the existence of a consumer transaction. For example, the Ohio CSPA prohibits deceptive acts "in connection with a consumer transaction" which is a transaction involving "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." Ohio Code

---

[9] Plaintiffs also cannot satisfy Illinois' alternative consumer nexus test because (1) their actions (contracting as vendors for Amazon) are not akin to the customers' actions of purchasing products delivered by Plaintiffs, and (2) the damages Plaintiffs seek would not serve the interests of the consumers. Plaintiffs have not alleged how Amazon's alleged misrepresentations involved trade practices addressed to the market generally or involved consumer protection concerns.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 10

§§ 1345.02, 1345.01(A), 1345.03. And the Virginia CPA prohibits fraud "in connection with a consumer transaction." Va. Stat. § 59.1-200. "Consumer transaction" means, in relevant part, "[t]he advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes." *Id.* As such, Plaintiffs "must allege: (1) fraud, (2) by a supplier, (3) in a consumer transaction." *Enomotov Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 456 (E.D. Va. 2009); *see Trans-Radial Sols. LLC v. Burlington Med. LLC*, No. 18-0656, 2019 WL 3557879, at *9 (E.D. Va. Aug. 5, 2019) (holding "the only relevant transactions alleged in the complaint are between merchants and therefore are not 'consumer transactions' as defined in the statute").

Likewise, New York General Business Law § 349 addresses claims that "involve[] an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." *Vitolo v. Mentor H/S, Inc.*, 426 F. Supp. 2d 28, 33 (E.D.N.Y. 2006); *see also Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 204 (E.D.N.Y. 2010). To state a claim, Plaintiffs must show that (1) the challenged act or practice was consumer-oriented; (2) it was misleading in a material way; and (3) they suffered an injury. *Vitolo*, 426 F. Supp. 2d at 33 (dismissing claim where plaintiffs were not consumers). *International Design Concepts LLC v. Saks Inc.*, 486 F. Supp. 2d 229, 239 (S.D.N.Y. 2007), is illustrative. Saks imposed chargebacks and markdowns such that an apparel distributor did not receive the full amounts it believed it was owed. *Id.* The court found that Saks' conduct may ultimately have an impact on the consuming public, but the alleged wrongful conduct ("the taking of unwarranted allowances and imposition of illegitimate chargebacks") was directed at the distributor, not the public. *Id.*

The transactions at issue here are Amazon's alleged failures to pay Delivery Partners certain tips on deliveries. Such transactions are commercial in nature and not for "primarily personal, family, or household" purposes. Ohio Code § 1345.01(A); Va. Stat. § 59.1-200. And while Plaintiffs assert that consumers were affected indirectly because they believed their tips were going to the Delivery Partners (SAC ¶ 84), the gravamen of the SAC is that Plaintiffs were harmed

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 main · (206) 757-7700 fax

by not receiving all tips and the challenged act was, therefore, not "consumer-oriented". Plaintiffs' claims under Florida, Illinois, Missouri, New York, North Carolina, Ohio, Pennsylvania, and Virginia law all fail because the statutes at issue were not designed to address the claimed commercial harm alleged in the SAC.

### 2. Plaintiffs fail to plead additional elements of several states' laws.

Even if Plaintiffs were consumers protected by each state's laws, which Amazon denies, several of their state law claims would fail because they failed to plead additional requisite elements.

#### a. Plaintiffs' Arizona CFA claim fails because Plaintiffs do not allege that they relied on Amazon's statements.

The CFA prohibits misrepresentations of material facts made "with intent that others rely on such concealment, suppression or omission," in connection with the "sale or advertisement of any merchandise[.]" Ariz. Rev. Stat. § 44-1522(A). The "clear intent" of the statute "is to protect unwary buyers from unscrupulous sellers." *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992). A plaintiff must establish that (1) the defendant made a misrepresentation in violation of the Act, and (2) the defendant's conduct proximately caused the plaintiff to suffer damages. *Cheatham v. ADT Corporation*, 161 F. Supp. 3d 815, 825 (D. Ariz. 2016). "[B]efore a private party may exert a claim under the []CFA, he/she 'must have been damaged by the prohibited practice. A prerequisite to such damages is **reliance on the unlawful acts**.'" *Flagstaff Med. Ctr., Inc. v. Sullivan*, 773 F. Supp. 1325, 1362 (D. Ariz. 1991) (emphasis added), *rev'd in part by* 962 F.2d 879 (9th Cir. 1992) (quoting *Peery v. Hansen*, 585 P.2d 574, 577 (Ariz. Ct. App. 1978)). The SAC alleges only that Amazon *intended* that they rely on the allegedly deceptive statements. *See* SAC ¶ 136. However, they include no allegations about whether and, if so, how Plaintiffs relied on such statements. The CFA claim thus fails.

