The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER MILLER, et al.,

    Plaintiffs,

v.

AMAZON.COM, INC., et al.,

    Defendants.

Civil Action No. 2:21-cv-00204-BJR

ORDER GRANTING MOTION TO STAY PENDING APPEAL

## I. INTRODUCTION

Thirteen Plaintiffs who served as delivery drivers for Defendants Amazon.com and Amazon Logistics (together, "Defendants") filed this lawsuit claiming that Defendants unlawfully withheld portions of their drivers' tips, in violation of the Washington Consumer Protection Act. Dkt. 35. Currently before the Court is Defendants' motion to stay this action while Defendants appeal this Court's denial of their motion to compel arbitration. Dkt. 50. Having reviewed the motion, the record of the case, and the relevant legal authorities, the Court will grant the motion to stay. The reasoning for the Court's decision follows.

## II.  BACKGROUND

For varying periods between 2015 and 2021, Plaintiffs worked as delivery drivers through Defendants' "Amazon Flex" program. Dkt. 35 ¶ 2. Each Plaintiff agreed to binding arbitration through the Amazon Flex Terms of Service ("TOS") when they created their Amazon Flex accounts. After Plaintiffs filed this action, Defendants moved to compel Plaintiffs to arbitrate their claims and stay this action under the Federal Arbitration Act ("FAA"). Dkt. 28. On December 9, 2021, this Court denied Defendants' motion to compel. In issuing its decision, this Court concluded that (1) Plaintiffs fall within the FAA transportation worker exemption, 9 U.S.C. § 1, and (2) no state's law applies to the arbitration provision set forth in the 2016 TOS and, therefore, the arbitration provision is "invalid and unenforceable." *Id*. at 11. The Court's reason was based in large part on *Rittman v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021). Defendants now move to stay this action while they appeal the Court's decision to the Ninth Circuit.

## III.  DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rittmann v. Amazon.com, Inc.*, 2019 WL 2475791, at *1 (W.D. Wash. June 13, 2019) (quoting *Landis*, 299 U.S. at 254). Courts consider four factors when determining whether a stay pending appeal is appropriate: (1) whether the movant has made a strong showing of its likelihood of success on appeal; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure

2

the non-movant's interests; and (4) whether public interest favors a stay. *Id*. (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The first factor—whether the movant has made a strong showing of its likelihood of success on appeal—requires that "substantial or serious legal questions exist for appeal." *Rajagopalan v. Noteword, LLC*, 2012 WL 2115482, *2 (W.D. Wash. June 11, 2012). Defendants argue that this Court's interpretation of the FAA's transportation worker exemption presents a serious and substantial issue for appeal, especially because the Supreme Court recently granted *certiorari* in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 638 (2021). In *Saxon*, Southwest Airlines argues that the FAA's exemption does not encompass classes of workers who do not cross state lines. Thus, if the Supreme Court adopts Southwest's interpretation of the exemption, this Court's reliance on *Rittmann* may no longer support the denial of Defendants' motion to compel. Indeed, Judge Coughenour recently determined that a stay is warranted in *Rittmann* until the Supreme Court resolves *Saxon*. *Rittmann*, 2022 WL 72061, at *2 (W.D. Wash. Jan. 7, 2022). In *Rittmann*, as here, plaintiffs argued that *Saxon* is irrelevant because of factual differences—*Saxon* addresses cargo loaders, not local delivery drivers—but Judge Coughenour held that "this factual distinction does not foreclose the possibility of a more expansive opinion coming from the Supreme Court." *Id*. at *2. The same possibility justifies a stay in this case.

The second factor—irreparable harm to movant absent a stay—is also satisfied. This case involves a putative class action and courts in this District routinely recognize that "defendants face a particular risk of irreparable harm when they have appealed an order refusing to compel arbitration" in such cases. *Wilson v. Huuuge, Inc*., 2019 WL 998319, at *3 (W.D. Wash. Mar. 1, 2019), *see also B.F. v. Amazon.com Inc*., 2020 WL 3548010, at *4 (W.D. Wash. May 15, 2020 (noting that a "particular risk of irreparable harm" exists when defendants appeal the denial of a

3

motion to compel arbitration of a potential class action), *report and recommendation adopted*, 2020 WL 3542653 (W.D. Wah. June 30, 2020). Here, if Defendants are forced to proceed with this litigation while awaiting the outcome of the appeal, they would be deprived of the benefits of arbitration, even if the appeal is ultimately in their favor. *See Sample v. Brookdale Senior Living Communities, Inc.*, 2012 WL 195175, at *2 (W.D. Wash. Jan. 23, 2012) ("Although monetary expensive incurred in litigation are normally not considered irreparable, it is a unique situation when these expenses are incurred pending an appeal of an order refusing to compel arbitration."); *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) ("If [a] party must undergo the expense of trial before being able to appeal [a refusal to compel arbitration], the advantage of arbitration—speed and economy—are lost forever.").

The third factor—whether issuance of a stay will substantially injure the non-movant's interests—weighs in favor of a stay. Generally, to satisfy this factor, a plaintiff must make specific allegations of prejudice such as "undue loss or destruction of evidence" because of a stay. *Ontiveros v. Zamora*, 2013 WL 1785891, at *5 (E.D. Cal. April 25, 2013). Plaintiffs make no such showing here; instead, they argue that an "interlocutory appeal could delay this case by several months and even years." Dkt. No. 56 at 8. However, "the general disadvantage to plaintiff caused by delay of proceedings" does not outweigh the potential damage to Defendants from proceeding in this Court during the pendency of their appeal. *Stafford v. Rite Aid Corporation*, 2020 WL 4366014 at *4 (S.D. Cal. July 30, 2020) (quoting *Eberle v. Smith*, 2008 WL 23450, at *3 (S.D. Cal. Jan. 29, 2008)). Accordingly, the Court concludes that this factor too supports a stay.

The fourth factor is whether the issuance of a stay is in the public interest. In a case such as this, where a party seeks to stay to appeal the denial of a motion to compel arbitration, the

public interest ultimately tips the balance in favor of the appealing party. *Id*. "Congress, through the FAA, has expressed that arbitration is in the public interest." *Id*. (citing *A.G. Edwards & Sons, Inc., v. McColloueh*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992). "By specifically allowing for an immediate appeal from a decision denying arbitration, Congress has further indicated that all questions of whether a dispute should be arbitrated should be resolved before time and money is spent in litigation." *Id*. Plaintiffs counter that "in light of Washington's strong policy of protecting consumer rights", the public's interest is best served by allowing this case to proceed. Dkt. 56 at 8. The Court finds this argument unpersuasive given that Plaintiffs' Complaint alleges that the contested tipping practices stopped in August 2019, so there is no ongoing risk to the public. Given all the other considerations, *supra*, this Court is unpersuaded that an additional delay will cause public harm. Thus, the fourth factor weighs in favor of granting a stay.

### IV.   CONCLUSION

Based on the foregoing, the Court HEREBY GRANTS Defendants' motion to stay this case pending resolution of their appeal to the Ninth Circuit.

Dated this 29th day of March 2022.

                                                                                     Barbara Jacobs Rothstein
                                                                                     U.S. District Court Judge