THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER MILLER, EMAD AL-KAHLOUT, HAMADY BOCOUM, CHRISTOPHER CAIN, GARY GLEESE, JOSE GRINAN, KIMBERLY HALO, CLARENCE HARDEN, KELLY KIMMEY, JUMA LAWSON, STEVEN MORIHARA, SHARON PASCHAL, and PHILIP SULLIVAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. 2:21-cv-00204-BJR<br><br>**PLAINTIFFS' MOTION TO LIFT STAY** |

## I. INTRODUCTION

This Court denied Amazon's motion to compel arbitration, holding that Amazon Flex workers are exempt from the Federal Arbitration Act and relying on *Rittmann v Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020). Defendants have sought interlocutory appeal at the Ninth Circuit (the same court that decided *Rittmann*). On March 29, 2022, this Court granted Amazon's motion to stay this action pending resolution of the Ninth Circuit appeal because of a case pending at the Supreme Court, *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 638 (2021) (cert. granted). Earlier this week, the Supreme Court decided *Saxon*, holding that a ramp supervisor for Southwest Airlines who "frequently loads and unloads cargo on and off airplanes that travel

PLAINTIFFS' MOTION TO LIFT STAY - 1
Case No. 2:21-cv-00204-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FAIR WORK, P.C.
192 South Street, Suite 450
Boston, Massachusetts 02111
TEL. 617. 607.3260• FAX 617.488.2261
www.fairworklaw.com

in interstate commerce . . . belongs to a 'class of workers engaged in foreign or interstate commerce" and was therefore exempt from the Federal Arbitration Act. __ S. Ct. __, 2022 WL 1914099, at *8 (Jun. 6, 2022).

Because *Saxon* has been decided in favor of the workers and does not upset the Ninth Circuit's decision in *Rittmann*, Plaintiffs respectfully request that the stay in this case be lifted.[1]

## II.   ARGUMENT

The stay should be lifted because: (1) Amazon's argument in favor of the stay and this Court's decision was based on the possibility that the Supreme Court's decision in *Saxon* would call into question the Ninth Circuit's decision in *Rittmann*; and (2) the *Saxon* decision has now issued, and it bolsters the *Rittmann* decision and this Court's decision denying Amazon's motion to compel arbitration.

First, Amazon relied heavily on *Saxon* in its motion for a stay, arguing: "With the granting of Southwest Airlines's cert petition, there is a very real possibility that—while the appeal in this action is pending—the Supreme Court will vindicate Amazon's . . . interpretation of the exemption or otherwise cast doubt on the *Rittmann* decision on which this Court heavily relied." Defs.' Mot. for a Stay at 2 (Doc. 50). Explaining further, Amazon explained that, in *Saxon*, "[t]he Supreme Court is thus likely to decide whether the Ninth Circuit in *Rittmann*, like the Seventh Circuit in *Saxon*, was correct to rule that the FAA's exemption encompasses classes of workers who do not cross state lines." *Id*. at 6.

This Court granted the stay, holding that the possibility of an opinion in *Saxon* that cast doubt on *Rittmann* "justifies a stay in this case." Ct. Ord. on Mot. to Stay at 3 (Doc. 64). For this reason, the Court held that Amazon satisfied the first (and most important) element in favor of a stay, likelihood of success. "[I]f the Supreme Court adopts Southwest's interpretation of the exemption, this Court's reliance on *Rittmann* may no longer support the denial of Defendants' motion to compel." *Id*.

---

[1] Under the current schedule, Amazon's opening brief to the Ninth Circuit is due on July 27, 2022, and the appeal will not be fully briefed until September 2022.

PLAINTIFFS' MOTION TO LIFT STAY - 2
Case No. 2:21-cv-00204-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FAIR WORK, P.C.
192 South Street, Suite 450
Boston, Massachusetts 02111
TEL. 617. 607.3260• FAX 617.488.2261
www.fairworklaw.com

The Supreme Court has now issued its decision in *Saxon*. The Supreme Court did not "adopt[] Southwest's interpretation of the exemption." *Id*. Nor did it "cast doubt on the *Rittmann* decision." Defs.' Mot. for a Stay at 2 (Doc. 50). Instead, the Court held that a ramp supervisor who loaded and unloaded cargo on airplanes traveling across borders belonged to a "[c]lass of workers engaged in foreign or interstate commerce," even though the workers themselves did not cross borders. 2022 WL 1914099, at *8. The Court held: "cargo loaders plainly do perform 'activities within the flow of interstate commerce' when they handle goods traveling in interstate and foreign commerce, either to load them for air travel or to unload them when they arrive." *Id*.

Notably, moreover, the Supreme Court cited *Rittmann* with approval in the *Saxon* decision. In noting that "the answer will not always be so plain when the class of workers carries out duties further removed from the channels of interstate commerce or the actual crossing of borders," the Court compared *Rittmann* with *Wallace v. GrubHub Holdings, Inc.*, 970 F.3d 798, 803 (7th Cir. 2020). 2022 WL 1914099, at *5 n.2. In *Rittmann*, the Court noted, the Ninth Circuit held that "a class of 'last leg' delivery drivers falls within § 1's exemption," whereas the Seventh Circuit held in *Wallace* that "food delivery drivers do not" fall within § 1 exemption. *Id*. This reference to *Rittmann* further confirms that *Saxon* affirmed and did not cast doubt upon the Ninth Circuit's decision in *Rittmann* and, by extension, this Court's decision on Amazon's motion to compel arbitration.

### III.   CONCLUSION

Now that the Supreme Court has decided the Saxon case, and the Ninth Circuit's decision in Rittmann remains undisturbed (and, indeed, bolstered), this Court should lift the stay and allow litigation to proceed in this matter while Amazon's interlocutory appeal is pending.

PLAINTIFFS' MOTION TO LIFT STAY - 3
Case No. 2:21-cv-00204-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FAIR WORK, P.C.
192 South Street, Suite 450
Boston, Massachusetts 02111
TEL. 617. 607.3260• FAX 617.488.2261
www.fairworklaw.com

### IV. CERTIFICATION OF CONFERRAL

I certify that, pursuant to the Court's standing order, my co-counsel Hillary Schwab conferred with Michael Kenneally, counsel for Amazon on June 10, 2022. Mr. Kenneally told Ms. Schwab that Amazon opposes this motion.

RESPECTFULLY SUBMITTED AND DATED this 10th day of June, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray, WSBA #36983
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurrary@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Hillary Schwab, *Admitted Pro Hac Vice*
Email: hillary@fairworklaw.com
Brant Casavant, *Admitted Pro Hac Vice*
Email: brant@fairworklaw.com
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, Massachusetts 02111
Telephone: (617) 607-3260
Facsimile: (617) 488-2261

Andrew R. Frisch, *Admitted Pro Hac Vice*
Email: afrisch@forthepeople.com
Paul M. Botros, *Admitted Pro Hac Vice*
Email: pbotros@forthepeople.com
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) 327-5352

*Attorneys for Plaintiff*

PLAINTIFFS' MOTION TO LIFT STAY - 4
Case No. 2:21-cv-00204-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FAIR WORK, P.C.
192 South Street, Suite 450
Boston, Massachusetts 02111
TEL. 617. 607.3260• FAX 617.488.2261
www.fairworklaw.com