The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER MILLER, EMAD AL-KAHLOUT, HAMADY BOCOUM, CHRISTOPHER CAIN, GARY GLEESE, JOSE GRINAN, KIMBERLY HALO, CLARENCE HARDEN, KELLY KIMMEY, JUMA LAWSON, STEVEN MORIHARA, SHARON PASCHAL, and PHILIP SULLIVAN, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,

Defendants.

Case No. 2:21-cv-00204-BJR

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY**

DEFENDANTS' OPP'N TO MOT. TO LIFT STAY
Case No. 2:21-cv-00204-BJR

Morgan, Lewis & Bockius LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

I.   INTRODUCTION

The factors that led this Court to enter a stay pending Amazon's Ninth Circuit appeal favor keeping the stay in place. For three of the four stay factors—irreparable harm, potential injury to the opposing party, and the public interest—the analysis remains unchanged, and Plaintiffs do not argue otherwise. Those factors continue to support a stay, as the Court concluded previously. *See* Dkt. 64 at 3-5.

Instead, the entire premise of Plaintiffs' Motion to Lift the Stay (Dkt. 65) is their view that the Supreme Court's decision in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783, 2022 WL 1914099 (2022), "does not upset the Ninth Circuit's decision in *Rittmann*" v *Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020). Dkt. 65 at 2. Plaintiffs are mistaken. The Supreme Court's decision provides significant guidance on the proper application of the transportation worker exemption in the Federal Arbitration Act ("FAA"), and that guidance undermines important aspects of *Rittmann*'s reasoning. And more importantly for present purposes, the impact of *Saxon* on the Ninth Circuit's decision in *Rittmann* is now before the Ninth Circuit in Amazon's pending appeal. The proper forum for analyzing that question is the Ninth Circuit appeal, not Plaintiff's motion to lift the stay. At a minimum, *Saxon*'s effect on *Rittmann* presents a substantial and serious question for the Ninth Circuit to address. Moreover, Amazon's Motion to Stay (Dkt. 50) also identified several other substantial and serious questions for appeal unrelated to *Saxon*'s effect on *Rittmann*, and those still apply and support a stay.

II.   ARGUMENT

A.   The Likelihood Of Success Factor Continues To Weigh In Favor Of A Stay.

*Saxon* only confirms that Amazon satisfies the likelihood of success factor. As this Court noted in granting the stay, this first factor is met when "substantial or serious legal questions exist for appeal." Dkt 64 at 3 (quoting *Rajagopalan v. Noteworld, LLC*, No. 11-cv-5574, 2012 WL 2115482, at *2 (W.D. Wash. June 11, 2012)). The Court agreed with Amazon that "this Court's interpretation of the FAA's transportation worker exemption presents a serious and substantial

DEFENDANTS' OPP'N TO MOT. TO LIFT STAY
Case No. 2:21-cv-00204-BJR                - 1 -

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

issue for appeal," particularly given the possibility that the Supreme Court's *Saxon* decision might be expansive enough to require reassessment of "this Court's reliance on *Rittmann*." *Id.*

That is what has happened. The *Saxon* decision addressed several important issues that cast doubt on the Ninth Circuit's prior approach to the FAA's exemption. For one thing, the Supreme Court clarified how to define the relevant class of workers—one of the key questions in Amazon's appeal. *Saxon*, 2022 WL 1914099, at *4; *see* Dkt. 47 at 8-10. This Court evaluated prior Ninth Circuit cases and concluded that "the work actually performed by Plaintiffs is not relevant to defining the class of workers to which they belong." Dkt. 47 at 9. The Ninth Circuit should reassess that interpretation of its precedent, and other aspects of its pre-*Saxon* approach, in the light of the Supreme Court's new guidance. *Compare Saxon*, 2022 WL 1914099, at *4 (explaining that the *Saxon* plaintiff qualified as "a member of a 'class of workers' based on what she does at Southwest, not what Southwest does generally"), *with Rittmann*, 971 F.3d at 917-18 ("[T]he activities of a company are relevant in determining the applicability of the FAA exemption[.]" (citation omitted)).

