1

THE HONORABLE BARBARA J. ROTHSTEIN

2

3

4

5

6

7

IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

JENNIFER MILLER, EMAD AL-KAHLOUT,     Case No. 2:21-cv-00204-BJR

10

HAMADY BOCOUM, CHRISTOPHER CAIN,

11

GARY GLEESE, JOSE GRINAN, KIMBERLY
HALO, CLARENCE HARDEN, KELLY

12

KIMMEY, JUMA LAWSON, STEVEN     **STIPULATED PROTECTIVE ORDER**

13

MORIHARA, SHARON PASCHAL, and
PHILIP SULLIVAN, on behalf of themselves

14

and all others similarly situated,

15

Plaintiffs,

16

v.

17

AMAZON.COM, INC., and AMAZON

18

LOGISTICS, INC.,

19

Defendants.

20

21

22

23

24

25

26

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in the above-captioned action (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs Jennifer Miller, Emad Al-Kahlout, Hamady Bocoum, Christopher Cain, Gary Gleese, Jose Grinan, Kimberly Halo, Clarence Harden, Kelly Kimmey, Juma Lawson, Steven Morihara, Sharon Paschal, and Philip Sullivan, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") and Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (collectively, "Defendants") (Plaintiffs and Defendants collectively, the "Parties"), by and through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order") for all phases of the Action.

The Parties acknowledge that this Order is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the Parties to file confidential information under seal.

2. <u>DEFINITIONS</u>

**2.1    Designated Material**

The term "Designated Material" shall mean any Discovery Material, as defined below, designated by a Producing Party, as defined below, as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Section 6 below.

**2.2    Confidential Information and Highly Confidential Information – Attorneys' Eyes Only**

(a)    "CONFIDENTIAL" material shall include the following documents and tangible things produced or otherwise exchanged: (1) sensitive business, financial, or commercial information that is not publicly available, such as forecasts and analyses; (2) personal identifying

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

information of a natural person, including without limitation current and former street addresses, dates of birth, social security numbers telephone numbers, e-mail addresses, dates of birth, driver's license numbers, account numbers, maiden names, and passwords; and (3) documents containing sensitive information about a natural person, including, for example, personnel or employment records.  The examples of CONFIDENTIAL information provided above are only illustrative, and during the course of this Action the Parties may produce Discovery Material, as defined below, that constitutes CONFIDENTIAL information, which information may be designated as "CONFIDENTIAL" information by the processes set forth in Section 6 of this Order.

    (b)  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information comprises or contains information that the Producing Party claims in good faith is highly confidential or highly sensitive, including but not limited to (a) current or future business strategies or other strategic planning information; (b) technical information, pricing and revenue information, or other sensitive financial data or business information, including proprietary algorithms; (c) research and development information; (d) information that reveals trade secrets, such as marketing and business plans; (e) customer information, including lists of customers; or (f) proprietary software, systems, or processes; and the disclosure of which to persons other than those set forth in Section 4.2 below would create a substantial risk of serious harm that could not be avoided by less restrictive means; provided, however, that the Court will decide, as necessary, whether any information should be sealed consistent with applicable legal authority.  The examples of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information provided above are only illustrative, and during the course of this proceeding the Parties may produce Discovery Material, as defined below, that constitutes HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, which information may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by the processes set forth in Section 6 of this Order. For the avoidance of doubt, the Parties may designate in good faith information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" even if that information pertains to highly

STIPULATED PROTECTIVE ORDER – PAGE 3
Case No. 2:21-cv-00204-BJR

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

sensitive business matters that are irrelevant to the issues, claims, or defenses in the instant Action.

### 2.3 Discovery Material

The term "Discovery Material" shall mean any Document, as defined below; electronically stored information; material; item; testimony; or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, letters, emails, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

### 2.4 Document

The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including specifically, but without limitation, letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, DVD, CD-ROM, or any other form of electronically stored information ("ESI") such as data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing contained in Federal Rule of Evidence 1001, or within the meaning of "documents" or "tangible things" contained in Federal Rule of Civil Procedure 34.

### 2.5 Producing Party

The term "Producing Party" shall mean any Party to this Action or any Third Party, as defined below, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this Action.

### 2.6 Receiving Party

The term "Receiving Party" shall mean any Party to this Action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material from a Producing Party during this Action.

