THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER MILLER, EMAD AL-KAHLOUT, HAMADY BOCOUM, CHRISTOPHER CAIN, GARY GLEESE, JOSE GRINAN, KIMBERLY HALO, CLARENCE HARDEN, KELLY KIMMEY, JUMA LAWSON, STEVEN MORIHARA, SHARON PASCHAL, and PHILIP SULLIVAN, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,

Defendants.

Case No. 2:21-cv-00204-BJR

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, Washington 98101
Tel +1.206.274.6400 Fax +1.206.274.6401

Plaintiffs Jennifer Miller, Emad Al-Kahlout, Hamady Bocoum, Christopher Cain, Gary Gleese, Jose Grinan, Kimberly Halo, Clarence Harden, Kelly Kimmey, Juma Lawson, Steven Morihara, Sharon Paschal, and Philip Sullivan, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") and Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (collectively, "Defendants"), by and through their respective counsel, hereby stipulate to and petition the Court to enter the following Agreement Regarding Discovery of Electronically Stored Information and Order (the "Stipulation") that shall govern the production of documents, testimony, exhibits, electronically stored information ("ESI"), and any other materials or information (including any abstract, any copies, summaries, or derivations thereof) (collectively, "Documents") produced by the Parties during discovery in the above-captioned action (the "Action") as of the execution date of this Stipulation.

**A.     Definitions**

1.     As used herein, this Stipulation shall refer to Plaintiffs and Defendants collectively as the "Parties" and individually as a "Party."

2.     As used herein, the Party requesting production of Documents shall be referred to as the "Requesting Party" and the Party producing Documents in response to such requests shall be referred to as the "Producing Party."

3.     As used herein, the term "Non-Party" means any person or entity that is not a Party to the Action and will be requested to produce Documents, either voluntarily or in response to a subpoena.

**B.     General Terms**

4.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.  The failure of counsel or the parties to litigation to cooperate

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER – PAGE 2
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    in facilitating and reasonably limiting discovery requests and responses raises litigation costs and

2    contributes to the risk of sanctions.

3         5.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P.

4    26(b)(1) must be applied in each case when formulating a discovery plan. To further the

5    application of the proportionality standard in discovery, requests for production of Documents

6    and related responses should be reasonably targeted, clear, and as specific as possible.  This

7    Stipulation is intended to assist the Parties in identifying relevant, responsive information that has

8    been stored electronically and is proportional to the needs of the case.  This Stipulation does not

9    supplant the Parties' obligations to comply with Fed. R. Civ. P. 34.

10        6.    This Stipulation shall govern the production of Documents, including ESI.

11        7.    The provisions set forth herein shall govern the production of Documents only by

12   the Parties and their affiliates.  The Parties agree to send this Stipulation to Non-Parties.

13        8.    Nothing in this Stipulation shall supersede the provisions of any protective order

14   or governing law.

15        9.    Nothing in this Stipulation shall be construed to alter the Producing Party's rights

16   to withhold production of Documents because the source of the Documents is not reasonably

17   accessible or its production would be unduly burdensome, disproportionate to the needs of the

18   case, or duplicative.

19       10.    By agreeing to this Stipulation, the Parties do not admit that any Documents

20   produced under its terms are relevant or admissible in this Action or in any other litigation.

21       11.    This Stipulation does not establish any agreement as to either the appropriate

22   temporal or subject matter scope of discovery in the Action.

23

24

25   AGREEMENT REGARDING DISCOVERY OF
     ELECTRONICALLY STORED INFORMATION
     AND ORDER – PAGE 3
26   Case No. 2:21-cv-00204-BJR

12.     All Parties reserve all rights under applicable law for matters relating to the production of Documents that are not specifically addressed in this Stipulation, including the right to object to production of any Documents.  Nothing in this Stipulation shall be construed to affect in any way the rights of any Party to object to the admissibility of any materials into evidence at the trial of this Action.

13.     All Documents, including the procedure for clawback of any Documents, shall be governed by the Stipulated Protective Order entered in this Action.  Responsive Documents in TIFF format will be stamped with the appropriate confidentiality designation in accordance with the Stipulated Protective Order entered in this Action.  Each Document produced in native format will have its confidentiality designation reflected on the endorsement on the corresponding TIFF image slipsheet.

14.     The Parties will take reasonable efforts to ensure that all Documents that they produce are decrypted, although media on which the Parties produce Documents may be encrypted for security purposes provided that appropriate password information is provided to all Parties to which such media are produced.  The Parties will make reasonable efforts to ensure that any productions made are free from malware and provided on encrypted media or transmitted via a secure file transfer system.

