The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER MILLER, *et al.*,

     Plaintiffs,

v.

AMAZON.COM, INC., *et al.*,

     Defendants.

NO. 21-cv-204-BJR

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

## I.     INTRODUCTION

Plaintiffs served as delivery drivers for Defendants Amazon.com and Amazon Logistics (together, "Amazon"). In this putative class action, Plaintiffs claim that Amazon unlawfully withheld portions of their drivers' tips, in violation of the Washington Consumer Protection Act. Sec. Am. Compl., ECF No. 35. This Court previously denied Defendant's motion to compel arbitration, ECF No. 47, and this case was stayed while Amazon appealed the order. The Ninth Circuit has since affirmed this Court's order, and the United States Supreme Court denied certiorari. ECF Nos. 68, 71. The stay has been lifted, and now pending before this Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. Mot., ECF No. 83. Having reviewed the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

- 1

materials[1] and the relevant legal authorities, the Court will grant in part and deny in part Defendants' motion. Plaintiffs' claims under the Washington Consumer Protection Act (Counts I and II) shall proceed. The reasoning for the Court's decision follows.

## II.    BACKGROUND

Plaintiffs, who worked as Amazon Flex delivery drivers, allege that between 2016 and 2019, Amazon failed to honor its promise that workers would receive 100% of the tips that customers added for tip-eligible deliveries. Sec. Am. Compl. ¶¶ 1-2, 23-35, ECF No. 35. Plaintiffs allege that this misrepresentation violates the Washington Consumer Protection Act ("WCPA") and, alternatively, various other state consumer protection laws. *Id.* ¶¶ 1-2. Plaintiffs allege that they did not know about Amazon's unfair and deceptive practices until the Federal Trade Commission ("FTC") publicly announced in February 2021 that it had filed a case against Amazon relating to those practices. *Id.* ¶¶ 37-39.[2] On February 2, 2021, the FTC issued a press release, including a link to the draft complaint, stating:

> Amazon will pay more than $61.7 million to settle Federal Trade Commission charges that it failed to pay Amazon Flex drivers the full amount of tips they received from Amazon customers over a two and a half year period. The FTC's complaint alleges that the company stopped its behavior only after becoming aware of the FTC's investigation in 2019.
>
> The $61.7 million represents the full amount that Amazon allegedly withheld from drivers and will be used by the FTC to compensate drivers.

FTC Press Release, Mot. Ex. 2, ECF No. 84.[3]

---

[1] Including the motion, ECF No. 23; response in opposition, ECF No. 24; and reply, ECF No. 27, together with related exhibits.

[2] A copy of the FTC draft complaint is attached to Defendants' motion as Exhibit 1. ECF No. 84. It is also available on FTC's public website at: https://www.ftc.gov/system/files/documents/cases/amazon_flex_complaint.pdf.

[3] Also available on FTC's public website at: https://www.ftc.gov/news-events/news/press-releases/2021/02/amazon-pay-617-million-settle-ftc-charges-it-withheld-some-customer-tips-amazon-flex-drivers.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

- 2

On February 17, 2021, a group of drivers filed this putative class action lawsuit against Amazon. Compl., ECF No. 1. Plaintiffs allege that Amazon's unfair and deceptive acts and practices caused injury and damages to them as well as to the public interest, and they seek to recover actual damages, treble damages under RCW 19.86.090, and an award of attorneys' fees and costs. Sec. Am. Compl. ¶¶ 69-71. Plaintiffs also seek pre- and post-judgment interest. *Id.* at 26.

On June 9, 2021, the FTC and Amazon entered into a Consent Agreement, which contained monetary relief for drivers and injunctive provisions to prevent Amazon from engaging in similar acts in the future. FTC Decision, Mot. Ex. 3, ECF No. 84.[4] FTC announced that Amazon was required to pay $61,710,583, "which represents the full amount that the company allegedly withheld from drivers and will be used by the FTC to compensate drivers." FTC June 10, 2019 Press Release, Mot. Ex. 5, ECF No. 84.[5]

By their pending motion, Defendants seek dismissal of Plaintiffs' claim for restitution damages, contending that the claim is moot under Federal Rule of Civil Procedure 12(b)(1) because the drivers have already been compensated by the FTC settlement. Mot. 1, 5-6, 15. Defendants argue that any claims for treble or punitive damages must necessarily be dismissed because they depend on Plaintiffs' entitlement to actual damages. *Id.* Defendants also argue that certain claims must be dismissed under Rule[6] 12(b)(6) and under Rule 9(b) for failing to plead fraud with the

---

[4] Also available on FTC's public website at:
https://www.ftc.gov/system/files/documents/cases/1923123c4746amazonflexorder1.pdf.
[5] Also available on FTC's public website at: https://www.ftc.gov/news-events/news/press-releases/2021/06/ftc-approves-final-administrative-consent-order-against-amazon-withholding-customer-tips-amazon-flex.
[6] All references herein to a Rule refers to the Federal Rules of Civil Procedure unless otherwise stated.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

1  requisite particularity. *Id.* at 1, 15. Defendants agree that the claims for prejudgment interest should

2  remain. *Id.* at 1.

