The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER MILLER, *et al.*,

    Plaintiffs,

v.

AMAZON.COM, INC., *et al.*,

    Defendants.

NO. 21-cv-204-BJR

**ORDER DENYING MOTION TO COMPEL**

Pending before the Court is Plaintiffs' motion to compel production of discovery related to class certification. Mot., ECF No. 121. Defendants, Amazon.com, Inc., and Amazon Logistics, Inc., ("Amazon") have responded in opposition to the motion. Opp'n, ECF No. 122. The Court has reviewed the parties' briefs and relevant legal authorities and denies Plaintiffs' motion without prejudice. The reasoning for the Court's decision follows.

Plaintiffs, who worked as Amazon Flex delivery drivers, filed this putative class action claiming that Amazon unlawfully withheld portions of their drivers' tips. Third Am. Compl. ¶ 1, ECF No. 101. Plaintiffs allege that they did not know about Amazon's unfair and deceptive practices until the Federal Trade Commission ("FTC") publicly announced in February 2021 that it had filed a case against Amazon relating to those practices. *Id.* ¶¶ 39-42. During class certification discovery, Amazon produced a spreadsheet that contains information for over 150,000 putative

ORDER DENYING MOTION TO COMPEL

- 1

class members, including the amount of the allegedly wrongfully allocated tips. Opp'n 2. Amazon redacted the personally identifiable information, including the names and contact information. *Id.* Plaintiffs ask the Court to compel Amazon to produce an unredacted copy of the spreadsheet. Mot. 2. Plaintiffs assert that the names and contact information are relevant to class certification. *Id.*

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *See WSOU Investments, LLC v. F5 Networks, Inc.*, 2:20-CV-1878-BJR, 2022 WL 2302576, at *2 (W.D. Wash. June 27, 2022) ("Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance."). District courts have broad discretion in determining relevancy for discovery purposes. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." (citation omitted)). Courts may limit pre-certification discovery to information relevant to certifying the class action. *Benson v. Double Down Interactive, LLC*, 2:18-CV-00525-RBL, 2020 WL 4569596, at *1 (W.D. Wash. Aug. 7, 2020).

Amazon argues that Plaintiffs fail to establish why putative class members' names and contact information are relevant to class certification issues. The Court agrees. Plaintiffs have already filed their class certification motion, and Amazon has not yet filed its response. Plaintiffs assert that Amazon may challenge the "commonality, adequacy, and typicality" requirements, but they do not explain how the provision of names and contact information of potential class members will assist Plaintiffs in responding to such challenges. Amazon has represented that it does not intend to offer any testimony of putative class members other than the proposed class

ORDER DENYING MOTION TO COMPEL
- 2

representatives. Opp'n 3. Further, Amazon has also represented that it will produce the unredacted spreadsheet should the case proceed to discovery on the merits. *Id.* at 4.

Additionally, the court's rules are clear: motions to compel must be filed before the discovery deadline. *See* Local Rule 16(b)(3) ("Any motion to compel discovery shall be filed and served on or before the discovery deadline."); *see also* Standing Order, ECF No. 3, Section III ("Discovery disputes shall be raised in a timely manner so as to allow discovery to be completed within the discovery deadline."). Class discovery closed on February 14, 2025. ECF No. 86. Although it is apparent that the parties have been attempting to reach agreement, the Court finds that the dispute is untimely, since it was raised not only after the class discovery deadline but also after Plaintiffs filed their motion for class certification.

Under these circumstances, the Court denies Plaintiffs' motion to compel the production of an unredacted spreadsheet at this time. However, should circumstances change after the filing of Amazon's response to the certification motion, Plaintiffs may again raise this issue to the Court should they be unable to reach an agreement with Amazon after conferring in good faith.

Accordingly, Plaintiffs' Motion to Compel, ECF No. 121, is DENIED WITHOUT PREJUDICE.

DATED this 9th day of April 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION TO COMPEL

- 3