The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER MILLER, *et al.*,

    Plaintiffs,

v.

AMAZON.COM, INC., *et al.*,

    Defendants.

NO. 21-cv-204-BJR

**ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

## I. INTRODUCTION

Plaintiffs served as delivery drivers for Defendants Amazon.com and Amazon Logistics (together, "Amazon"). In this putative class action, Plaintiffs claim that Amazon unlawfully withheld portions of their drivers' tips, in violation of the Washington Consumer Protection Act ("WCPA"). Third Am. Compl., ECF No. 101. Now pending before the Court is Plaintiffs' Motion for Class Certification, ECF No. 110 (redacted).[1] Having reviewed the materials[2] and the relevant legal authorities, the Court will DENY Plaintiffs' motion. The reasoning for the Court's decision follows.

---

[1] Plaintiffs' sealed version of the motion can be found at ECF No. 109.

[2] Including the motion, ECF Nos. 109 (sealed), 110 (redacted); response in opposition, ECF Nos. 128 (redacted), 133 (sealed); reply with motion to strike, ECF Nos. 141 (sealed), 142 (redacted); and surreply, ECF No. 146; together with numerous related exhibits (both sealed and redacted), and the Third Amended Complaint, ECF No. 101.

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- 1

## II.  BACKGROUND

Plaintiffs, who worked as Amazon Flex delivery drivers, allege that between 2016 and 2019, Amazon failed to honor its promise that workers would receive 100% of the tips that customers added for tip-eligible deliveries. Third Am. Compl. ¶¶ 26-38. Plaintiffs assert that in 2016, Amazon changed its compensation practices to retain portions of drivers' tips to "offset" some of the amounts paid towards the drivers' base pay rates and did not disclose this change to the drivers. *Id.* ¶¶ 27-35. According to Plaintiffs, Amazon's conduct of non-disclosure and concealment constitutes unfair and deceptive acts and practices. *Id.* ¶¶ 35-38. Plaintiffs allege that they did not know about Amazon's unfair and deceptive practices until the Federal Trade Commission ("FTC") publicly announced in February 2021 that it had filed a case against Amazon relating to those practices. *Id.* ¶¶ 39-41. On February 17, 2021, a group of drivers filed this putative class action lawsuit against Amazon. Compl., ECF No. 1. Plaintiffs allege that Amazon's unfair and deceptive acts and practices caused injury and damages to them as well as to the public interest, and they seek to recover actual damages, treble damages under RCW 19.86.090, and an award of attorneys' fees and costs. Third Am. Compl. ¶¶ 1, 62-63, 72. Plaintiffs also seek pre- and post-judgment interest. *Id.* at 10.

In June 2021, the FTC and Amazon entered into a Consent Agreement, which contained monetary relief for drivers and injunctive provisions to prevent Amazon from engaging in similar acts in the future. *See* Order on Dismissal Motion, ECF No. 99, at 3. The FTC announced that Amazon was required to pay $61,710,583, "which represents the full amount that the company allegedly withheld from drivers and will be used by the FTC to compensate drivers." *Id.* This Court determined that although double recovery is not permitted by law, the claims were not moot because there was possible relief for Plaintiffs if they prevail on the merits of the WCPA causes of action.

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- 2

*Id.* at 6-8. Plaintiffs then filed their Third Amended Complaint alleging only WCPA causes of action for deceptive and unfair business practices, followed by the pending motion for class certification. Plaintiffs ask the Court to certify the following class:

> All individuals who performed tipped delivery services using Amazon Flex for Defendants Amazon.com, Inc. and Amazon Logistics, Inc., anywhere in the United States between January 2017 and August 2019.

Mot. 2. Amazon contends that this case is heavily fact-dependent and unsuited for class-wide treatment, considering that the FTC settlement "relating to the exact same issues provided a more efficient mechanism for redressing Plaintiffs' asserted harm." Opp'n 1-2.

