THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER CAIN, KIMBERLY HALO, KELLY KIMMEY, JUMA LAWSON, and PHILIP SULLIVAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,<br><br>Defendants. | NO. 2:21-cv-00204-BJR<br><br>**PLAINTIFFS' MOTION TO REINSTATE MASSACHUSETTS CLAIMS AND FOR CERTIFICATION OF A MASSACHUSETTS CLASS AND MEMORANDUM IN SUPPORT THEREOF** |

PLAINTIFFS' MOTION TO REINSTATE
MASSACHUSETTS CLAIMS AND FOR CERTIFICATION
OF A MASSACHUSETTS CLASS AND MEMORANDUM IN
SUPPORT THEREOF - 1

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
**Fair Work, P.C.**
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

# INTRODUCTION

Plaintiffs request reinstatement of the claim brought under the Massachusetts Tips Act on behalf of a putative class of Amazon Flex drivers who drove in Massachusetts and certification of a Massachusetts class. This smaller class meets all the requirements for certification under Rule 23. *Inter alia*, the Massachusetts Tips Act affords significant relief beyond what these class members may have received as part of the Federal Trade Commission settlement. Certifying a class here will allow this discrete and manageable group of approximately 3,500 Amazon Flex drivers to get the additional recovery to which they are automatically entitled under the Massachusetts Tips Act, serving the purposes of Rule 23 and the underlying statute.

# BACKGROUND

## I. PROCEDURAL BACKGROUND

Plaintiffs' Second Amended Complaint included a claim under the Washington Consumer Protection Act on behalf of a putative nationwide class and also included claims under various state laws on behalf of Amazon Flex drivers who drove in those states. *Inter alia*, the Second Amended Complaint asserted a claim under the Massachusetts Tips Act, Mass. Gen. L. c. 149, § 152A, "[o]n behalf of Plaintiff Sullivan and a class of all individuals who have performed Amazon Flex delivery driver services in the Commonwealth of Massachusetts during the relevant statutory period." (ECF Dkt. 35, ¶ 2.e).

Amazon sought dismissal of Plaintiffs' claims, and the Court denied Amazon's motion as to the WCPA claims but granted dismissal of the other state law claims, some with prejudice and some without prejudice. (ECF Dkt. 99). The Court dismissed the Massachusetts claim without prejudice. (*Id.* at 11).

Plaintiffs now respectfully request that the Court reinstate Plaintiffs' Massachusetts claim and grant certification of a Massachusetts class.

## II. FACTUAL BACKGROUND

The underlying facts have been discussed extensively by both the parties and the Court. (*See, e.g.*, ECF Dkts. 110, 142, 154). Briefly, as articulated by the Court in the class certification

PLAINTIFFS' MOTION TO REINSTATE
MASSACHUSETTS CLAIMS AND FOR CERTIFICATION
OF A MASSACHUSETTS CLASS AND MEMORANDUM IN
SUPPORT THEREOF - 2

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300, Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

decision, "Plaintiffs, who worked as Amazon Flex delivery drivers, allege that between 2016 and 2019, Amazon failed to honor its promise that workers would receive 100% of the tips that customers added for tip-eligible deliveries. […] Plaintiffs assert that in 2016, Amazon changed its compensation practices to retain portions of drivers' tips to "offset" some of the amounts paid towards the drivers' base pay rates and did not disclose this change to the drivers. (*Id.* ¶¶ 27-35. ECF Dkt. 154, at 2) (internal citation omitted). One of the named plaintiffs in this case is Philip Sullivan, who was an Amazon Flex driver in Massachusetts from mid-2017 to mid-2024. (*See* Sullivan Depo. Tr. [**Ex. 1**], 18:18-21:11, 50:21-51:11, 57:6-22).

The Massachusetts class is estimated to be comprised of approximately 3,500 individuals. According to the FTC website, 3,451 Massachusetts Amazon Flex drivers received reimbursement of tips from the FTC settlement, for a total amount off $1,590,206, or an average of $61 per person. (Declaration of Libbing Barrera-Perez ["Barrera-Perez Decl."] [**Ex. 2**], ¶ 7).