#### b. Plaintiffs' California UCL claim fails because they do not allege that they lack an adequate legal remedy.

The UCL provides only equitable remedies. *Nationwide Biweekly Admin., Inc. v. Super. Ct.*, 462 P.3d 461, 464 (Cal. 2020) (concluding that the "causes of action established by the UCL"

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

are "equitable in nature"); *Clark v. Super. Ct.*, 235 P.3d 171, 174 (Cal. 2010) (under the UCL, a private plaintiff's "remedies are generally limited to injunctive relief and restitution"). When a state law claim for equitable relief is before a federal court, "the necessary prerequisite for a court to award equitable remedies is the absence of an adequate remedy at law." *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020). Therefore, plaintiffs cannot pursue UCL claims unless they adequately plead the absence of an adequate legal remedy. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020) (affirming dismissal of UCL claim where the plaintiff "fail[ed] to demonstrate that she lacks an adequate legal remedy"). Plaintiffs have not done so here. In fact, they repeatedly allege a right to actual damages, equal to the tips allegedly withheld from drivers. *See* SAC ¶¶ 3, 80, 89, 93, 100, 108, 117, 123, 131, 142, 147, 153, 158, "Prayer for Relief." Their UCL claim thus must be dismissed. *See, e.g.*, *Banks v. R.C. Bigelow, Inc., No. 20-cv-6208 DDP*, 2021 WL 1734779, at *6 (C.D. Cal. May 3, 2021) (dismissing UCL and unjust enrichment claims without leave to amend where plaintiffs "failed to plausibly allege that a legal remedy . . . would be inadequate"); *Williams v. Apple, Inc.*, No. 19-cv-04700-LHK, 2020 WL 6743911, at *9-11 (N.D. Cal. Nov. 17, 2020) (dismissing UCL claim, in part because "Plaintiffs . . . fail[ed] to demonstrate that they lack[ed] an adequate legal remedy"); *In re Macbook Keyboard Litig.*, 2020 WL 6047253, at *4 (Oct. 13, 2020) ("This Court agrees with our fellow courts that under *Sonner*, Plaintiffs are required to allege that they lack an adequate remedy at law in order to seek injunctive relief."); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. 20-cv-00769-CJC, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (dismissing UCL claim where there was "nothing in the SAC to suggest that monetary damages would not make Plaintiff or the putative class whole").

        **c.**    **Plaintiffs' Illinois CFDBPA claim fails because Plaintiffs cannot show actual pecuniary loss.**

Under the CFDBPA, Plaintiffs must allege "actual damage." ILCS 505/10a(a). "The actual damage element of a private [CFDBPA] action requires that the plaintiff suffer 'actual pecuniary loss.'" *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010); *Cooney v. Chicago Pub. Sch.*, 943 N.E.2d 23, 31 (Ill. App. Ct. 2010) ("actual damages must arise from purely economic injuries").

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

Plaintiffs cannot allege actual damages given that they were made whole by the FTC settlement, as discussed above. *See Clark v. Experian Info. Sols., Inc.*, No. 03-7882, 2006 WL 2224049, at *3 (N.D. Ill. Aug. 2, 2006) (granting summary judgment because plaintiff either received or had available a full refund); *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 527 (N.D. Ill. 2011) ("Michaels is correct that Plaintiffs suffered no actual injury under the [CFDBPA] if Plaintiffs were reimbursed for all unauthorized withdrawals and bank fees and, thus, suffered no out-of-pocket losses."). The CFDBPA claim fails.

### d. Plaintiffs' Massachusetts Tips Act claim fails because Plaintiffs are not service employees.

The Tips Act provides that "[a]ny service charge or tip remitted by a patron or person to an employer shall be paid to the wait staff employee, service employee, or service bartender by the end of the same business day. . . ." M.G.L. c. 149, § 152A(e). A "wait staff employee" must work "in a quick service restaurant," while a "service employee" is "a person who works in an occupation in which employees customarily receive tips or gratuities." *Id.* § 152A(a). Plaintiffs clearly are not service bartenders or wait staff employees, and they plead no facts to support they are individuals who "customarily receive tips or gratuities." *Id*. Therefore, the Tips Act claim should be dismissed.