In addition, the Supreme Court clarified the connection the class of workers must have with interstate commerce to trigger the exemption. *Saxon*, 2022 WL 1914099, at *5-6. Although *Saxon* held that loading and unloading interstate vehicles with cargo—at the fulcrum of the cargo's interstate journey—qualified as engaging in interstate transportation, *id.* at *6, it expressly recognized that "last leg" delivery is "further removed from the channels of interstate commerce or the actual crossing of borders," *id.* at *5 n.2 (citing *Rittmann*). Far from "affirm[ing]" *Rittmann*, as Plaintiffs claim (Dkt. 65 at 3), the Supreme Court's mention of *Rittmann* makes clear that whether "further removed" "last leg" delivery satisfies *Saxon*'s test remains an open question that must still be decided. It is also clear that the Ninth Circuit's *Rittmann* decision did not formulate the test for interstate commerce in the way that the Supreme Court did. *See Saxon*, 2022 WL 1914099, at *5-6 (framing the exemption as applying to classes of workers who are "directly involved in transporting goods across state or international borders," who "play a direct and

DEFENDANTS' OPP'N TO MOT. TO LIFT STAY
Case No. 2:21-cv-00204-BJR                    - 2 -

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

'necessary role in the free flow of goods' across borders," and who are "actively 'engaged in transportation' of those goods across borders via the channels of foreign or interstate commerce").

For these reasons, there continue to be substantial or serious questions for appeal. And this Court's prior conclusion that its "reliance on *Rittmann* may no longer support the denial of Defendants' motion to compel" still holds true. Dkt. 64 at 3. The parties will soon brief these issues in the Ninth Circuit, which can then answer whether *Rittmann*'s reasoning remains tenable after *Saxon*. There is no reason for this Court to change its prior conclusion that there are substantial or serious questions for appeal or to attempt to decide *Saxon*'s effect on *Rittmann* when that question is squarely before the Ninth Circuit.

But even if this Court's prior reasoning on the likelihood of success factor had somehow changed for the worse, Amazon's arguments on this factor did not depend on *Saxon* alone. Amazon argued that even if *Rittmann* remained "completely intact after *Saxon*," the appeal still presented substantial and serious questions because "there is a dearth of authority addressing the relationship between the appropriate definition of the 'class of workers' to the specific controversy alleged in the plaintiff's complaint" and that creates a serious question for appeal. Dkt. 50 at 6-7; *see also* Dkt. 57 at 4-5. Amazon also argued that independent of any questions about the FAA, there is "a reasonable probability of success in [Amazon's] appeal of the Court's holding that arbitration is unwarranted under state law." Dkt. 50 at 7; *see also* Dkt. 57 at 5. As Amazon noted, another district court in the Ninth Circuit accepted Amazon's argument that the 2016 TOS arbitration provision is subject to state arbitration law, and that split of authority also shows a serious question for appeal. *Id.*

Amazon therefore continues to have "a substantial case for relief on the merits and satisf[y] the first stay factor for multiple, independent reasons." Dkt. 50 at 8. If anything, the questions Amazon raises are even more substantial and serious after *Saxon*. The Supreme Court's decision presents no justification for lifting the stay.

DEFENDANTS' OPP'N TO MOT. TO LIFT STAY
Case No. 2:21-cv-00204-BJR          - 3 -

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

### B. The Other Three Factors Weigh In Favor Of The Stay.

Even if *Saxon* did weaken the likelihood of success factor, the stay remains justified because all three other factors favor a stay. Courts recognize that the likelihood of success factor is "relaxed" when the other three factors support a stay. *In re Wirecomm Wireless, Inc.*, No. 07-cv-02451, 2008 WL 3056491, at *2 (E.D. Cal. Aug. 1, 2008).