STIPULATED PROTECTIVE ORDER – PAGE 4
Case No. 2:21-cv-00204-BJR

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**2.7     Third Party**

The term "Third Party" shall mean a person or entity that is not a Party to this Action.

**2.8     Trial Counsel**

The term "Trial Counsel" shall mean as follows:

(a)     The attorneys and employees of Terrell Marshall Law Group PLLC, Fair Work, P.C., and Morgan & Morgan, P.C. responsible for this Action for Plaintiffs and any other law firm (and its members and employees) which appears on behalf of Plaintiffs; and

(b)     The attorneys and employees of Paul, Weiss, Rifkind, Wharton & Garrison LLP and Morgan, Lewis & Bockius LLP responsible for this Action for Defendants and any other law firm (and its members and employees) which appears on behalf of Defendants in this Action.

3.     RESTRICTIONS ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

**3.1     Scope**

The protections conferred by this Order cover not only CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information (as defined herein), but also (1) any information copied or extracted from CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information; and (3) any testimony, conversations, or presentations by the Parties or their counsel that might reveal CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information.  However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**3.2     Limited Use**

The information contained in Designated Material shall be used only for prosecuting, defending, or attempting to settle this Action, or any appeal, except as otherwise set forth in this Order.  The information contained in Designated Material shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose.

### 3.3    Confidentiality

Designated Material and the information derived from such Designated Material (excluding information that is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

### 3.4    Maintenance of Designated Material

Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under the terms of this Order.

### 3.5    Restrictions on Designated Material

The restrictions on the use of Designated Material established by this Order are applicable to the Receiving Party.

### 3.6    Discovery from Third Parties

Information sought or obtained from a Third Party shall be treated as Designated Material if requested by the Third Party.  Any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 6 by a Third Party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order.  Any Party may seek to challenge designations by a Third Party under the provisions of Section 7 after providing at least ten (10) calendar days written notice to the Third Party and agreeing that it will not object to the Third Party appearing in this Action for the limited purpose of seeking to preserve its requested designation.

### 3.7    Unintentional Disclosure of Designated Material

If any Party learns that, by inadvertence or otherwise, the Producing Party has disclosed Designated Material to any person or in any circumstance not authorized under this Order, that

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures,

2    (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform

3    the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

4    and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

5    Bound" that is attached hereto as Exhibit A.

6    4.    <u>ACCESS TO AND USE OF DESIGNATED MATERIAL</u>

7        **4.1**    Unless otherwise directed by the Court or authorized in writing by the Producing

8    Party, Discovery Material designated as "CONFIDENTIAL" under this Order may be disclosed

9    by the Receiving Party only to the following persons:

10            (a)    The Parties to whom disclosure is reasonably necessary;

11            (b)    The Receiving Party's counsel of record in this Action, as well as employees

12    of Trial Counsel to whom it is reasonably necessary to disclose the information for this Action;

13            (c)    the officers, directors, and employees (including in-house counsel) of the

14    Receiving Party to whom disclosure is reasonably necessary for this Action;

15            (d)    experts and consultants to whom disclosure is reasonably necessary for this

16    Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

17    with disclosure only to the extent necessary to perform such work and subject to the provisions of

18    Section 5;

19            (e)    the Court, Court personnel, and Court reporters and their staff;

20            (f)    mediators or other alternative dispute resolution settlement judges engaged

21    in connection with this Action;

22            (g)    copy or imaging services retained by Trial Counsel for the Receiving Party

23    to assist in the duplication of Designated Material, provided that Trial Counsel for the Receiving

24    Party retaining the copy or imaging service instructs the service not to disclose any Designated

25    Material to Third Parties and to immediately return all originals and copies of any Designated

26    Material;

(h)     during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Producing Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Designated Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)     the author or recipient of Designated Material containing the CONFIDENTIAL information or a custodian or other person who otherwise possessed or knew the CONFIDENTIAL information

(j)     professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

**4.2**     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed by the Receiving Party only to the following persons:

(a)     Trial Counsel for the Receiving Party, as well as employees of Trial Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     in-house legal counsel and legal paraprofessionals for the Receiving Party responsible for this Action;

(c)     experts and consultants who are expressly retained by Trial Counsel and/or the Receiving Party to provide assistance in this Action, to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), with disclosure only to the extent necessary to perform such work and subject to the provisions of Section 5;

(d)     the Court, Court personnel, and Court reporters and their staff;

(e)     mediators or other alternative dispute resolution settlement judges engaged

1   in connection with this Action;