15.     Nothing in this Stipulation shall be interpreted to require the disclosure of any irrelevant information, or relevant Documents that a Party contends are protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or immunity, nor shall this Stipulation require the production of Documents that are not discoverable under applicable law.  Nothing in this Stipulation, including any production of Documents under this Stipulation, shall constitute a waiver by any Party of any claim of privilege

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER – PAGE 4
Case No. 2:21-cv-00204-BJR

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    or other protection from discovery.  No production of any Documents that the Producing Party

2    contends is attorney-client privileged or protected by the work-product doctrine shall constitute a

3    waiver of that privilege or protection, and all procedures in the Stipulated Protective Order entered

4    in this Action shall be followed with respect to such Documents.  The Parties do not waive any

5    objections as to the production, discoverability, admissibility, or confidentiality of Documents.

6        16.    Prior to making any motion to, or seeking the intervention of, the Court pertaining

7    to any dispute regarding the production of Documents, the Parties agree to confer as to discovery

8    of Documents, to exchange information regarding issues associated with any production of

9    Documents, and to attempt in good faith to resolve any disputes that arise under this Stipulation.

10   If a Party objects to any actions taken by another Party, the objecting Party shall state the specific

11   objection in a letter or e-mail to counsel for the opposing Party or Parties.  Any practice or

12   procedures set forth herein may only be varied by written agreement of the Parties.

13       17.    All notices, requests, and demands to or upon any of the Parties under this

14   Stipulation shall be in writing and, unless otherwise expressly provided herein, shall be deemed

15   to have been duly given or made when (i) for delivery by mail or courier, when delivered, or three

16   (3) business days after being deposited in the mail, postage prepaid, whichever is soonest; or (ii)

17   for delivery by facsimile or e-mail, when received, addressed as follows, or to such other address

18   as may be hereafter indicated by any Party:

19           a.  For Plaintiffs:

20           Hillary Schwab, MA BBO #666029
             Email: hillary@fairworklaw.com
21           Brant Casavant, MA BBO #672614
             Email: brant@fairworklaw.com
22           FAIR WORK P.C.
             192 South Street, Suite 450
23           Boston, Massachusetts 02111
             Telephone: (617) 607-3260

24

25   AGREEMENT REGARDING DISCOVERY OF            MORGAN, LEWIS & BOCKIUS LLP
     ELECTRONICALLY STORED INFORMATION                    ATTORNEYS AT LAW
     AND ORDER – PAGE 5                           1301 SECOND AVENUE, SUITE 3000
26   Case No. 2:21-cv-00204-BJR                     SEATTLE, WASHINGTON 98101
                                                TEL +1.206.274.6400 FAX +1.206.274.6401

1    Facsimile: (617) 488-2261

2    b.   For Defendants:

3    Matthew Patrick Merlo, New York State Bar Registration No. 5486592
     Email: mmerlo@paulweiss.com
4    PAUL, WEISS, RIFKIND, WHARTON
     & GARRISON LLP
5    1285 Avenue of the Americas
     New York, NY 10019-6064
6    Phone: (212) 373-3848

7    Andrew DeCarlow, WSBA No. 54471
     Email: andrew.decarlow@morganlewis.com
8    MORGAN, LEWIS & BOCKIUS LLP
     1301 Second Avenue, Suite 3000
9    Seattle, WA 98101
     Phone: (206) 274-6400

10

11   Any of the Parties may change its address and transmission numbers for Notices by Notice in the

12   manner provided in this Paragraph.

13      18.   The Parties agree to be bound by the terms of this Stipulation as of the date counsel

14   for all Parties execute this Stipulation.

15   **C.   Document Disclosures.**

16      19.   Within 30 days of entry of this Stipulation, or at a later time if agreed to by the

17   Parties, each Party shall disclose:

18      A.   <u>Custodians</u>.  The custodians most likely to have discoverable Documents

19   in their possession, custody, or control.  The custodians shall be identified by name, title,

20   connection to the Action, and the type of Documents under the custodians' control.

21      B.   <u>Non-Custodial Data Sources</u>.  A list of non-custodial data sources (*e.g.*,

22   shared drives, servers), if any, likely to contain discoverable Documents.

23

24

25   AGREEMENT REGARDING DISCOVERY OF
     ELECTRONICALLY STORED INFORMATION
     AND ORDER – PAGE 6
26   Case No. 2:21-cv-00204-BJR

1        C.    Third-Party Data Sources.  A list of third-party data sources, if any, likely

2    to contain discoverable Documents (*e.g.*, third-party email providers, mobile device

3    providers, cloud storage) and, for each such source, the extent to which a Party is or is not

4    able to preserve Documents stored in the third-party data source.

5        D.    Inaccessible Data.    A list of data sources, if any, likely to contain

6    discoverable Documents (by type, date, custodian, electronic system or other criteria

7    sufficient to specifically identify the data source) that a Party asserts is not reasonably

8    accessible under Fed. R. Civ. P. 26(b)(2)(B).