3                          **III.    LEGAL STANDARD**

4      **A.  Dismissal Under Rule 12(b)(1)**

5          Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action

6  for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction

7  can either attack the sufficiency of the pleadings on their face (a "facial attack") or present affidavits

8  or other evidence that contest the truth of the allegations in the pleadings (a "factual attack").

9  *Sullivan v. Ferguson*, 636 F. Supp. 3d 1276, 1283 (W.D. Wash. 2022) (citing *Wolfe v. Strankman*,

10  392 F.3d 358, 362 (9th Cir. 2004)).

11         When the movant does not offer affidavits or other evidence challenging the truth of the

12  allegations in the complaint, the Court construes the motion as a facial attack on subject matter

13  jurisdiction. *See id.* And the Court resolves a facial jurisdictional challenge "as it would a motion

14  to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all

15  reasonable inferences in the plaintiff's favor, the court determines whether the allegations are

16  sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117,

17  1121 (9th Cir. 2014).

18         With a factual Rule 12(b)(1) attack, a court may look beyond the complaint to matters of

19  public record without having to convert the motion into one for summary judgment *Safe Air for*

20  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If a factual motion is brought before the

21  court, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy

22  its burden of establishing subject matter jurisdiction." *Id.* The court need not presume the

23  truthfulness of the plaintiff's allegations. *Id.*

24  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

25      - 4

1        The Court presumes that a case lies outside of its "limited jurisdiction" unless the plaintiff

2 establishes otherwise. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If at any time

3 the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ.

4 P. 12(h)(3).

5        **B. Dismissal Under Rule 12(b)(6)**

6        A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if

7 the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief

8 that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.

9 v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the

10 court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

11 "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by

12 lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d

13 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts must

14 accept the factual allegations in the complaint as true and construe such allegations in the light most

15 favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir.

16 2018).

17        In addition, Rule 9(b) requires that, when fraud is alleged, "a party must state with

18 particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Thus, a party alleging

19 fraud must "set forth more than the neutral facts necessary to identify the transaction." *In re

20 GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other

21 grounds*. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of

22 the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

23 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "Rule 9(b) serves three purposes:

24 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

25   - 5

1    (1) to provide defendants with adequate notice to allow them to defend the charge and deter

2    plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to

3    protect those whose reputation would be harmed as a result of being subject to fraud charges; and

4    (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society

5    enormous social and economic costs absent some factual basis.' " *Kearns v. Ford Motor Co.*, 567

6    F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir.

7    1996) (citations omitted)).

8                                      **IV.    DISCUSSION**

9         **A.  Plaintiffs' CPA claims are not moot**

10        Amazon contends that Plaintiffs' claims for restitution and treble damages are moot because

11   Plaintiffs have received all restitution they claim to be owed, and there can be no double recovery.

12   Mot. 5-6. Plaintiffs assert that no payments were made to any Flex driver until well after the lawsuit

13   was filed, and there is no admissible evidence that the sum paid to the FTC represented all the

14   misappropriated tips or that all affected drivers received full reimbursement.  Opp'n 5-6. Plaintiffs

15   also argue that a jurisdictional finding is not appropriate when the jurisdictional and substantive

16   issues are so intertwined that resolution goes to the merits of the case. *Id.* at 4-5.

17        Article III of the United States Constitution requires a federal court to decide legal questions

18   in the context of actual "cases" or "controversies." U.S. Const., art. III, § 2. Where this condition

19   is not met for a particular claim, that claim is moot and this court lacks jurisdiction to consider it.

20   *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128–29 (9th Cir.2005). A live case or

21   controversy must continue to exist at the time that a federal court decides the case, not just at the

22   time the lawsuit was filed. *California Ass'n of Rural Health Clinics v. Douglas*, 738 F.3d 1007,

23   1017 (9th Cir. 2013) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). "If an action or a claim

24   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

25   - 6

loses its character as a live controversy, then the action or claim becomes 'moot,' and [the federal courts] lack jurisdiction to resolve the underlying dispute." *Id.* (quoting *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797–98 (9th Cir. 1999)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 715 (9th Cir. 2011) (quoting *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008)).   And the question is not whether the precise remedy requested is available, but whether the Court can shape any effective relief. *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244–45 (9th Cir. 1988); *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) ("As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."). The party asserting mootness bears the "heavy" burden of establishing that no such relief can be provided. *Feldman*, 518 F.3d at 642.