### III.  LEGAL STANDARD

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individually named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). A court may certify a class only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The court must also find that the class fits into one of three categories in Rule 23(b). Plaintiffs seek certification under Rule 23(b)(3), and therefore must demonstrate that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

1    The trial court possesses broad discretion on the question of class certification but must
2  exercise that discretion within the framework of Rule 23. *Zinser v. Accufix Rsch. Inst., Inc.*, 253
3  F.3d 1180, 1186 (9th Cir.), *amended by* 273 F.3d 1266 (9th Cir. 2001). The party seeking
4  certification bears the burden of showing that each of the four requirements of Rule 23(a) and at
5  least one requirement of Rule 23(b) is met. *Id.* Rule 23 "'does not set forth a mere pleading
6  standard.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart*, 564 U.S. at 350).
7  Instead, "plaintiffs must prove the facts necessary to carry the burden of establishing that the
8  prerequisites of Rule 23 are satisfied by a preponderance of the [admissible] evidence." *Olean*
9  *Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022) (en
10 banc).

11   The court must conduct a "rigorous analysis" to determine whether the party seeking class
12 certification has met its burden. *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1233 (9th
13 Cir.1996) (quoting *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1078–79 (6th Cir.1996)). The
14 merits of the class members' substantive claims are generally irrelevant to this inquiry. *Eisen v.*
15 *Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). "In determining whether the 'common question'
16 prerequisite is met, a district court is limited to resolving whether the evidence establishes that a
17 common question is *capable* of class-wide resolution, not whether the evidence in fact establishes
18 that plaintiffs would win at trial." *Olean*, 31 F.4th at 666-67. "Merits questions may be considered
19 to the extent—but only to the extent—that they are relevant to determining whether the Rule 23
20 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Retirement Plans and*
21 *Trust Funds*, 568 U.S. 455, 466 (2013).

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- 4

### IV. DISCUSSION

Plaintiffs argue that the proposed class satisfies Rule 23(a)'s threshold requirements of numerosity, commonality, typicality, and fair and adequate representation, as well as Rule 23(b)(3)'s commonality and predominance requirements. Amazon argues that Plaintiffs cannot meet their burden to demonstrate five key requirements: (1) many putative members lack standing; (2) individual issues of causation and harm predominate; (3) superiority of class-wide proceedings cannot be demonstrated because agency proceedings have already provided a more efficient mechanism; (4) a central question to the WCPA claim requires individualized proof; and (5) the class representatives cannot demonstrate that they will adequately represent all members of the putative class. The Court will first address standing as a threshold issue that implicates the Court's subject matter jurisdiction, *see Warth v. Seldin*, 422 U.S. 490, 498 (1975), and then proceed to analyzing whether Plaintiffs can demonstrate the superiority of maintaining this class action under Rule 23(b)(3).

#### A. Standing

Amazon asserts that "courts contemplating certification of a class seeking only damages must first establish that every member of the putative class would have individual standing." Opp'n 6 (citing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012), *overruled in part by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022)). Amazon contends that the putative class includes members who did not suffer any concrete injury because of the alleged wrongdoing. Opp'n 7. Plaintiffs argue that "Rule 23 classes can include 'uninjured' members, and not every class member must have standing." Reply 2.

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). In *TransUnion*, the Supreme Court declared, "Every class member must have Article III standing in order to recover individual damages." *Id.* at 431. However, the Court declined to address "whether every class member must demonstrate standing *before* a court certifies a class." *Id.* at n.4 (noting that the Eleventh Circuit had directly addressed this question and declined to require that district courts "ensure that the class definition does not include *any* individuals who do not have standing before certifying a class." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1276 (11th Cir. 2019)).

Other courts have also declined to create such a requirement. *See, e.g.*, *In re Nexium Antitrust Litig.*, 777 F.3d 9, 25 (1st Cir. 2015) ("We think that a certified class may include a *de minimis* number of potentially uninjured parties."); *Kleen Prods. v. Int'l Paper Co.*, 831 F.3d 919, 927 (7th Cir. 2016) ("[I]f the [district] court thought that no class can be certified until proof exists that every member has been harmed, it was wrong."); *Krakauer v. Dish Network L.L.C.*, 925 F.3d 643, 657–58 (4th Cir. 2019) (affirming class certification when satisfied that the class did not include "a large number of uninjured persons," presumably accepting that the class may include a small number of uninjured persons); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 368 (3d Cir. 2015) (rejecting attempts to "shoehorn [Rule 23 factors] into an Article III analysis" and holding that "so long as a named class representative has standing, a class action presents a valid 'case or controversy' under Article III."). And Plaintiffs contend that "identifying any 'uninjured'