## ARGUMENT

### I. THE MASSACHUSETTS CLAIM SHOULD BE REINSTATED.

The Court's dismissal of the Massachusetts claim was without prejudice, *i.e.*, the claim was dismissed "without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Dismissal without prejudice is not a judgment on the merits and "leaves open the possibility for future litigation." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Now that the claims of the putative class of Massachusetts drivers are not proceeding under the WCPA, the Massachusetts claim should be reinstated on behalf of the putative class of Massachusetts Amazon Flex drivers.

To the extent the Court deems it relevant, reinstatement of this claim is not futile, as the Massachusetts Tips Act applies to the conduct challenged in this case. The Massachusetts Tips Act provides broad protection to workers' entitlement to tips. *See* Mass. Gen. L. c. 149, § 152A(b), (c), (d). The statute applies not just to employment relationships but also to any situation in which a company is retaining or failing to distribute in full workers' tips. Indeed, the

PLAINTIFFS' MOTION TO REINSTATE
MASSACHUSETTS CLAIMS AND FOR CERTIFICATION
OF A MASSACHUSETTS CLASS AND MEMORANDUM IN
SUPPORT THEREOF - 3

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

Tips Act's protections extend to workers who are not classified as employees, stating that its provisions apply to tip misappropriation by employer and "other person[s]." Mass. Gen. L. c. 149, § 152A(b); *see also DiFiore v. American Airlines, Inc.*, 454 Mass. 486 (2009) (Tips Act applies to non-employers' retention of tips and service charges). And the statute contains a provision that "[n]o employer or person shall by special contract with an employee or by any other means exempt itself from this section," Mass. Gen. L. c. 149, § 152A(g), which the Massachusetts Supreme Judicial Court has explained precludes any "end run[s]" around the statute's purpose and/or language. *DiFiore*, 454 Mass. at 496.

## II.   THE COURT SHOULD CERTIFY THE MASSACHUSETTS CLASS.

Plaintiff Sullivan requests that the Court certify the following class for purposes of the claim under the Massachusetts Tips Act:

> All individuals who performed tipped delivery services using Amazon Flex for Defendants Amazon.com, Inc. and Amazon Logistics, Inc. in Massachusetts between January 2017 and August 2019.[1]

The proposed class meets all of the requirements for certification under Rule 23.

### A.   The proposed class satisfies the requirements of Rule 23(a).

First, the members of the proposed Massachusetts class are "so numerous that joinder of all its members is impracticable." Fed. R. Civ. P. 23(a)(1). The Massachusetts class is estimated to include approximately 3,500 individuals, which unquestionably satisfies the numerosity requirement. (Barrera-Perez Decl. [**Ex. 2**], ¶ 7).

---

[1] The applicable time period is a merits question that need not be decided on class certification. Plaintiffs take the position that the discovery rule applies and that the statute of limitations did not start to run until the challenged practice became public in February 2021. *See, e.g., Crocker v. Townsend Oil Co.*, 464 Mass. 1, 8, 979 N.E.2d 1077, 1083 (2012) ("Under the discovery rule, limitations periods in Massachusetts run from the time a plaintiff discovers, or reasonably should have discovered, the underlying harm . . . for which relief is sought."); *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002) (same). In any event, however, the Massachusetts plaintiffs' claims are timely (for at least some of the relevant time period) even without application of the discovery rule.

PLAINTIFFS' MOTION TO REINSTATE MASSACHUSETTS CLAIMS AND FOR CERTIFICATION OF A MASSACHUSETTS CLASS AND MEMORANDUM IN SUPPORT THEREOF - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300, Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

Second, there are "common questions of law or fact" among class members, Fed. R. Civ. P. 23(a)(2), including: whether Amazon paid all tips to Massachusetts drivers over and above their hourly rate or whether Amazon used some of those tips to pay drivers' hourly rates; whether Amazon Flex drivers in Massachusetts are "service employees" entitled to receive tips under the Massachusetts Tips Act, Mass. Gen. L. c. 149, § 152A; and whether Amazon "retain[ed] or distribute[d tips] in a manner inconsistent with" the statute or failed to distribute "the total proceeds" of all tips only to the Amazon Flex drivers, in violation of the Massachusetts Tips Act. *See also* Section II.B.1, *infra*.

Third, Plaintiff Sullivan's claims are typical of the class members' claims. Fed. R. Civ. P. 23(a)(3). In the Ninth Circuit, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Jaeger v. Zillow Group, Inc.*, 2024 WL 3924557, at *4 (W.D. Wash. Aug. 23, 2024). Plaintiff Sullivan was an Amazon Flex driver in Massachusetts and did not receive all tips owed to him (because a portion of his tips were used by Amazon to pay his hourly rate). (Third Amended Complaint, ECF Dkt. 101, ¶ 11). As such, he experienced the same conduct and suffered the same injuries as the class members he seeks to represent.