### e. Plaintiffs' Ohio CSPA claim fails because Plaintiffs have not alleged prior notice and treble damages are not available.

To bring a class action under the CSPA, a representative plaintiff "must prove two elements [in addition to the consumer transaction element]: notice and injury." *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 680 (6th Cir. 2017) (citing Ohio Code § 1345.09(B)). To prove notice, a plaintiff must show "either that the Ohio Attorney General had already 'declared [the seller's practice] to be deceptive or unconscionable' or that an Ohio court had already 'determined [the practice] . . . violate[s] [the OCSPA]' before the seller engaged in it." *Id.* (quoting Ohio Code § 1345.09(B)). To prove injury, a plaintiff must "'allege and prove' that he suffered 'actual damages' proximately caused by the defendant's deceptive practice." *Id.* (quoting *Felix v. Ganley Chevrolet, Inc.*, 49 N.E.3d 1224, 1231 (Ohio 2015)). The term "actual damages" is "synonymous with

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax

compensatory damages," and to prove actual damages a plaintiff "must have suffered an injury or loss." *Id.* at 680-81 (quoting *Mouse v. Cent. Sav. & Trust Co.*, 120 Ohio St. 599, 610 (Ohio 2017)). Plaintiffs have not alleged in the SAC that they can satisfy the CSPA's prior notice provision. And, as explained *supra*, the FTC settlement moots their claim for actual damages. Their CSPA claim must be dismissed. *See id.* at 680-81 (affirming dismissal of CSPA claim where plaintiff "failed even to mention the notice rule" and did not suffer any injury).[10]

### 3. Plaintiffs' claims are limited by several state laws' limitation periods.

Plaintiffs' claims are time barred by many states' laws because they concede that any such conduct ceased as of August 2019 and they did not file the SAC until March 2021. SAC ¶¶ 33-34; Dkt. 14. Plaintiffs purport to represent Amazon Flex Delivery Partners "at any point between September 2016 and August 2019." SAC ¶¶ 45-57.[11] Some of the Delivery Partners' claims are barred or limited by the state laws' SOLs. *See* Ariz. Rev. Stat. § 12-541(5) (one-year SOL); Ohio Code § 1345.10(C) (two-year SOL); Va. Stat. § 59.1-204.1 (two-year SOL); New York General Business Law § 349 (three-year SOL). If the Court otherwise permits them to proceed, the Court should dismiss the Arizona CFA claim based on its one-year SOL and limit Plaintiffs' Ohio and Virginia claims to February 17, 2019 to February 17, 2021 (when the Complaint was filed), and the New York claim to February 17, 2018 to February 17, 2021.

### IV. CONCLUSION

For all these reasons, the Court should dismiss the SAC for failure to state a claim.

---

[10] Moreover, treble damages are unavailable in class actions under the CSPA. Ohio Code § 1345.09(B); *see also Felix*, 49 N.E.3d at 1230-31. Thus, even if Plaintiffs could cure the notice defect and prove damages, their claim for treble damages must be dismissed.

[11] Plaintiffs assert that the period for their alternative classes located in Florida and Arizona is February 2017 and August 2019. SAC ¶¶ 49, 51.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 15

Dated: February 16, 2022

Respectfully Submitted,

By: s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
Sheehan Sullivan, WSBA #33189
DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
kennethpayson@dwt.com
sheehansullivan@dwt.com

By: s/ *Michael J. Puma*
Michael J. Puma (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
michael.puma@morganlewis.com

Richard G. Rosenblatt (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 916-6600
Facsimile: (609) 916-6601
richard.rosenblatt@morganlewis.com

Michael E. Kenneally (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
michael.kenneally@morganlewis.com

Mary Grace Parsons (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
marygrace.parsons@morganlewis.com

*Attorneys for Defendants Amazon.com, Inc., and Amazon Logistics, Inc.*

MOTION TO DISMISS SECOND AMENDED COMPLAINT
(2:21-cv-01571-BJR) - 16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150 main · (206) 757-7700 fax