This Court previously determined that all three other factors favor a stay pending Amazon's appeal. First, there is irreparable harm because "if Defendants are forced to proceed with this litigation while awaiting the outcome of the appeal, they would be deprived of the benefits of arbitration, even if the appeal is ultimately in their favor." Dkt. 64 at 4. Second, Plaintiffs made no showing that the stay would substantially injure them because they did not make "specific allegations of prejudice" and because a delay of "several months or even years" is not sufficient injury on its own. *Id.* Besides, even Plaintiffs forecast that briefing on appeal will be complete within a few months, and the appeal is closer to resolution now than when the Court entered the stay. Dkt. 65 at 2 n.1. And third, the public interest supports a stay based on the public policy of upholding arbitration agreements, and Amazon's challenged conduct poses no potential ongoing harm to the public. Dkt. 64 at 4-5.

That reasoning is entirely unchanged by *Saxon*, and Plaintiffs make no argument about any of these three other factors. Their failure to engage with three-fourths of the Court's original analysis is reason enough to deny their motion to lift the stay.

### III. CONCLUSION

For all these reasons, the Court should deny Plaintiffs' motion and leave the stay in place for the duration of the appeal.

DEFENDANTS' OPP'N TO MOT. TO LIFT STAY
Case No. 2:21-cv-00204-BJR                    - 4 -

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701

| | | |
|---|---|---|
| 1 | Dated: July 1, 2022 | Respectfully Submitted, |
| 2 | | By: s/ *Kenneth E. Payson* |
| 3 | | Kenneth E. Payson, WSBA #26369 |
| | | Sheehan Sullivan, WSBA #33189 |
| 4 | | DAVIS WRIGHT TREMAINE LLP |
| | | 920 Fifth Ave, Suite 3300 |
| 5 | | Seattle, WA 98104-1610 |
| | | Telephone:  (206) 622-3150 |
| 6 | | Facsimile:  (206) 757-7700 |
| | | kennethpayson@dwt.com |
| 7 | | sheehansullivan@dwt.com |
| 8 | | By: s/ *Michael J. Puma* |
| | | Michael J. Puma (*pro hac vice*) |
| 9 | | MORGAN, LEWIS & BOCKIUS LLP |
| | | 1701 Market Street |
| 10 | | Philadelphia, PA 19103-2921 |
| | | Telephone:  (215) 963-5000 |
| 11 | | Facsimile:  (215) 963-5001 |
| | | michael.puma@morganlewis.com |
| 12 | | Richard G. Rosenblatt (*pro hac vice*) |
| 13 | | MORGAN, LEWIS & BOCKIUS LLP |
| | | 502 Carnegie Center |
| 14 | | Princeton, NJ 08540-6241 |
| | | Telephone:  (609) 916-6600 |
| 15 | | Facsimile:  (609) 916-6601 |
| | | richard.rosenblatt@morganlewis.com |
| 16 | | Michael E. Kenneally (*pro hac vice*) |
| 17 | | MORGAN, LEWIS & BOCKIUS LLP |
| | | 1111 Pennsylvania Avenue, N.W. |
| 18 | | Washington, DC 20004-2541 |
| | | Telephone:  (202) 739-3000 |
| 19 | | Facsimile:  (202) 739-3001 |
| | | michael.kenneally@morganlewis.com |
| 20 | | Mary Grace Parsons (*pro hac vice*) |
| 21 | | MORGAN, LEWIS & BOCKIUS LLP |
| | | One Federal Street |
| 22 | | Boston, MA 02110-1726 |
| | | Telephone:  (617) 341-7700 |
| 23 | | Facsimile:  (617) 341-7701 |
| | | marygrace.parsons@morganlewis.com |
| 24 | | *Attorneys for Defendants Amazon.com, Inc., and Amazon Logistics, Inc.* |
| 25 | | |
| 26 | | |

DEFENDANTS' OPP'N TO MOT. TO LIFT STAY
Case No. 2:21-cv-00204-BJR                                - 5 -

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone: +1.609.919.6600
Facsimile: +1.609.919.6701