2          (f)      copy or imaging services retained by Trial Counsel for the Receiving Party

3   to assist in the duplication of Designated Material, provided that Trial Counsel for the Receiving

4   Party retaining the copy or imaging service instructs the service not to disclose any Designated

5   Material to Third Parties and to immediately return all originals and copies of any Designated

6   Material;

7          (g)      during their depositions, witnesses in the Action to whom disclosure is

8   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

9   (Exhibit A), unless otherwise agreed by the Producing Party or ordered by the Court.  Pages of

10  transcribed deposition testimony or exhibits to depositions that reveal Designated Material must

11  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

12  under this Order; and

13         (h)      the author or recipient of Designated Material containing the HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES-ONLY information or a custodian or other person who

15  otherwise possessed or knew the CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

16  **4.3     Filing Designated Material**

17         Before filing Designated Material or discussing or referencing Designated Material in

18  Court filings, the filing party shall confer with the Producing Party, in accordance with Local Civil

19  Rule 5(g)(3)(A), to determine whether the Producing Party will remove the confidentiality

20  designation(s) from the Designated Material, whether the Designated Material can be redacted, or

21  whether a motion to seal or stipulation and proposed order is warranted.  During the meet and

22  confer process, the Producing Party must identify the basis for sealing the specific Designated

23  Material at issue, and the filing party shall include this basis in its motion to seal, along with any

24  objection to sealing the Designated Material at issue.  Local Civil Rule 5(g) sets forth the

25  procedures that must be followed and the standards that will be applied when a Party seeks

26  permission from the Court to file material under seal.  A Party who seeks to maintain the

STIPULATED PROTECTIVE ORDER – PAGE 9
Case No. 2:21-cv-00204-BJR

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    confidentiality of its Designated Material must satisfy the requirements of Local Civil Rule

2    5(g)(3)(B), even if it is not the Party filing the motion to seal.  Failure to satisfy this requirement

3    will result in the motion to seal being denied, in accordance with the strong presumption of public

4    access to the Court's files.

5    5.    <u>CONDITIONS ON ACCESS TO DESIGNATED MATERIAL</u>

6         A consultant or expert may only be shown Designated Material pursuant to Sections 4.1(d)

7    or 4.2(c) above, to the extent necessary to provide assistance in this Action, provided that:

8         (a)    any such consultant or expert is not an employee, director, officer, or

9    attorney of a Receiving Party (including any of its divisions, subsidiaries, or affiliates), is not an

10   employee, director, officer, agent, attorney, or other representative of a direct business competitor

11   of any Party, and is not currently advising a direct business competitor of any Party on matters

12   relating to the subject matter of this Action; and

13        (b)    prior to disclosure of any Designated Material to the consultant or expert,

14   the consultant or expert shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit

15   A).

16   6.    <u>PROCEDURE FOR MARKING DESIGNATED MATERIAL</u>

17        **6.1    Exercise of Restraint and Care in Designating Material for Protection**

18        Each Party or Third Party that designates Discovery Material for protection under this

19   Order must take care to limit any such designation to specific Discovery Material that qualifies

20   under the appropriate standards.  The Producing Party must designate for protection only those

21   parts of Discovery Material that qualify, so that other portions of the Discovery Material for which

22   protection is not warranted are not swept unjustifiably within the ambit of this Order.

23        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

24   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

25   unnecessarily encumber or delay the case development process or to impose unnecessary expenses

26   and burdens on other Parties) expose the Producing Party to sanctions.

STIPULATED PROTECTIVE ORDER – PAGE 10
Case No. 2:21-cv-00204-BJR

If it comes to a Producing Party's attention that Designated Material that it designated for protection does not qualify for protection, the Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**6.2    Manner and Timing of Designations**

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the Discovery Material is disclosed or produced.  Any Producing Party may mark Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.  The designation of Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.  Designated Material must be marked in the following manner:

(a)    Information in documentary form, *e.g.*, paper or electronic Documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings: the Producing Party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as appropriate, to each page that contains Designated Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s), *e.g.*, by making appropriate markings in the margins.  If a Document is produced electronically in its native format, such as an Excel spreadsheet, the designation shall be made by including the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as appropriate, in the file name of the Document.

(b)    Testimony given in a deposition or in other pretrial proceedings: the Parties and any participating Third Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any Party or Third Party may, within fifteen (15)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

calendar days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as appropriate.  If a Party or Third-Party desires to protect CONFIDENTIAL information or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information at trial, that issue should be addressed during the pre-trial conference.