9    **D.    Scope of Document Preservation**

10        20.    The Parties agree that only unique, non-duplicative sources of relevant Documents

11    need to be preserved.

12        21.    The Parties will meet and confer regarding any issues involving Document

13    preservation, such as, for example, issues relating to categories or sources of information that are

14    not reasonably accessible or cannot reasonably be preserved because of undue burden or costs, as

15    well as categories or sources of responsive information subject to data privacy or protection laws.

16        22.    Absent a showing of good cause by the Requesting Party, the Parties shall not be

17    required to modify the procedures used by them in the ordinary course of business to back-up and

18    archive Documents; provided, however, that the Parties shall preserve all discoverable Documents in

19    their possession, custody, or control.

20        23.    Absent a showing of good cause by the Requesting Party, the following categories of

21    Documents need not be preserved:

22            a.    Deleted, slack, fragmented, or other data only accessible by forensics.

23            b.    Random access memory (RAM), temporary files, or other ephemeral data that are
                    difficult to preserve without disabling the operating system.

24

25    AGREEMENT REGARDING DISCOVERY OF
      ELECTRONICALLY STORED INFORMATION                      **MORGAN, LEWIS & BOCKIUS LLP**
      AND ORDER – PAGE 7                                          ATTORNEYS AT LAW
26    Case No. 2:21-cv-00204-BJR                            1301 SECOND AVENUE, SUITE 3000
                                                                 SEATTLE, WASHINGTON 98101
                                                      TEL +1.206.274.6400 FAX +1.206.274.6401

c.  On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.  Data in metadata fields that are frequently updated automatically, such as last-opened dates.

e.  Back-up data that are duplicative of data that are more accessible elsewhere.

f.  Server, system, or network logs.

g.  Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.  Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or 'cloud' storage).

## E.    Processes & Technology

24.    The Parties agree that each Producing Party will take reasonable steps to identify, review, and produce responsive Documents that are otherwise discoverable.  The Parties further agree that each Producing Party is best situated to evaluate and utilize the procedures, methodologies, and technologies, including Technology Assisted Review (TAR) and Continuous Active Learning (CAL), appropriate to identify, review, and produce its own Documents.

25.    While this Stipulation is intended to address the majority of Documents and data sources handled in this matter, there may be situations where the Parties come into contact with more complex, non-traditional or legacy data sources, such as ESI from social media, ephemeral messaging systems, collaboration tools, mobile device applications, and modern cloud sources. In the event that such data sources are relevant, responsive, and discoverable, the Parties agree to take reasonable efforts to address the complexities introduced by such ESI, including, when appropriate, to meet and confer regarding any issues raised by such ESI.

26.    The Parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER – PAGE 8
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The Parties shall continue to cooperate in revising the appropriateness of the search methodology as warranted.  Prior to running searches, the Producing Party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate Documents likely to contain responsive and discoverable information.  The Producing Party may provide unique hit counts for each search query.  After disclosure, the Parties will meet and confer regarding additional terms sought by the Requesting Party.

27.    The following provisions apply to search terms and queries of the Requesting Party:  focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided; a conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term; a disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  The Producing Party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter-proposal correcting the overbroad search or query.

**F.     Production Format**

28.    See Exhibit A attached herein for the Parties' agreed-upon production format.

29.    The Parties may use analytics technology to identify email threads and need only produce the unique, most inclusive copy and may exclude lesser inclusive copies.   Upon reasonable request, the Producing Party will produce a less inclusive copy of an email thread.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER – PAGE 9
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

30.     The Parties agree that any documents previously produced in other actions shall be re-produced in this Action using the same metadata and production format used in the prior action, with the exception that all such documents will receive additional, new Bates stamps for this Action.

**G.     Documents Protected from Discovery**

31.     The Stipulated Protective Order entered in this Action shall govern the inadvertent disclosure of privileged information.

**H.     Privilege Logs**

32.     A Producing Party shall create a privilege log of all Documents fully withheld from production on the basis of attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or immunity, unless otherwise agreed or excepted by this Stipulation.  Privilege logs shall include a unique identification number for each Document and the basis for the claim (attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or immunity).  For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created.  Should the available metadata provide insufficient information for the purpose of evaluating the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or immunity claim asserted, the Producing Party shall include such additional information as required by the Federal Rules of Civil Procedure.  Privilege logs will be produced to all other Parties no later than thirty (30) days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

33.     Redactions need not be logged so long as the basis for the redaction is clear.

34.     With respect to privileged or work-product information generated after the filing of the complaint, the Parties are not required to include any such information in privilege logs.

35.     The Parties agree that communications with counsel at any time may be excluded from a privilege log, as they are presumptively privileged.