Here, there is relief that the Court can grant.  As their first two causes of action, Plaintiffs assert claims of unfair and deceptive business practices under the Washington Consumer Protection Act ("WCPA"), RCW 19.86.020, and they seek to recover their damages, as well as attorneys' fees, interest, and a trebling of damages under RCW 19.86.090. Sec. Am. Compl. ¶¶ 64-71.[7] Under RCW 19.86.090:

> Any person who is injured in his or her business or property by a violation of [the WCPA] may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee. In addition, the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained . . . but such increased damage award shall not exceed twenty-five thousand dollars.

---

[7] Plaintiffs have not filed a separate cause of action for restitution.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

- 7

1    Certainly, as Amazon asserts, the law does not permit double recovery, and the Court will

2    not award additional reimbursement of tips already paid to drivers by the FTC.  But no intervening

3    act has occurred by the issuance of the FTC Consent Agreement, or otherwise, that resolves whether

4    Amazon acted unfairly or deceptively under the WCPA nor that makes it impossible for the Court

5    to grant relief for interest, costs and fees, and in its discretion, award increased damages under RCW

6    19.86.090, if Plaintiffs prevail on the merits. Plaintiffs' WCPA claims are, therefore, not moot.

7    Counts III to XIV— alternative states' consumer protection claims—likewise are not moot.

8        Accordingly, Amazon's motion to dismiss under Rule 12(b)(1) is denied because Amazon

9    has not established that no relief can be provided to Plaintiffs, and the Court has jurisdiction over

10    the Plaintiffs' claims.

11    **B.  Plaintiffs' WCPA claims are sufficiently pleaded**

12        Amazon contends that Plaintiffs' WCPA claims "sound in fraud, and must be averred with

13    particularity."  Mot. 6-7 (quoting Fed. R. Civ. P. 9(b)). While not all claims brought under the

14    WCPA must be pled with the specificity prescribed by Rule 9(b), WCPA claims that allege and

15    depend upon a "unified course of fraudulent conduct" as the basis of the claims "sound in fraud,"

16    and must be averred with particularity. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-

17    04 (9th Cir. 2003) ("In some cases, the plaintiff may allege a unified course of fraudulent conduct

18    and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to

19    be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy

20    the particularity requirement of Rule 9(b)."). However, where "fraud is not an essential element"

21    of the claim, Rule 9(b) does not apply.  *See, e.g.*, *Bund v. Safeguard Props. LLC*, CASE NO. C16-

22    920 MJP, 2018 WL 3917930, at *4 (W.D. Wash. Aug. 16, 2018) (declining to apply Rule 9(b) to

23    WCPA claim based on allegations of deception but not "fraudulent misrepresentations"); *Lohr v.*

24    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

25    - 8

*Nissan N. Am., Inc.*, Case No. C16-1023RSM, 2017 WL 1037555, at *4 (W.D. Wash. Mar. 17, 2017) (finding that "Rule 9(b) does not apply to Plaintiffs' [WCPA] claims" where there was no effort to allege common law fraud elements or intent to deceive).

Plaintiffs argue that they have not asserted any claims which specifically allege fraud because they "do not assert Amazon engaged in a 'unified course of fraudulent conduct.'" Opp'n 9. "Instead, they allege that Amazon engaged in *unfair and deceptive* conduct because it had the *capacity* to deceive, violated the public interest, and injured the drivers." *Id.* at 10. And Plaintiffs add that, regardless, their allegations are sufficient to satisfy Rule 9(b) because Amazon clearly understands the claim and the grounds on which it rests. *Id.* The Court agrees. It is unnecessary to parse the complaint and decide whether Plaintiffs' WCPA claims "sound in fraud" because Plaintiffs' allegations satisfied "the who, what, when, where, and how" of the unfair and deceptive conduct that forms the basis of their WCPA claims. The *who* and *what*: Amazon unfairly and deceptively retained portions of tips that belonged to Amazon Flex delivery drivers while representing to both customers and drivers that all tips paid by customers were paid in full to the drivers, Sec. Am. Compl. ¶¶ 1, 2, 6-22, 23-43; *when*: "beginning in approximately 2016 and continuing to at least approximately August 2019," ¶ 34, and "between September 2016 and August 2019," ¶¶ 45-57, except in Florida and Arizona, which was "between February 2017 and August 2019, ¶¶ 49, 51; *where*: specifically for the named Plaintiffs, in Massachusetts, New Hampshire, Washington, Ohio, North Carolina, Missouri, Kansas, Florida, Pennsylvania, Arizona, Virginia, New York, California, and Illinois, ¶¶ 6-19; and *how*: by implementing the "Amazon Flex" delivery service app, representing to drivers in the app, "You will receive 100% of the tips you earn while delivering with Amazon Flex," or "will pass to you 100% of tips you earn," and in the ordering interface for customers, stating, "100% of tips are passed on to your courier," yet retaining portions