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
- 6

1  class members would simply be a ministerial exercise because Amazon maintained extensive

2  records," as demonstrated by Amazon's Kulick Declaration and its underlying data. Reply 5.³

3       But as noted by Amazon, some courts, including the Ninth Circuit, have made statements

4  indicating that a class may not be certified if it contains members that lack Article III standing. *See,*

5  *e.g.*, *Mazza*, 666 F.3d at 594 ("[N]o class may be certified that contains members lacking Article

6  III standing." quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)); *Avritt v.*

7  *Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010) ("[A] class cannot be certified if it

8  contains members who lack standing."). The Ninth Circuit has subsequently overruled in part its

9  statement in *Mazza*. *See Olean*, 31 F.4th at 682 n.32 ("We therefore overrule the statement in *Mazza*

10  that 'no class may be certified that contains members lacking Article III standing,' 666 F.3d at 594,

11  which does not apply when a court is certifying a class seeking injunctive or other equitable

12  relief."). Amazon notes that the *Olean* majority's clarification does not address application of the

13  standing requirement for putative classes that seek only damages under Rule 23(b)(3), which means

14  the *Mazza* rule controls here. Opp'n 6 n.2.

15       Amazon also noted that "[t]he Supreme Court will address this question in *Laboratory Corp.*

16  *of America v. Davis*, No. 24-304." *Id.*⁴ Unfortunately, after briefing and oral argument, the Supreme

17  Court dismissed the writ of certiorari as "improvidently granted" without deciding the question

18  presented. *Lab'y Corp. of Am. Holdings v. Davis*, 145 S. Ct. 1608 (2025) (per curiam). In his dissent

19  to this dismissal, Justice Kavanaugh opined that he "would hold that a federal court may not certify

---

[3] Plaintiffs move to strike Dr. Kulick's declaration on the basis that he was not disclosed as an expert witness. Reply and Motion to Strike 2, 14-17. The Court denies Plaintiffs' motion to strike because Dr. Kulick is not an expert witness and merely provides summaries of data that was produced to Plaintiffs in discovery. *See* Fed. R. Evid. 1006; *United States v. Aubrey*, 800 F.3d 1115, 1129-30 (9th Cir. 2015).

[4] Certiorari was granted for the following question: "Whether a federal court may certify a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) when some members of the proposed class lack any Article III injury." *Lab'y Corp. of Am. Holdings v. Davis*, 145 S. Ct. 1133 (2025).

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- 7

a damages class that includes both injured and uninjured members." *Id.* at 1609. He reasoned that "when a damages class includes both injured and uninjured members, common questions do not predominate." *Id.* In the underlying appeal in *Davis*, the Ninth Circuit concluded that Rule 23 permits certification even when the class "potentially includes more than a de minimus number of uninjured class members." *Davis v. Lab'y Corp. of Am. Holdings*, No. 22-55873, 2024 WL 489288, at *2 (9th Cir. Feb. 8, 2024), *cert. granted in part*, 145 S. Ct. 1133 (2025), and *cert. dismissed as improvidently granted*, 145 S. Ct. 1608 (2025) (quoting *Olean*, 31 F.4th at 668–69).

In both *Davis* and *Olean*, and in the cases cited favorably in those decisions, the Ninth Circuit panel was analyzing whether a common question predominates over any individualized questions about injury or entitlement to damages. Although similar and related, it is not identical to the Article III standing analysis. As discussed above, there is currently no precedential ruling that requires Plaintiffs to demonstrate that *every* class member has Article III standing at the class certification stage. Indeed, the Second Circuit case quoted by the *Mazza* court did not require that each class member submit evidence of personal standing but required that the class "be defined in such a way that anyone within it would have standing." *Denney*, 443 F.3d at 263-64.

In sum, this Court has subject matter jurisdiction over this action.[5]

### B.     Predominance and Superiority

Under Rule 23(b)(3), a plaintiff must demonstrate the superiority of maintaining a class action and show "that the questions of law or fact common to class members predominate over any

---

[5] However, Plaintiffs must show that differences between class members as to standing—i.e., the inclusion of uninjured individuals alongside injured ones in the class—are not so significant that the class runs afoul of Rule 23. Courts generally address this issue of "uninjured class members" in the context of Rule 23(b)(3)'s predominance requirement. Indeed, in *Mazza*, the Ninth Circuit's standing analysis was the first step of its predominance analysis. 666 F.3d at 594-95.