Finally, Plaintiff Sullivan and Plaintiffs' counsel will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This prong is met. Plaintiff Sullivan has no conflict of interest with the members of the class because his success in this case would translate into success for the class. The undersigned counsel are also adequate to represent the class. They have experience litigating class action matters, including extensive experience litigating class action claims under the Massachusetts Tips Act, including at trial and on appeal and numerous courts have recognized their expertise in this field in appointing them as class counsel. (*See* Affidavit of Brant Casavant, Esq., ECF Dkt. 111-01, ¶¶ 17-25; Affidavit of Hillary Schwab, Esq. [**Ex. 3**], ¶¶ 10-12). Nor is there any cognizable conflict between counsel and the class members.

PLAINTIFFS' MOTION TO REINSTATE MASSACHUSETTS CLAIMS AND FOR CERTIFICATION OF A MASSACHUSETTS CLASS AND MEMORANDUM IN SUPPORT THEREOF - 5

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
Fair Work, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

**B.     The proposed class satisfies the requirements of Rule 23(b).**

**1.     Common issues predominate.**

Plaintiffs seek certification of a Rule 23(b)(3) class. As such, they must prove that common issues predominate and that a class action is superior to other means of adjudicating this claim. Plaintiffs satisfy both prongs here.

First, common issues predominate. The common issues articulated above as to commonality are *the* issues under the Massachusetts Tips Act. In greater detail, the relevant factual and legal issues for Massachusetts Flex drivers' claims, all of which are shared by all members of the putative class, are:

- Whether Massachusetts Flex drivers performed jobs for which customers gave tips;
- Whether Amazon used a portion of those tips to pay the Massachusetts Flex drivers' hourly rate;
- Whether Amazon Flex drivers are "service employees" under the Massachusetts Tips Act;
- Whether Amazon is subject to the requirements of the Massachusetts Tips Act, as an "employer or other person";
- Whether Amazon Flex has violated one or more of the provision of the Tips Act.

The measure of damages for all class members is common as well. They are entitled to seek all tips not distributed to them, as well as "treble damages, as liquidated damages, for any lost wages and other benefits and . . . the costs of the litigation and reasonable attorneys' fees." Mass. Gen. L. c. 149, § 150.

Courts routinely hold that predominance has been satisfied in Massachusetts Tips Act claims that, like this one, challenge a uniform policy applicable to all class members. In *Matamoros v. Starbucks Corporation*, for example, the First Circuit held that "the questions of law and fact common to class members and presented by the plaintiffs' complaint greatly predominate over any questions affecting individual members" in a case challenging Starbucks'

PLAINTIFFS' MOTION TO REINSTATE
MASSACHUSETTS CLAIMS AND FOR CERTIFICATION
OF A MASSACHUSETTS CLASS AND MEMORANDUM IN
SUPPORT THEREOF - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

uniform policy of requiring baristas to share tips with shift supervisors, even when the lawsuit would not resolve every issue relating to this policy. 699 F.3d 129, 139 (1st Cir. 2012).[2]

In its decision on Plaintiffs' motion for certification of a nationwide class under the WPCA, this Court analyzed predominance and superiority and held that the WCPA "is likely susceptible to common proof." (ECF Dkt. 154 at 9). So too for the Massachusetts Tips Act claim, as the courts above have also held in cases involving challenges to uniform policies such as the one at issue here. The Court should hold that predominance is satisfied.

### 2.    A class action is superior.

There are two primary reasons that a different conclusion is warranted on superiority as to the Massachusetts claim as compared with the nationwide WCPA claim. First, the Massachusetts class members are entitled to substantial compensatory relief not provided for in the FTC settlement, namely *mandatory* liquidated treble damages. This is in contrast to the *discretionary* exemplary damages afforded under the WCPA, as to which the Court held that "[t]he *possibility* of recovering [such] damages is not sufficient justification for duplicating the