(c)     Other tangible items:  the Producing Party must affix in a prominent place on the exterior of the container or containers in which the Designated Material is stored the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as appropriate.  If only a portion or portions of the Designated Material warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**6.3     Increasing Designations**

A Party may increase the confidentiality designation (*i.e.*, change the designation of any Discovery Material without any designation to a designation of "CONFIDENTIAL", or change any Designated Material with a designation of "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") of Discovery Material or Designated Material produced by any other Party or Third Party, provided that said Discovery Material or Designated Material contains the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information of the Party seeking to increase the confidentiality designation.  Increasing a confidentiality designation shall be accomplished by providing written notice to all Receiving Parties identifying (by bates number or other individually-identifiable information) the Discovery Material or Designated Material whose confidentiality designation is to be increased.   Promptly after providing such notice, the Party seeking to increase the confidentiality designation shall provide re-labeled copies of the Discovery Material or Designated Material to each other Receiving Party reflecting the increase in designation.  All Receiving Parties shall replace the previously-designated Discovery Material or Designated Material with the newly-designated Discovery Material or Designated Material and will destroy all copies in their

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

possession, custody, or control of the previously-designated Discovery Material or Designated Material.  Any Party may object to the increased confidentiality designation pursuant to the procedures set forth in Section 7.

### 6.4   Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such Discovery Material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the Designated Material is treated in accordance with the provisions of this Order.

7.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

### 7.1   Timing of Challenges

Any Party or Third Party may challenge a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time.  Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Third Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 7.2   Meet and Confer

The Parties and any involved Third Parties must make every attempt to resolve any dispute regarding confidentiality designations without Court intervention.   Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties and Third Parties in an effort to resolve the dispute without Court intervention.  The certification must list the date of, manner of, and participants to the meet and confer conference.  A good faith effort to meet and confer requires a face-to-face meeting or

1  a telephonic conference.

2    **7.3    Judicial Intervention**

3    If the Parties and any involved Third Parties cannot resolve a challenge without Court

4  intervention, the Producing Party may file and serve a motion to retain confidentiality under Local

5  Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of

6  persuasion in any such motion shall be on the Producing Party.  Frivolous challenges, and those

7  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

8  other Parties) may expose the challenging Party or Third Party to sanctions.  All Parties and any

9  involved Third Parties shall continue to maintain the challenged Designated Material as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as

11  appropriate, until the Court rules on the challenge.

12  8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

13  <u>LITIGATION</u>

14    If a Party is served with a subpoena or a court order issued in other litigation that compels

15  disclosure of any Designated Material, that party must:

16    (a)    promptly notify the Producing Party in writing and include a copy of the

17  subpoena or court order;

18    (b)    promptly notify in writing the Party or Third Party who caused the subpoena

19  or order to issue in the other litigation that some or all of the material covered by the subpoena or

20  order is subject to this Order.  Such notification shall include a copy of this Order; and

21    (c)    cooperate with respect to all reasonable procedures sought to be pursued by

22  the Producing Party whose Designated Material may be affected.

23  9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL</u>

24    **9.1**    When a Producing Party gives notice to a Receiving Party that certain inadvertently

25  produced Discovery Material is subject to a claim of privilege or other protection (such notice, a

26  "Privileged Material Notice"), the obligations of the Receiving Party are those set forth in Federal

STIPULATED PROTECTIVE ORDER – PAGE 14
Case No. 2:21-cv-00204-BJR

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1   Rule of Civil Procedure 26(b)(5)(B).  For the avoidance of doubt, a Receiving Party's obligations

2   under Federal Rule of Civil Procedure 26(b)(5)(B) also apply to any work product reflecting the

3   contents of the privileged or otherwise protected Discovery Material, and any privileged or

4   otherwise protected Discovery Material that is not reasonably accessible because of undue burden

5   or cost is considered sequestered.  This Section is not intended to modify any procedure that may

6   be established in an order or agreement that provides for production without prior privilege review.

7   The Parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d), as set

8   forth herein.

9       **9.2**     The process for contesting a claim that Discovery Material is privileged or

10  otherwise protected shall be as follows:

11          (a)     If the Receiving Party contests the claim that the Discovery Material is

12  privileged or otherwise protected, the Receiving Party must, within seven (7) calendar days of

13  receipt of the Privileged Material Notice, notify the Producing Party in writing of the contestation.