36.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

**I.     Miscellaneous Provisions**

37.     In scanning paper Documents, paper Documents should be logically unitized (*i.e.*, distinct Documents should not be merged into a single record, and single Documents should not be split into multiple records).  In the case of an organized compilation of separate Documents (*e.g.*, a binder containing several separate Documents behind numbered tabs), the physical organizational box, divider, and any labels and the Documents that follow should be scanned separately, but the relationship among the Documents in the compilation should be reflected in the proper coding of the beginning and ending Document and attachment fields.  The Parties will make their best efforts to unitize the Documents correctly.

38.     The Parties agree that the Producing Party will perform optical character recognition (OCR) or other text recognition of paper documents or non-text searchable electronic images.

39.     This Stipulation shall have no effect on any Producing Party's right to seek reimbursement for costs associated with collection, review, or production of Documents.

40.     Nothing in this Stipulation is intended to or should be interpreted to narrow, expand, or otherwise affect the rights of the Parties or Non-Parties to object to a subpoena or other discovery matter.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER – PAGE 11
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1    41.    Counsel executing this Stipulation warrant and represent that they are authorized

2    to do so on behalf of themselves and their respective clients.

3    **J.    Modification**

4    42.    This Stipulation may be modified only in writing by mutual agreement of the

5    Parties or by the Court for good cause shown.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER – PAGE 12
26    Case No. 2:21-cv-00204-BJR

1    **IT IS SO STIPULATED**, though Counsel of Record.

2    DATED:  September 10, 2024.

3    By: ___*s/ Beth Terrell*___                    By: ___*s/ Andrew DeCarlow*___
     Beth E. Terrell, WSBA #26759              Andrew DeCarlow, WSBA No. 54471
4    Email: bterrell@terrellmarshall.com       Email: andrew.decarlow@morganlewis.com
     Toby J. Marshall, WSBA #32726             MORGAN, LEWIS & BOCKIUS LLP
5    Email: tmarshall@terrellmarshall.com      1301 Second Avenue, Suite 3000
     Jennifer Rust Murray, WSBA #36983         Seattle, WA 98101
6    Email: jmurrary@terrellmarshall.com       Phone: (206) 274-6400
     TERRELL MARSHALL LAW GROUP
7    PLLC                                      Walter F. Brown (*Pro Hac Vice*)
     936 North 34th Street, Suite 300          Email: wbrown@paulweiss.com
8    Seattle, Washington 98103                 Shawn M. Estrada (*Pro Hac Vice*)
     Telephone: (206) 816-6603                 Email: sestrada@paulweiss.com
9    Facsimile: (206) 319-5450                 Marco A. Torres (*Pro Hac Vice*)
                                               Email: mtorres@paulweiss.com
10                                             PAUL, WEISS, RIFKIND, WHARTON
     Hillary Schwab, Admitted *Pro Hac Vice*   & GARRISON LLP
11   Email: hillary@fairworklaw.com            535 Mission Street, 24th Floor
     Brant Casavant, Admitted *Pro Hac Vice*   San Francisco, CA 94105
12   Email: brant@fairworklaw.com              Telephone: (628) 432-5100
     FAIR WORK, P.C.                           Facsimile: (628) 232-3101
13   192 South Street, Suite 450
     Boston, Massachusetts 02111               Amy L. Barton (*Pro Hac Vice*)
14   Telephone: (617) 607-3260                 Email: abarton@paulweiss.com
     Facsimile: (617) 488-2261                 PAUL, WEISS, RIFKIND, WHARTON
15                                             & GARRISON LLP
     Andrew R. Frisch, Admitted *Pro Hac Vice* 1285 Avenue of the Americas
16   Email: AFrisch@forthepeople.com           New York, NY 10019-6064
     Paul M. Botros, Admitted *Pro Hac Vice*   Telephone: (212) 373-3000
17   Email: pbotros@forthepeople.com           Facsimile: (212) 757- 3990
     MORGAN & MORGAN, P.C.
18   8151 Peters Road, Suite 4000
     Plantation, Florida 33324                 *Attorneys for Defendant Amazon.com, Inc.*
19   Telephone: (954) WORKERS                  *and Amazon Logistics, Inc.*

20   *Attorneys for Plaintiffs*

21

22

23

24

25   AGREEMENT REGARDING DISCOVERY OF          **MORGAN, LEWIS & BOCKIUS LLP**
     ELECTRONICALLY STORED INFORMATION                        ATTORNEYS AT LAW
     AND ORDER – PAGE 13                            1301 SECOND AVENUE, SUITE 3000
26   Case No. 2:21-cv-00204-BJR                         SEATTLE, WASHINGTON 98101
                                               TEL +1.206.274.6400 FAX +1.206.274.6401

1

## ORDER

2

Based on the foregoing, IT IS SO ORDERED.

3

DATED: September 11, 2024.

4

5

_____
The Honorable Barbara J. Rothstein
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26