of the drivers' tips instead of distributing them all to the drivers, ¶¶ 25-35. Additionally, Plaintiffs referenced the FTC investigation, which details the deceptive practices. *Id.* ¶¶ 36-37. In the Court's view, these allegations are sufficient to satisfy Rule 9(b)'s purposes such that Amazon can defend against the charges.

### C.  Plaintiffs alternative state law claims will be dismissed

Amazon argues that Plaintiffs' alternative state law claims also fail under Rule 12(b)(6) for failure to state plausible claims or failure to provide adequate notice.  Mot. 9-14.  Plaintiffs do not oppose dismissal of their claims under Pennsylvania (Count VIII), Missouri (Count XII), and California law (Count XIII).  Opp'n 2 n.3, 12 n.16. Amazon contends that Plaintiffs' alternative state law claims under New York (Count III), Massachusetts (Count IV), Florida (Counts V, VI), Virginia (Count VII), Ohio (Count IX), Arizona (Count X), Illinois (Count XI), and North Carolina (Count XIV) law should also be dismissed. Reply 6; Mot. 9.

Amazon's primary argument is that state claims pled in the alternative are unnecessary because Amazon has conceded that it will not challenge the application of Washington law to a nationwide class. Mot. 9-10; Reply 6. Amazon argues that with no choice-of-law issue to be resolved, it is inappropriate to bring multiple causes of action under different states' consumer protection statutes. Mot. 10 (citing cases that dismissed alternative state law claims after resolving choice-of-law at the dismissal stage). Plaintiffs contend that it is premature to dismiss the alternative claims because no "decision" as to choice-of-law has been reached, and numerous courts decline to decide choice-of-law at the pleadings stage. Opp'n 11, n.15.

The Court finds that no choice-of-law analysis is necessary because there is no conflict of laws issue presented. Amazon does not challenge the application of the WCPA to a nationwide

class. Mot. 9.[8] Therefore, Washington law applies. The Supreme Court of Washington has clarified that the WCPA allows claims from out-of-state plaintiffs against entities that engage in unfair or deceptive acts affecting Washington residents, even when the conduct is directed outside of Washington. *Thornell v. Seattle Serv. Bureau, Inc.*, 184 Wn.2d 793, 803-04 (2015).

Accordingly, Counts VIII, XII, and XIII will be dismissed with prejudice as unopposed, and Plaintiffs' remaining state law claims, pleaded in the alternative, will be dismissed without prejudice.

---

[8] The Court notes that Amazon has not conceded that any non-Washington Plaintiffs or putative class members would have a valid WCPA claim, nor has Amazon conceded that Plaintiffs meet the requirements to have a nationwide class certified under Rule 23. *See* Mot. 9, n.7.  Plaintiffs alleged "[a]lternatively, if the WPCA does not apply to all individuals who have performed Amazon Flex delivery driver services in the United States with respect to the practices challenged herein . . . ." Sec. Am. Compl. ¶ 2.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

- 11

# V.   CONCLUSION

For the foregoing reasons,

1. Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, ECF No. 83, is GRANTED IN PART and DENIED IN PART:

   a. Defendants' motion to dismiss Plaintiffs' claim for restitution as moot under Federal Rule of Civil Procedure 12(b)(1) is DENIED;

   b. Defendants' motion to dismiss Plaintiffs' Washington Consumer Protection Act claims (Counts I and II) under Federal Rule of Civil Procedure 12(b)(6) is DENIED;

   c. Defendants' motion to dismiss Plaintiffs' state law claims pleaded in the alternative (Counts III-XIV) is GRANTED;

2. Counts VIII, XII, and XIII in Plaintiffs' Second Amended Complaint are DISMISSED WITH PREJUDICE as unopposed;

3. Counts III, IV, V, VI, VII, IX, X, XI, and XIV in Plaintiffs' Second Amended Complaint are DISMISSED WITHOUT PREJUDICE; and

4. Count I and II, Plaintiffs' WCPA claims, remain and the parties shall proceed pursuant to the Court's scheduling order for class certification, ECF No. 86.

DATED this 23rd day of October 2024.

_Barbara J Rothstein_

Barbara Jacobs Rothstein
U.S. District Court Judge