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- 8

questions affecting only individual members." Fed. R. Civ. Pro. 23(b)(3). The Court has reviewed the elements of the Plaintiffs' WCPA claim and has concluded that it is likely susceptible to common proof.[6] However, to satisfy Rule 23(b)(3)'s superiority requirement, Plaintiffs must also demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Amazon contends that Plaintiffs cannot establish superiority because the FTC has already taken enforcement action and entered into a settlement with Amazon. Opp'n 16. Plaintiffs argue that they are not seeking the same relief as obtained by the FTC but are seeking relief that the FTC was unable to provide. Reply 11-12.

District courts have broad discretion in making this determination. *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Rule 23(b)(3) provides four factors for courts to consider in determining predominance and superiority:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

These factors focus "on the efficiency and economy elements of the class action." *Zinser*, 253 F.3d at 1190.

---

[6] The Court notes that it is unnecessary to discuss this analysis in detail because it has determined that Plaintiffs cannot satisfy the superiority requirement.

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- 9

In *Kamm*, the Ninth Circuit affirmed a district court's decision to strike the class allegations as insufficient to meet the superiority requirement of Rule 23(b)(3). *Id.* at 210-13. The Ninth Circuit Court reasoned that the purported class action in that case would "would require a substantial expenditure of judicial time which would largely duplicate" the work that had been performed in the state regulatory action resulting in a settlement agreement that provided restitution. *Id.* at 212. Amazon also cites two unpublished district court cases in California, in which the courts applied the *Kamm* court's reasoning to find that the FTC settlements had already provided relief. Opp'n 17 (citing *Conde v. Sensa*, No. 14-cv-51 JLS WVG, 2018 WL 4297056, at *14–16 (S.D. Cal. Sept. 10, 2018), and *Imber-Gluck v. Google Inc.*, 5:14-cv-01070-RMW, 2015 WL 1522076 (N.D. Cal. Apr. 3, 2015)). While not binding, this Court finds these decisions persuasive.

The *Kamm* court articulated seven factors supporting the district court's conclusion that the class action was not superior to alternative methods. 509 F.2d at 212. In addition to the substantial expenditure of judicial time, the factors included that the class action would be complex, significant relief had already been realized, many class members had received restitution, the existence of a permanent injunction, the retention of continuing jurisdiction, no members of the class were barred from initiating a suit on their own behalf, and defending the class action "would prove costly to the defendants and duplicate in part the work expended" in the state action. *Id.* These factors are also present in this case.

Here, the FTC entered into a Consent Agreement with Amazon including a payment of $61,710,583, representing the "full amount" of the allegedly wrongfully allocated tips and injunctive provisions to prevent Amazon from engaging in similar acts in the future. Order on Dismissal Motion, 2-3. The FTC retained jurisdiction for 20 years with ongoing penalties for further violations. *See id.* at 3 n.5. While this Court ruled that the WCPA claims were not moot, "the law

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- 10

does not permit double recovery," which leaves primarily a potential award of interest, costs attorneys' fees, and potentially, punitive damages. *Id.* at 8. The possibility of recovering punitive damages is not sufficient justification for duplicating the efforts and comprehensive relief already provided in the FTC settlement. *See Imber-Gluck*, 2015 WL 1522076, at *3. The Court, in the exercise of its discretion, finds that the additional benefit to be gained does not justify the unnecessary expenditure of judicial resources and duplicative work that litigation of a class action entails.

Accordingly, the Court concludes that Plaintiffs have not met their burden to satisfy the superiority requirement under Rule 23(b)(3). Further analysis of the Rule 23 factors is unnecessary, and the motion for class certification is denied.

## V.  CONCLUSION

For the foregoing reasons:

1. Plaintiffs' Motion for Class Certification, ECF No. 110, is DENIED.
2. Plaintiffs' Motion to Strike, ECF No. 141, is DENIED.

DATED this 1st day of July 2025.

Barbara Jacobs Rothstein
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- 11