---

[2] Numerous courts have reached similar conclusions. *See, e.g., Mongue v. Wheatleigh Corp.*, 2021 WL 4459704, at *10 (D. Mass. Sept. 29, 2021) (predominance was satisfied where, if the challenged practices relating to tip distribution were invalid for one class member, they were "invalid for all putative class members"); *Chebotnikov v. LimoLink, Inc.*, 2017 WL 2909808, at *2 (D. Mass. July 6, 2017) (predominance satisfied where "the relevant questions—whether LimoLink charged a gratuity to its customers, whether it remitted that gratuity to individuals other than service employees, and whether the drivers have any managerial responsibilities on behalf of LimoLink—appear to be common to all class members"); *Dvornikov v. Landry's Inc.*, 2017 WL 1217110, at *8–9 (D. Mass. Mar. 31, 2017); *Mooney v. Domino's Pizza, Inc.*, 2016 WL 4576996, at *8 (D. Mass. Sept. 1, 2016); *Tigges v. AM Pizza, Inc.*, 2016 WL 4076829, at *10 (D. Mass. July 29, 2016); *Cormier v. Landry's Seafood House-N. Carolina, Inc.*, 2015 WL 12732420, at *4 (D. Mass. Feb. 23, 2015); *Raghai v. BH Normandy Owner LLC*, 2012 WL 13194935, at *4 (Mass. Super. May 30, 2012); *Foley v. Speakeasy Group, Inc.*, 2010 WL 11672788, at *1 (Mass. Super. Oct. 15, 2010) ("This improper distribution of tips and gratuities – or the 'tipping out' policy – is the main issue of the case and it is a question common to all within the proposed class, including the named plaintiffs, thus satisfying predominance, commonality and typicality."); *Marino v. Oznemoc, Inc.*, 2017 WL 11496922, at *5 (Mass. Super. Jan. 06, 2017).

PLAINTIFFS' MOTION TO REINSTATE
MASSACHUSETTS CLAIMS AND FOR CERTIFICATION
OF A MASSACHUSETTS CLASS AND MEMORANDUM IN
SUPPORT THEREOF - 7

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
Fair Work, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

efforts and comprehensive relief already provided in the FTC settlement." (ECF Dkt. 154 at 11) (emphasis added). For the Massachusetts claim, it is not a mere "possibility" of recovery that has gone unrealized—it is *automatic* triple damages—and, accordingly, litigation of the Massachusetts claim on behalf of the class would not duplicate the FTC case, nor does the FTC settlement provide "comprehensive relief" for that claim. *Id*.

Second, the Massachusetts class that Plaintiffs seek to certify is, frankly, much more manageable than either the nationwide WCPA class in this case. The class likely has approximately 3,500 members who are owed approximately $122 each in compensatory (treble) damages, and their claims can be litigated in a straightforward manner, with little more effort than will be required to litigate the individual named plaintiffs' claims. As such, the Court's concern about "the unnecessary expenditure of judicial resources and duplicative work that litigation of a class action entails" is not implicated. (ECF Dkt. 154 at 11).

    a. *The Massachusetts class has not been afforded substantial compensatory relief to which it is entitled.*

The relief afforded by the Massachusetts Tips Act includes mandatory "treble damages, as liquidated damages." Mass. Gen. L. c. 149, § 150. The WCPA, in contrast, allows for discretionary exemplary damages "in an amount not to exceed three times the actual damages sustained" and includes a cap of $25,000 on those damages. RCW § 19.86.090 (a court "*may, in its discretion*, increase the award of damages") (emphasis added). These differing provisions regarding damages reflect a significant difference in the underlying policies of the two statutes.

The Massachusetts Legislature has made treble damages automatic and has characterized them as "liquidated damages," not punitive or exemplary damages. "[L]iquidated damages 'constitute[ ] compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." . . . By definition, therefore, liquidated damages are not punitive damages." *Matamoros*, 699 F.3d at 140; *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 797 (1945) (FLSA's liquidated damages provision "constitutes a Congressional recognition that failure to pay the statutory

PLAINTIFFS' MOTION TO REINSTATE MASSACHUSETTS CLAIMS AND FOR CERTIFICATION OF A MASSACHUSETTS CLASS AND MEMORANDUM IN SUPPORT THEREOF - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

minimum on time may be so detrimental to maintenance of the minimum standard of living "necessary for health, efficiency, and general well-being of workers" and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being"); *Schmitz v. Comm'r*, 34 F.3d 790, 796 (9th Cir. 1994) ("Liquidated damages are traditionally compensatory; punitive damages are not."); *Hill v. Garda CL Nw. Inc.*, 191 Wn.2d 553, 575, 424 P.3d 207, 218 (2018) ("[the] distinction between . . . *exemplary* damages . . . and . . . *liquidated* damages . . . is significant") (internal quotation marks omitted).