14          (b)     Any contestation to a Privileged Material Notice shall be made exclusively

15  based on information provided to the Receiving Party in the Privileged Material Notice, and shall

16  not refer to, quote, cite, or otherwise use the contested Discovery Material.  Following the receipt

17  of such a contestation, the Producing and Receiving Parties shall meet and confer in an effort to

18  resolve any disagreement regarding the Producing Party's claim that the contested Discovery

19  Material is privileged or otherwise protected.

20          (c)     If the Producing and Receiving Parties cannot resolve their disagreement,

21  then the Receiving Party may promptly present the issue to the Court for a determination of the

22  Producing Party's claim of privilege or other protection by submitting any contested Discovery

23  Material under seal in compliance with Federal Rule of Civil Procedure 26(b)(5)(B).  Nothing in

24  this Order limits the right of any Party to petition the Court for an *in-camera* review of the

25  contested Discovery Material.  Any Party making a motion to the Court for an order compelling

26  disclosure of the contested Discovery Material must not assert as a ground for compelling

1   disclosure the fact or circumstances of the disclosure.

2          (d)     While any such application is pending, the contested Discovery Material

3   subject to that application will be treated as privileged or otherwise protected until the Court rules.

4   If the Court determines that the contested Discovery Material is privileged or otherwise protected,

5   the Receiving Party must comply with the requirements of Section 9.1.

6          (e)     If the Receiving Party, after making a contestation to the Producing Party,

7   does not apply to the Court for a ruling on the designation of the contested Discovery Material as

8   privileged or otherwise protected within thirty (30) calendar days from the receipt of the Privileged

9   Material Notice (regardless of whether the Receiving and Producing Parties met and conferred on

10  the subject), or by such later date as the Producing and Receiving Parties may agree, the contested

11  Discovery Material shall be deemed privileged or otherwise protected, in which case the Receiving

12  Party must comply with the requirements of Section 9.1.

13         (f)     The Producing Party retains the burden of establishing the privileged or

14  otherwise protected nature of the contested Discovery Material.  The Producing Party must

15  preserve the contested Discovery Material until the claim is resolved.  The Producing and

16  Receiving Parties may stipulate to extend the time periods set forth in paragraphs (a) and (e) of

17  this Subsection.

18  10.     <u>INTENTIONAL AND SUBJECT MATTER WAIVER.</u>

19         This Order does not preclude a Party from intentionally and voluntarily waiving the

20  attorney-client privilege, work product protection, or other protection.  Where a Party makes such

21  an intentional and voluntary waiver, the provisions of Federal Rule of Evidence 502(a) apply.

22  11.     <u>RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS</u>

23         **11.1**    **No Limitation of Other Rights**

24         Nothing in this Order shall prejudice the right of any Party to oppose production of any

25  information or Discovery Material on any and all grounds other than confidentiality.

26

STIPULATED PROTECTIVE ORDER – PAGE 16
Case No. 2:21-cv-00204-BJR

**11.2     Release From or Modification of This Order**

Nothing in this Order shall prejudice the right of any Party to apply to the Court at any time for additional protection; to release, rescind, or modify the restrictions of this Order; to determine whether a particular person shall be entitled to receive any particular Discovery Material; or to seek relief from the inadvertent disclosure of Discovery Material subject to the attorney-client privilege, work product protection, or other protection.  This Order does not preclude any of the Parties from entering any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

**11.3    Admissibility**

Nothing in this Order shall be construed to affect in any way the evidentiary admissibility of any Discovery Material, testimony, or other matter at any court proceeding in this Action.

12.     TERMINATION AND RETURN OF DOCUMENTS

Within sixty (60) calendar days after the termination of this Action, including all appeals, each Receiving Party must return all Designated Material to each corresponding Producing Party, including all copies, extracts, and summaries thereof.  To the extent that Designated Material is not reasonably accessible because of undue burden or cost, the Receiving and Producing Parties may agree upon an appropriate approach to comply with the terms of this Section.  Alternatively, the Receiving and Producing Parties may agree upon appropriate methods of destruction of the Designated Material and an agreed-upon deadline for such destruction.  The Receiving Party, or its Trial Counsel, shall deliver to the Producing Party, or its Trial Counsel, written confirmation that there has been compliance with the terms of this Section or, alternatively, of the Receiving and Producing Parties' agreement pursuant to this Section.