In contrast, the WCPA provides for discretionary exemplary damages, and there is some suggestion that these damages should be awarded sparingly pursuant to Washington public policy.[3]

Additionally, the right to bring a claim such as the Massachusetts claim here represents "the fundamental public policy of Massachusetts." *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10, 33 (1st Cir. 2020). The Massachusetts wage laws (of which the Massachusetts Tips Act is a part) contain two provisions indicating this fundamental public policy—first, the provision that employees may bring claims "for himself and for others similarly situated," Mass. Gen. L. c. 149, § 150, and second, the provision (in both the Tips Act itself and elsewhere in the Massachusetts wage laws) that "[n]o employer or person shall by a special contract with an employee *or by any other means* exempt itself from this section." Mass. Gen. L. c. 149, § 152A(g) (emphasis added). The First Circuit noted that these provisions evinced an intent on the part of the Massachusetts legislature to "provide[] even greater statutory protection for the right

---

[3] "Washington public policy favors a narrow rather than an expansive interpretation of the RCW 19.86.090 treble damages provision." *Pac. 5000, L.L.C. v. Kitsap Bank*, 22 Wash. App. 2d 334, 348, 511 P.3d 139, 147 (2022).

PLAINTIFFS' MOTION TO REINSTATE MASSACHUSETTS CLAIMS AND FOR CERTIFICATION OF A MASSACHUSETTS CLASS AND MEMORANDUM IN SUPPORT THEREOF - 9

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
Fair Work, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

to bring class claims in the employment context than in the consumer claims context."[4] *Waithaka*, 966 F.3d at 32.

The Court's reasoning in its original class certification decision, therefore, does not apply in the face of Massachusetts' strong public policy in favor of automatic treble damages under the Tips Act. The Massachusetts Amazon Flex drivers have not been made whole under the Massachusetts Tips Act—they are entitled to seek *automatic* treble damages as a matter of Massachusetts public policy.

          b.    *The Massachusetts claim is straightforward and contained and will not require an "unnecessary expenditure of judicial resources" or "duplicative work."*

The proposed Massachusetts class likely contains approximately 3,500 members. This class size is eminently manageable, and the work required to litigate the case for these class members is only marginally greater than the work that will be required to litigate the claims for the named plaintiffs. This is a key inquiry in considering superiority. *See, e.g.*, Newberg and Rubenstein on Class Actions § 4:72 (6th ed.) (the "manageability factor ... is, by the far, the most critical concern in determining" superiority); *cf. Seidel v. Gen. Motors Acceptance Corp.*, 93 F.R.D. 122, 126 (W.D. Wash. 1981) ("[M]anageability is and must be of fundamental concern in assessing . . . the broader question of class certification in general.").

Because this class is more contained and litigation of the class claims is straightforward, class litigation does not present manageability concerns, and there simply will not be an "unnecessary expenditure of judicial resources." ECF Dkt. 154 at 11. The litigation proves no more complicated with the Massachusetts class claim than it would be with the remaining named plaintiffs' claims. *See, e.g.*, *Klay v. Humana, Inc.*, 382 F.3d 1241, 1273 (11th Cir. 2004)

---

[4] The Tips Act is within the Massachusetts statutory scheme for employment claims and would therefore be a claim "in the employment context." *Waithaka*, 966 F.3d at 32.

PLAINTIFFS' MOTION TO REINSTATE
MASSACHUSETTS CLAIMS AND FOR CERTIFICATION
OF A MASSACHUSETTS CLASS AND MEMORANDUM IN
SUPPORT THEREOF - 10

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 ● FAX 617.488.2261
www.fairworklaw.com

(affirming that "district court acted well within its discretion in concluding that it would be better to handle this case as a class action instead of clogging the federal courts with innumerable individual suits litigating the same issues repeatedly."). Notably, it is not uncommon for courts to grant motions for certification of smaller classes after denying certification of a nationwide class.[5]

Here, in light of the discrete group of Massachusetts Amazon Flex drivers, with one straightforward claim, it is appropriate for the Court to certify the Massachusetts class.