Notwithstanding this Section, Trial Counsel are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; expert reports; attorney work product; and consultant and expert work product, even if such archival copies contain Designated Material.

1        The confidentiality obligations imposed by this Order shall remain in effect until a

2   Producing Party agrees otherwise in writing or a court orders otherwise.  This Court shall retain

3   jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations

4   arising from this Order or to impose sanctions for any contempt thereof.

5   13.    <u>ATTORNEY'S ETHICAL RESPONSIBILITIES</u>

6        Nothing in this Order overrides any attorney's ethical responsibilities to refrain from

7   examining or disclosing Discovery Material that the attorney knows or reasonably should know to

8   be privileged or otherwise protected and to inform the Producing Party that such Discovery

9   Material has been produced.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD this 10th day of

2  September, 2024.

3  By: *s/ Beth Terrell*                          By: *Andrew DeCarlow*
   Beth E. Terrell, WSBA #26759                Andrew DeCarlow, WSBA No. 54471
4  Email: bterrell@terrellmarshall.com         Email: andrew.decarlow@morganlewis.com
   Toby J. Marshall, WSBA #32726               MORGAN, LEWIS & BOCKIUS LLP
5  Email: tmarshall@terrellmarshall.com        1301 Second Avenue, Suite 3000
   Jennifer Rust Murray, WSBA #36983           Seattle, WA 98101
6  Email: jmurrary@terrellmarshall.com         Phone: (206) 274-6400
7  TERRELL MARSHALL LAW GROUP
   PLLC                                         Walter F. Brown (*Pro Hac Vice*)
8  936 North 34th Street, Suite 300            Email: wbrown@paulweiss.com
   Seattle, Washington 98103                   Shawn M. Estrada (*Pro Hac Vice*)
9  Telephone: (206) 816-6603                   Email: sestrada@paulweiss.com
10 Facsimile: (206) 319-5450                   Marco A. Torres (*Pro Hac Vice*)
                                               Email: mtorres@paulweiss.com
11 Hillary Schwab, Admitted *Pro Hac Vice*      PAUL, WEISS, RIFKIND, WHARTON
   Email: hillary@fairworklaw.com              & GARRISON LLP
12 Brant Casavant, Admitted *Pro Hac Vice*      535 Mission Street, 24th Floor
   Email: brant@fairworklaw.com                San Francisco, CA 94105
13 FAIR WORK, P.C.                             Telephone: (628) 432-5100
14 192 South Street, Suite 450                 Facsimile: (628) 232-3101
   Boston, Massachusetts 02111
15 Telephone: (617) 607-3260                   Amy L. Barton (*Pro Hac Vice*)
16 Facsimile: (617) 488-2261                   Email: abarton@paulweiss.com
                                               PAUL, WEISS, RIFKIND, WHARTON
17 Andrew R. Frisch, Admitted *Pro Hac Vice*    & GARRISON LLP
   Email: AFrisch@forthepeople.com             1285 Avenue of the Americas
18 Paul M. Botros, Admitted *Pro Hac Vice*      New York, NY 10019-6064
   Email: pbotros@forthepeople.com             Telephone: (212) 373-3000
19 MORGAN & MORGAN, P.C.                       Facsimile: (212) 757- 3990
20 8151 Peters Road, Suite 4000
   Plantation, Florida 33324                   *Attorneys for Defendant Amazon.com, Inc. and*
21 Telephone: (954) WORKERS                    *Amazon Logistics, Inc.*

22 *Attorneys for Plaintiffs*

23

24

25

26

STIPULATED PROTECTED ORDER – PAGE 19
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents, electronically stored information (ESI) or information, whether inadvertent or

4    otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

5    state proceeding, constitute a waiver by the producing party of any privilege applicable to those

6    documents, including the attorney-client privilege, attorney work-product protection, or any other

7    privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum

8    protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

9    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

10   of documents, ESI or information (including metadata) for relevance, responsiveness and/or

11   segregation of privileged and/or protected information before production.  Information produced

12   in discovery that is protected as privileged or work product shall be immediately returned to the

13   producing party.

14

15          DATED: September 11, 2024.

16

17

18          The Honorable Barbara J. Rothstein
             United States District Court Judge
19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – PAGE 20
Case No. 2:21-cv-00204-BJR

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of _____ **Jennifer Miller, et al., v. Amazon.com, Inc., et al., 2:21-cv-00204-**

**BJR**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401