### c. Under the Kamm factors, a Massachusetts class action is superior.

While not a necessary inquiry in determining superiority,[6] a review of the seven factors articulated by the Ninth Circuit in *Kamm v. California City Development Co.*, 509 F.2d 205, 212 (9th Cir. 1975), makes clear that a class action ***is*** superior for the Massachusetts claim. First, the litigation of the Massachusetts claim would not "duplicate" or "negate" the FTC settlement. *Kamm*, 509 F.2d at 212. There is substantial **compensatory** relief that has not been awarded to the Massachusetts class under the Massachusetts Tips Act. The FTC itself has recognized the

---

[5] *See, e.g., Bolden v. Walsh Const. Co.*, 688 F.3d 893, 899 (7th Cir. 2012) (After denial of certification of nationwide class, "Plaintiffs may choose to propose site- or superintendent-specific classes, which the district court may certify if all requirements of Rule 23(a) and Rule 23(b)(3) are met."); *Shvartsman v. Apfel,* 138 F.3d 1196, 1197 (7th Cir.1998) (affirming the trial court's decision denying plaintiffs "request for certification of a nationwide class, deciding instead to certify a class limited to plaintiffs in the Seventh Circuit"); *Flynn v. FCA US LLC*, 327 F.R.D. 206, 225–26 (S.D. Ill. 2018) ("The Court declines to certify nationwide MMWA class, as proposed by Plaintiffs. . . As to the state classes, the Court finds that common questions predominate."); *Neale v. Volvo Cars of N. Am., LLC*, 2017 WL 6055774, at *2-*3 (D.N.J. Dec. 6, 2017) (nationwide class denied, but state subclasses certified); *Precht v. Kia Motors Am., Inc.*, 2014 WL 10988343, at *14 (C.D. Cal. Dec. 29, 2014) (encouraging plaintiffs "to consider carefully whether a nationwide class can be sustained or whether smaller subclasses may be more appropriate"); *In re Welding Fume Prods. Liab. Litig.*, 245 F.R.D. 279, 294 ns. 87, 154, 177 (N.D. Ohio 2007) (discussing cases in which courts certified "a class smaller in size than the requested multi-state class").

[6] "*Kamm v. California City Development Company* does not hold that a prior public settlement necessarily defeats superiority for future class actions." *B.P. v. Balwani*, 2021 WL 4077008, at *2 (9th Cir. Sept. 8, 2021) (citing *Kamm*, 509 F.2d at 211).

PLAINTIFFS' MOTION TO REINSTATE
MASSACHUSETTS CLAIMS AND FOR CERTIFICATION
OF A MASSACHUSETTS CLASS AND MEMORANDUM IN
SUPPORT THEREOF - 11

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300, Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com
**Fair Work, P.C.**
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 ● FAX 617.488.2261
www.fairworklaw.com

propriety of additional claims relating to the tip misappropriation challenged here, noting both that "our current authorities could be improved" to provide more protection and that recovery "far beyond the restitution provided" in the FTC settlement was justified. (*See* Amazon Flex; Analysis of Proposed Consent Order to Aid Public Comment, 86 Fed. Reg. 26, p. 8912 ["FTC Analysis"], ECF Dkt. 110-01).

Second, the Massachusetts class action will not "require a substantial expenditure of judicial time." Discovery has already been completed, and all that remain are summary judgment briefing and trial. This work will be largely the same whether on behalf of the individual plaintiffs or on behalf of those plaintiffs and the Massachusetts class.

This is in contrast to *Kamm*, in which "[t]he class action would involve 59,000 buyers in separate transactions over a 14 year period, with part of the buyers desiring to retain their land." 509 F.2d at 212. All of the Massachusetts drivers were subject to the same policy, and the relief sought for them is identical and involves compensatory damages; the claim is not complicated by any issues regarding real property. The Massachusetts class involves a much smaller, more discrete, and easily identifiable group, estimated to be approximately 3,500 individuals, approximately 6% of the size of the proposed *Kamm* class (and approximately 2% of the size of the proposed nationwide class in this case).

The third *Kamm* factor, whether "[s]ignificant relief has been realized" in the FTC action, *id*., also weighs in favor of superiority. All Massachusetts Amazon Flex drivers are entitled to seek ***three times*** the amount they received from the FTC settlement in ***compensatory damages*** (as well as interest and attorneys' fees and costs). This is substantially more per driver than was obtained from the FTC settlement (again, as recognized by the FTC itself). Moreover, unlike under the WCPA, trebling is automatic—it must be entered upon a judgment of liability. The Massachusetts claim more closely resembles the claim in *B.P. v. Balwani*, in which the Ninth Circuit held that a superiority finding was appropriate where a prior state settlement "'did not comprehend the full scope of damages that might be available.'" 2021 WL 4077008, at *2 (9th Cir. Sept. 8, 2021).

PLAINTIFFS' MOTION TO REINSTATE MASSACHUSETTS CLAIMS AND FOR CERTIFICATION OF A MASSACHUSETTS CLASS AND MEMORANDUM IN SUPPORT THEREOF - 12

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300, Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 ● FAX 617.488.2261
www.fairworklaw.com

Fourth, the FTC has not "retained continuing jurisdiction," *id*., and, to the contrary, it has suggested the propriety of additional enforcement.

The fifth factor, "[n]o member of the class is barred from initiating a suit on his own behalf," *id*., also weighs in favor of superiority. In *Kamm*, each putative class member stood to gain significant amounts in monetary and potentially non-monetary relief individually, because the claims involved real estate, namely "an estimated 59,000 residential, commercial and industrial lots [sold] for an estimated $200 million." 509 F.2d at 207. Here, in contrast, the amounts owed under the Massachusetts Tips Act per class member are relatively small, an average of just over $100 per Massachusetts driver. (*See* Barrera-Perez Decl."] [**Ex. 2**], ¶ 7). Unlike in *Kamm*, individual class members are in effect "barred from initiating suit" by the low dollar value of each individual claim.

Allowing class adjudication of numerous small dollar-value claims is the very purpose of class actions and the precise situation in which class actions are superior. *See, e.g., Jammeh v. HNN Assocs., LLC*, 2020 WL 5407864, at *22 (W.D. Wash. Sept. 9, 2020) ("Concentrating thousands of similar and relatively small value claims in one class action is superior to the adjudication of thousands of individual actions.").

Finally, it is not the case here that "[d]efending a class action would prove costly to the defendants and duplicate in part the work expended over a considerable period of time in the [FTC] action." *Kamm*, 509 F.2d at 212. The work has largely been completed in this case, and the addition of a Massachusetts class claim does not substantially add to the work required to conclude the litigation.

The *Kamm* factors, therefore, weigh in favor of a superiority ruling.

        d.    *The Massachusetts class satisfies the four superiority elements of Rule 23(b)(3)*.

First, the class members are not likely to have a particular interest in controlling the litigation. Fed. R. Civ. P. 23(b)(3)(A). Many of them may not be aware that they have claims under the Massachusetts Tips Act and, under that statute, are entitled to automatic trebling of

PLAINTIFFS' MOTION TO REINSTATE MASSACHUSETTS CLAIMS AND FOR CERTIFICATION OF A MASSACHUSETTS CLASS AND MEMORANDUM IN SUPPORT THEREOF - 13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

damages. *See, e.g., Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, 242 F.R.D. 568, 573-74 (W.D. Wash. 2007) ("The nature of the claim in this case implies that most of the class members are not even aware that they have potentially suffered from an injury . . ."). And even if they were aware, the average recovery per class members is small—only a little more than $100. *See, e.g., Jaeger v. Zillow Grp., Inc.*, 746 F. Supp. 3d 1025, 1034-35 (W.D. Wash. 2024), *aff'd*, No. 24-6605, 2025 WL 2741642 (9th Cir. Sept. 26, 2025) ("Here, the average claim is likely too small to be maintained as an individual action.").

The Massachusetts legislature intended the Tips Act "to allow one or more courageous employees the ability to bring claims on behalf of other employees who are too intimidated by the threat of retaliation and termination to exercise their rights." *Machado v. System4 LLC*, 465 Mass. 508, 515 n.12 (2013). Whether because of lack of knowledge, lack of resources, and/or fear of reprisal, individual Massachusetts Amazon Flex drivers do not have an interest in individually challenging this practice under the Massachusetts Tips Act.

Second, as discussed in Section II.B.2.a, *supra*, the FTC settlement did not provide for substantial compensatory damages that are available under Massachusetts law, namely mandatory treble damages, and there is no other litigation "concerning the controversy" under the Massachusetts Tips Act. Fed. R. Civ. P. 23(b)(3)(B). Moreover, the FTC case has ended, and members of the FTC have publicly called for stronger and greater penalties and damages, noting "our current authorities could be improved . . . Clear rules and the threat of substantial civil penalties can deter wrongdoing." (FTC Analysis, p. 8912, ECF Dkt. 110-01).

Third, this District is an appropriate location for this dispute. Fed. R. Civ. P. 23(b)(3)(C). Amazon is a Washington corporation and "Washington has a strong interest … in preventing its corporations from engaging in unfair or deceptive trade practices in Washington or elsewhere." *Coe v. Philips Oral Healthcare, Inc.*, 2014 WL 5162912, at *3 (W.D. Wash. Oct. 14, 2014).

Fourth, as discussed in Section II.B.2.b, *supra*, management of this smaller class action will present no difficulties. The claim is straightforward, the relief is automatic, and the statute at issue is a strict liability statute, so there will be no thorny issues relating to intent, etc. *See, e.g.,*

PLAINTIFFS' MOTION TO REINSTATE MASSACHUSETTS CLAIMS AND FOR CERTIFICATION OF A MASSACHUSETTS CLASS AND MEMORANDUM IN SUPPORT THEREOF - 14

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

*Cooney v. Compass Group Foodservice*, 69 Mass. App. Ct. 632, 639 (2007) (Massachusetts Tips Act imposes "a type of strict liability to achieve its goal" of having workers retain all tips); *see also Bordeaux v. LTD Fin. Servs., L.P.*, 2017 WL 6619226, at *5 (D.N.J. Dec. 28, 2017) ("Because of the 'strict liability' nature of the FDCPA, a class action is a superior form of adjudication.").

Accordingly, class adjudication of the Massachusetts claim is superior.

## CONCLUSION

For the reasons set forth herein, Plaintiffs request that the Court grant this Motion.

## CERTIFICATE OF CONFERENCE

Pursuant to this Court's Standing Order for All Civil Cases, I certify that the parties conferred by telephone and e-mail concerning this motion and the relief requested herein. As a result of that conferral process, Defendants have stated that they intend to oppose.

By: */s/ Hillary Schwab*
Hillary Schwab, Admitted *Pro Hac Vice*

## LOCAL RULE 7(e)(4) CERTIFICATION

I certify that this combined motion and memorandum does not exceed 15 pages, in compliance with this Court's Standing Order for All Civil Cases.

By: */s/ Hillary Schwab*
Hillary Schwab, Admitted *Pro Hac Vice*

RESPECTFULLY SUBMITTED AND DATED this 18th day of November, 2025.

FAIR WORK, P.C.

By: */s/ Hillary Schwab*
Hillary Schwab, Admitted *Pro Hac Vice*
Email: hillary@fairworklaw.com
Brant Casavant, Admitted *Pro Hac Vice*
Email: brant@fairworklaw.com
Brook Lane, Admitted *Pro Hac Vice*

PLAINTIFFS' MOTION TO REINSTATE
MASSACHUSETTS CLAIMS AND FOR CERTIFICATION
OF A MASSACHUSETTS CLASS AND MEMORANDUM IN
SUPPORT THEREOF - 15

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300, Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
FAIR WORK, P.C.
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com

Email: brook@fairworklaw.com
192 South Street, Suite 450
Boston, Massachusetts 02111
Telephone: (617) 607-3260
Facsimile: (617) 488-2261

TERRELL MARSHALL LAW GROUP PLLC

By: */s/ Jennifer Rust Murray*
   Beth E. Terrell, WSBA #26759
   Email: bterrell@terrellmarshall.com
   Toby J. Marshall, WSBA #32726
   Email:  tmarshall@terrellmarshall.com
   Jennifer Rust Murray, WSBA #36983
   Email: jmurrary@terrellmarshall.com
   936 North 34th Street, Suite 300
   Seattle, Washington 98103
   Telephone: (206) 816-6603
   Facsimile: (206) 319-5450

*Counsel for Plaintiffs*

PLAINTIFFS' MOTION TO REINSTATE
MASSACHUSETTS CLAIMS AND FOR CERTIFICATION
OF A MASSACHUSETTS CLASS AND MEMORANDUM IN
SUPPORT THEREOF - 16

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300, Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com
**FAIR WORK, P.C.**
192 South Street, Suite 450, Boston, MA 02111
TEL. 617.607.3260 • FAX 617.488.2261
www.fairworklaw.com