1

THE HONORABLE BARBARA J. ROTHSTEIN

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

CHRISTOPHER CAIN, KIMBERLY HALO, KELLY KIMMEY, JUMA LAWSON, and PHILIP SULLIVAN,

Plaintiffs,

v.

AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,

Defendants.

Case No. 2:21-cv-00204-BJR

**DEFENDANTS AMAZON.COM, INC. AND AMAZON LOGISTICS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE MASSACHUSETTS CLAIMS AND MOTION FOR CERTIFICATION OF A MASSACHUSETTS CLASS; AND MOTION TO STRIKE MOTION FOR CERTIFICATION OF A MASSACHUSETTS CLASS**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE MASSACHUSETTS CLAIM AND MOTION TO CERTIFY MASSACHUSETTS CLASS; AND MOTION TO STRIKE MASSACHUSETTS CLASS CLAIM
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND .............................................................................................................. 2

ARGUMENT .................................................................................................................. 4

I.    Plaintiffs' Attempt to Reinstate Sullivan's MTA Claim Must Fail.................................. 4

    A.    Plaintiffs' Motion Is Procedurally Improper................................................. 4

    B.    Plaintiffs' Motion Fails Because Sullivan's MTA Claim Is Futile....................... 6

II.   Plaintiffs' Request to Certify the Massachusetts Class Should Be Stricken Or
      Denied........................................................................................................... 7

    A.    The Request Is Procedurally Improper. ...................................................... 7

    B.    Sullivan Cannot Make a Prima Facie Showing of Rule 23's Prerequisites........... 9

CONCLUSION............................................................................................................... 12

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
 – PAGE i
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## PRELIMINARY STATEMENT

Plaintiffs' last-ditch effort to revive their class action under Massachusetts law should be denied. After failing to certify a nationwide class under the Washington Consumer Protection Act ("WCPA"), Plaintiffs now seek to "reinstate" a previously-dismissed Massachusetts Tips Act ("MTA") claim on behalf of the only Plaintiff who could have standing to pursue such a claim, Philip Sullivan, and to simultaneously certify a Massachusetts class. No basis exists for granting either request.

Plaintiffs' attempt to reinstate Sullivan's MTA claim fails. As a threshold matter, the motion is procedurally improper. No procedural mechanism for "reinstating" a dismissed claim exists in this context. Unsurprisingly, Plaintiffs cite no authority to support the request. The deadline for seeking leave to file what would have been a fourth amended complaint has long since passed. And any such request would have required Plaintiffs to establish good cause to modify the Court's scheduling order under Federal Rule of Civil Procedure ("FRCP") 16(b), which Plaintiffs have not even attempted to do. Moreover, the proposed reinstatement of Sullivan's MTA claim is futile. Plaintiffs chose to litigate this case under Washington law and pleaded state-law theories only in the alternative. This Court has already correctly determined that Washington law applies to this action and the WCPA applies to the nationwide class. On that basis, the Court dismissed Sullivan's MTA claim. Nothing has occurred to call that law of the case into question.

Plaintiffs' companion request to certify the Massachusetts class should be stricken and denied. As an initial matter, there is nothing to certify. And even if the Court were to "reinstate" Sullivan's MTA claim (which it should not), Amazon would have the opportunity to move to dismiss the claim on the basis, among others, that Washington law governs this action, and Sullivan cannot pursue an MTA claim against Amazon. And should an MTA claim be allowed to proceed (it should not), Amazon would have the right to take class discovery on the claim, before any class certification briefing. In any event, Sullivan could not make a prima facie showing sustaining class action allegations under Rule 23 even were his MTA claim reinstated. The Court

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 1
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1  has already determined, in the context of Plaintiffs' prior class certification motion, that the Federal

2  Trade Commission ("FTC") proceeding was the superior mechanism for resolving this dispute.

3  That reasoning applies with full force to a putative Massachusetts class.  For all these reasons,

4  Plaintiffs' motion to certify should be stricken or denied.

5  **BACKGROUND**

6  On June 3, 2021, Plaintiffs filed a Second Amended Complaint ("SAC") on behalf of a

7  nationwide class of Amazon Flex ("Flex") Delivery Partners ("DPs") alleging that Amazon

8  wrongfully misallocated tips paid to them by delivery customers.  Dkt. 35 ¶¶ 1, 3, 20, 44-45.

9  Plaintiffs asserted two WCPA claims on behalf of the putative nationwide class.  *Id.* ¶¶ 1, 44-45,

10  64-80.  Each individual Plaintiff also advanced, in the alternative, putative sub-class claims under

11  various state law consumer protection or tips statutes for the states in which they had made Flex

12  deliveries.  *Id.* ¶¶ 2, 6-20, 46-57.  Plaintiff Sullivan, the only DP who had made deliveries in

13  Massachusetts, brought a claim under the MTA on behalf of a Massachusetts sub-class.  *Id.* ¶¶ 56-

14  57.  Sullivan brought his MTA claim "[a]s an alternative class, *if the Washington Consumer

15  Protection Act [did] not apply to all nationwide class members.*"  *Id.* ¶ 56 (emphasis added).

16  On June 21, 2024, Amazon moved to dismiss the SAC.  Dkt. 83.  In relevant part, Amazon

17  argued that Washington law governed this dispute.  Accordingly, Amazon contended that

18  Plaintiffs' alternative state-law claims, including those under the MTA, should be dismissed

19  because they could not pursue duplicative, back-up state law claims in parallel.[1]  The Court

20  concurred, holding that Washington law applied, and under Ninth Circuit law, once a court

21  determines a single state's law governs (such as where there is no choice of law dispute, as here),

22  Plaintiffs may not pursue alternative state law claims.  Dkt. 99 at 10-11; *see also* Dkt. 83 at 9-10.[2]

23

24  [1] Amazon did not concede that Plaintiffs met the requirements to have a nationwide class certified under Rule 23, and indeed Plaintiffs failed to do so.

25  [2] Amazon also moved to dismiss the MTA claim because Sullivan failed to plead facts supporting
26  that DPs "customarily receive tips or gratuities," as required by the MTA.  Dkt. 83 at 15-16.  The Court did not reach this issue because it dismissed the MTA claim on the basis that Washington law applied.

27  DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 2
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

1    On October 23, 2024, the Court dismissed certain of Plaintiffs' state law claims with prejudice as

2    unopposed, and the remaining state claims without prejudice, including Sullivan's MTA claim.

3    Dkt. 99 at 10-11.

4          Until the instant motion, Sullivan had given no indication that he intended to pursue his

5    MTA claim in any way.  He did not seek reconsideration or interlocutory review of the Court's

6    order dismissing the MTA claim.  Instead, on December 11, 2024, Sullivan, together with other

7    Plaintiffs, filed a Third Amended Complaint ("TAC") excising entirely his Massachusetts claim.

8    Thereafter, the parties proceeded with discovery exclusively on the putative nationwide class

9    claims under the WCPA.

10         After six months of discovery, in January 2025, and in accordance with the case

11   management schedule, Dkt. 86, Plaintiffs sought certification of a nationwide class under the

12   WCPA.  Dkt. 110.  On July 1, 2025, the Court denied class certification, Dkt. 154, concluding that

13   class treatment was not the superior method to adjudicate Plaintiffs' claims.  The Court's decision

14   was primarily based on three factors:

15         •    The prior grant of comprehensive relief to putative class members through a settlement

16              between Amazon and the FTC involving the same issues;

17         •    The FTC's continuing jurisdiction and enforcement mechanisms; and

18         •    The limited incremental remedies available to putative class members after restitution

19              had been provided, which did not justify the judicial resources to duplicate the FTC's

20              work.

21         Following denial of class certification, on July 15, 2025, Plaintiffs sought permission for

22   interlocutory appellate review under Rule 23(f).  The Court of Appeals denied Plaintiff's petition

23   for permission to appeal.  Order Denying Petition for Permission to Appeal, *Halo et al.* v.

24   *Amazon.com et al.*, No. 25-4393 (9th Cir. Aug. 26, 2025), Dkt. 11.1.

25         Thereafter, this Court set the remaining case management schedule through trial.  Dkt. 161.

26   With summary judgment briefing a mere month away, Plaintiffs seek to revive Sullivan's long

27

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 3
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

1    dismissed MTA claim and moved for immediate certification of a class under the MTA.  Dkt. 162.

2                                                    **ARGUMENT**

3    **I.    Plaintiffs' Attempt to Reinstate Sullivan's MTA Claim Must Fail.**

4           **A.    Plaintiffs' Motion Is Procedurally Improper.**

5           Although Plaintiffs style their motion as a "Motion to Reinstate," they cite no relevant rule

6    or case law permitting reinstatement in this context—namely, when a plaintiff has chosen to

7    pursue, unsuccessfully, a nationwide class claim following dismissal of an alternative state law

8    claim.  The crux of Plaintiffs' argument appears to be that because the Court dismissed Sullivan's

9    MTA claim without prejudice, he is free to "reinstate" it in this same litigation at will.  Mot. at 3.

10   Neither of the cases Plaintiffs cite stands for such a proposition.  *See id.* (citing *Semtek Int'l Inc.*

11   v. *Lockheed Martin*, 531 U.S. 497, 505 (2001) and *McNabb* v. *Yates*, 576 F.3d 1028, 1029 (9th

12   Cir. 2009)).  At most, both cases stand for the unremarkable proposition that a litigant may be able

13   to litigate a claim that was dismissed without prejudice.  *Semtek*, 531 U.S. at 505–06 (commenting

14   that "dismissal without prejudice" means that such dismissal "does not bar the plaintiff from

15   refiling the lawsuit within the applicable limitations period") (citation omitted); *McNabb*, 576 F.3d

16   at 1029 (commenting that a habeas corpus petition "dismissed without prejudice for failure to

17   exhaust state remedies" has not been adjudicated on the merits).

18          But neither case involves a fact pattern similar to this one.  In *Semtek*, the plaintiff brought

19   claims in a California state court for breach of contract and various torts.  *Semtek*, 531 U.S. at 499.

20   The defendants removed the case to federal court and there successfully moved to dismiss it as

21   being barred by a two-year statute of limitations.  *Id.  Semtek* ultimately stands for the proposition

22   that the plaintiff there was not claim-precluded from bringing its case in Maryland, where it did

23   not face the same statute of limitations disqualification.  *Id.* at 509.  *McNabb* involved entirely

24   different facts, where the Court held that a second habeas corpus petition would be considered

25   "'second or successive' for purposes of 28 U.S.C. § 2244(b) . . . if it raises claims that were or

26   could have been adjudicated on the merits," which would not include petitions "dismissed without

27

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 4
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

prejudice for failure to exhaust state remedies." 576 F.3d at 1029. Such a situation is obviously inapposite to the one Sullivan is in. Moreover, neither case discusses the procedural mechanism of reinstatement that Plaintiffs seek here.

Had Sullivan wished to pursue his MTA claim after this Court dismissed it, he could have moved for reconsideration or sought interlocutory review. He did not. Instead, recognizing that this Court's decision precluded him from both pursuing nationwide class claims under the WCPA and an MTA claim on behalf of a sub-class of Massachusetts DPs in the same lawsuit, Sullivan and the other Plaintiffs filed their TAC excising the MTA claim. *See* Dkt. 100-1 at 18–19 (redline of TAC showing the deletion of the MTA claim). Sullivan has thus waived his MTA claim. *See Sloan* v. *Nance*, No. 2:23-cv-00019-TSZ-BAT, 2023 WL 11821157, at *2 (W.D. Wash. Feb. 6, 2023) (An ". . . amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived.") (citing *Forsyth* v. *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). This Court has no procedural basis for now allowing Sullivan to simply "reinstate" it.

Plaintiffs recognize as much because they have styled this motion as one to "reinstate" rather than "amend."[3] Even if Sullivan could demonstrate that he has not waived the MTA claim (he cannot), any further amendment would require that he first seek and obtain Amazon's consent or leave of court to do so, under FRCP 15(a)(2). Further, the deadline to amend under the case management schedule was February 7, 2025, and has long since passed. *See* Dkt. 86. If Sullivan had sought to amend the TAC, he would have had to move under FRCP 16(b) for the Court to modify the schedule. Such a request would require Sullivan to show that a modification is justified

---

[3] The procedural deficit of Plaintiffs' motion is highlighted by the fact that it is being brought by all of them. Only Sullivan would have had standing to pursue a MTA claim on behalf of a class of Massachusetts DPs. *See Spencer* v. *Walmart Inc.*, 2025 WL 2910569, at *3 (W.D. Wash., Oct. 14, 2025) ("In the context of a class action, the class representatives must have standing.") (Rothstein, J.); *Carpenter* v. *PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1038 (S.D. Cal. 2020) ("As the party advocating for the application of other states' laws, Plaintiff must make at least a prima facie showing that the other states' laws apply to him such that he would have standing to bring that claim.").

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 5
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

1  "for good cause," which "primarily considers the diligence of the party seeking the amendment."

2  *Suta* v. *Home Depot, Inc.*, No. C22-0744RSL, 2023 WL 5015964, at *1 (W.D. Wash. Aug. 7,

3  2023).  Sullivan makes no argument relating to good cause in his motion.  In any event, he plainly

4  fails to meet the diligence standard—having waited over a year since his MTA claim was

5  dismissed, and over ten months since the deadline to amend the TAC passed.

6      Plaintiffs' motion to reinstate should be denied because it lacks any procedural basis.

7  **B.    Plaintiffs' Motion Fails Because Sullivan's MTA Claim Is Futile.**

8      Even if Plaintiffs could overcome the procedural deficit for "reinstating" Sullivan's MTA

9  claim, such a claim is futile.  Plaintiffs ignore that this Court has already addressed Sullivan's

10  attempts to bring a claim under Massachusetts law in this litigation and correctly dismissed the

11  MTA claim.  In its ruling on Amazon's Motion to Dismiss Plaintiffs' SAC, the Court held that

12  Washington law applies to this dispute, explaining that "no choice-of-law analysis is necessary

13  because there is no conflict of laws issue presented."[4] Dkt. 99 at 10; *see Thornell* v. *Seattle Serv.*

14  *Bureau, Inc.*, 184 Wash. 2d 793, 804 (2015) ("Under the CPA, an out-of-state plaintiff may bring

15  a claim against a Washington corporate defendant for allegedly deceptive acts.").  Accordingly,

16  the Court dismissed the alternative state law claims, including the MTA claim.  Dkt. 99 at 11; *see*

17  *also*, *Cimoli* v. *Alacer Corp.*, 587 F.Supp.3d 978, 988 (N.D. Cal. 2022) (Where Plaintiff attempts

18  to bring claims under two states' consumer protection laws, "[c]hoice of law requires determining

19  the *single* state's substantive law that applies to a particular plaintiff's claims." (emphasis in

20  original)); *Anapoell* v. *Am. Express Bus. Fin. Corp.*, No. 2:07–CV–198–TC, 2007 WL 4270548,

21  at *13 (D. Utah Nov. 30, 2007) (Plaintiff "cannot have it both ways"; once one state's law is found

22

23  [4] A conflict of laws analysis would have yielded the same result.  In its Motion to Dismiss, Amazon
24  agreed that Washington law applied to this action.  To be sure, the Flex Independent Contractor
    Terms of Service designates Washington as the governing law.  *See* Dkt. 63-1 at 17, Ex. C
25  (Amazon Flex Site Terms (September 20, 2016); Applicable Law: "By visiting the Site, you agree
    that the Federal Arbitration Act, applicable federal law, and the laws of the State of Washington,
26  without regard to principles of conflict of laws, will govern these Site Terms and any dispute of
    any sort that might arise between you and Amazon.").

27
DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 6
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

to apply, the Court cannot grant relief under a different state's law, but dismiss that claim.).

Sullivan has never taken the position that the WCPA does not apply to all DPs, including those who delivered in Massachusetts. His alternative state law claim was asserted ". . . if the WCPA [did] not apply to all individuals who have performed Amazon Flex delivery driver services in the United States. . . ." Dkt. 35 ¶ 2. This Court found that the WCPA applied. Sullivan pursued his claims under the WCPA for over year. This Court's denial of class certification was based on Plaintiffs' failure to demonstrate superiority, not that Plaintiffs pursued their claim under the wrong law. *See* Dkt. 154 at 11. Further, this Court's decision on the applicability of Washington law to Plaintiffs' claims remains the "law of the case," and thus this Court should not "reexamin[e] an issue previously decided by the same court, or a higher court, in the same case." *See U.S.* v. *Jingles*, 702 F.3d 494, 499 (9th Cir. 2012) (citing *Richardson* v. *United States,* 841 F.2d 993, 996 (9th Cir. 1998)). This Court explicitly decided that the WCPA applied because there was no choice of law dispute, and Sullivan has not otherwise demonstrated that the "law of the case" doctrine is inapplicable.

*                    *                    *

In short, Plaintiffs' claim for reinstatement of Sullivan's MTA claim should be denied. Sulivan lacks the procedural basis for reinstating his claim. Sullivan also has no legal basis for his MTA claim, and it would be futile to allow him to reinstate it.

## II.    Plaintiffs' Request to Certify the Massachusetts Class Should Be Stricken Or Denied.

Plaintiffs also move to certify a claim of Massachusetts DPs under the MTA. First, it is procedurally improper. Second, even were this Court to reinstate Sullivan's MTA claim (which it should not), he has no viable class claim given this Court's previous class certification ruling, and any class allegations should be stricken under FRCP 12(f). Thus, his motion to certify the class should be stricken or denied.

### A.    The Request Is Procedurally Improper.

The deadline for Plaintiffs to file their Motion for Class Certification was March 14, 2025.

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 7
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

Dkt. 86. The current schedule does not contemplate any such additional motions for class certification. Dkt. 161. Sullivan should have first sought this Court's consent to file a motion for class certification if his MTA claim were reinstated, rather than assuming he could create his own schedule. *See* Fed R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). Having failed to seek permission or make any showing of good cause, Plaintiffs' motion should be stricken.

In any event, Sullivan cannot demonstrate good cause. As explained above, Sullivan cannot demonstrate sufficient diligence in pursuing his MTA claim. *See supra* at section (I)(A). Moreover, permitting Sullivan to seek class certification before a decision on the motion for reinstatement unfairly prejudices Amazon. *See Johnson* v. *Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that prejudice to the non-moving party in addition to lack of diligence "might supply additional reasons to deny a motion" to modify a schedule). That sequence circumvents the orderly procedures contemplated by the FRCP and the Court's local rules governing case schedules.

Were this Court to grant Plaintiffs' motion, Amazon should have the opportunity to move to dismiss the MTA claim. Indeed, Amazon moved to dismiss Plaintiffs' state-law claims as pleaded in the SAC, including the MTA claim, but the Court had no occasion to reach those arguments. Moreover, Amazon would also be entitled to take discovery before opposing class certification.[5] Sullivan cannot leapfrog those threshold steps. Forcing Amazon to brief and oppose

---

[5] As set forth further in section B, *infra*, the Court can deny Sullivan's motion to certify outright. But if not, Amazon should be entitled to additional discovery. For instance, additional discovery would likely find that common issues would not predominate with respect to whether the class members "customarily receive[d] tips or gratuities," as required by the MTA, because certain DPs made non-tip-eligible deliveries. *See* Dkt. 83 at 13-14 (". . . by Plaintiffs' own allegations, tipping is not custom. Specifically, Plaintiffs allege that 'on some transactions through Amazon Flex, customer may add tips for their drivers'"); *see also* Dkt. 128 at 2 ("DPs also delivered non-tip eligible orders placed on Amazon.com."). Moreover, Plaintiffs have taken the position that the discovery rule applies to determine the applicable statute of limitations. Mot. at 4 n.1. Amazon is entitled to discovery regarding the date upon which the Massachusetts class members became aware of Amazon's use of the VBP model, because discovery thus far has shown that Amazon's

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 8
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

1    class certification now—without an operative Massachusetts claim and without the benefit of class

2    discovery—is prejudicial. *Vinole* v. *Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir.

3    2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not

4    resolve the question of class certification and that some discovery will be warranted."); *Kamm* v.

5    *Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be

6    determined in some cases without discovery.").

7        For all the foregoing reasons, the Court should strike the motion to certify as procedurally

8    improper.

9    **B.    Sullivan Cannot Make a Prima Facie Showing of Rule 23's Prerequisites.**

10       Were the Court to reinstate Sullivan's MTA claim, Amazon would move to strike any class

11   allegations under FRCP 12(f), which provides that a Court may strike any claim that is "redundant,

12   immaterial, impertinent, or scandalous."  "The function of a 12(f) motion to strike is to avoid the

13   expenditure of time and money that must arise from litigating spurious issues by dispensing with

14   those issues prior to trial." *Adan* v. *Swedish Health Servs.*, No. 2:23-cv-012660TL, 2024 WL

15   2398208, at *4 (W.D. Wash. May 23, 2024) (citing *Whittlestone, Inc.* v. *Handi-Craft Co.*, 618

16   F.3d 970, 973 (9th Cir. 2010)).  The decision to grant a motion to strike lies within the sound

17   discretion of the Court. *Figueroa* v. *Kern Cnty.*, 506 F. Supp. 3d 1051, 1056 (E.D. Cal. 2020).

18       "[A] court may strike class allegations if the plaintiff cannot make a *prima facie* showing

19   of Rule 23's prerequisites." *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d 1255, 1271 (W.D.

20   Wash. 2023) (internal quotation marks and alterations omitted) (quoting *Cashatt* v. *Ford Motor

21   Co.*, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27, 2020)).  Class allegations should be stricken

22   when it is "clear" from the face of the class claims that "no class can be certified." *Naiman* v. *Alle*

23   *Processing Corp.*, 706 F. Supp. 3d 892, 901 (D. Ariz. 2020).  Striking class allegations can happen

24   before discovery where, as here, the class claims are "obviously defective in some way." *Ott* v.

25

26   use of VBP was made widely public on social media and otherwise.  Dkt. 133 at 12-13.  Such
     discovery would further show that common issues do not predominate.

27   DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
     MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
     MASSACHUSETTS CLASS; AND MOTION TO STRIKE
     MASSACHUSETTS CLASS CLAIM
     – PAGE 9
     Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

1    *Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1062 (D. Or. 2014) (quoting *Perkins* v. *LinkedIn*

2    *Corp.*, 53 F.Supp.3d 1190, 1221 (N.D. Cal. June 12, 2014)).

3    If this Court reinstates Sullivan's MTA claim, any class allegations should be stricken

4    because the Court's rationale for rejecting class certification under the WCPA for failure to

5    establish superiority applies equally to Sullivan's request to certify a Massachusetts class under

6    the MTA.  Under FRCP 23(b)(3), Sullivan must demonstrate "that a class action is superior to

7    other available methods for fairly and efficiently adjudicating the controversy."  In its order on

8    Plaintiffs' prior motion to certify a nationwide class under the WCPA, the Court correctly held—

9    and the Ninth Circuit affirmed when it denied Plaintiffs' petition for interlocutory appeal under

10   Rule 23(f)—that Plaintiffs failed to establish superiority.

11   As the Court is well aware, the FTC already took enforcement action and secured a

12   settlement with Amazon through which Plaintiffs, including Sullivan, received full restitution

13   representing the entire amount of the allegedly wrongfully allocated tips.  And as the Court held

14   in its order denying class certification, a class action may not be the superior mechanism where

15   administrative avenues have already provided complete relief.  Dkt. 154 at 10-11; *see also Harvey*

16   v. *Centene Mgmt. Co. LLC*, No. 2:18-cv-00012-SMJ, 2020 WL 2411510, at *4 (E.D. Wash. May

17   12, 2020) ("Courts have found, where administrative avenues to relief . . . exist, that a putative

18   class action is not a superior mechanism for adjudicating disputes."); *Kamm*, 509 F.2d at 210–12

19   (affirming a dismissal of plaintiffs' class complaint for lack of superiority in a matter where

20   "[s]ignificant relief had been realized in the state action through . . . restitution to many members

21   of the class"); *Conde* v. *Sensa*, No.: 14-cv-51 JLS WVG, 2018 WL 4297056, at *14–16 (S.D. Cal.

22   Sept. 10, 2018) (finding a lack of superiority in a litigation following an FTC settlement where:

23   (1) "the class action would require a substantial expenditure of judicial time [and] largely duplicate

24   the work of the FTC investigation and resulting settlement"; (2) "the class would involve

25   thousands [of class members] over a period of approximately six years"; and (3) "the FTC

26   settlement has provided significant relief to some class members to the tune of $26.5 million"

27   DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 10
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

1    (internal quotation marks omitted)); *Imber-Gluck* v. *Google Inc.*, No. 5:14-cv-01070-RMW, 2015

2    WL 1522076, at *2-3 (N.D. Cal. Apr. 3, 2015) (Where defendant previously entered into a consent

3    order with the FTC, including monetary compensation and an injunction, the court denied class

4    certification because "[a] class action would require a substantial expenditure of judicial time

5    which would largely duplicate the work of the 18 month FTC investigation . . . The FTC settlement

6    provides significant relief in the form of a complete refund and an injunction." (internal quotation

7    marks omitted)).

8        The Court's reasoning in declining to certify the WCPA claim applies with equal force

9    here. ***First***, the Court refused to certify the WCPA class in part because, "the possibility of

10   recovering punitive damages is not sufficient justification for duplicating the efforts and

11   comprehensive relief already provided in the FTC settlement." Dkt. 154 at 11. In their motion,

12   Plaintiffs posit that a different conclusion is warranted and superiority can be satisfied for the MTA

13   claim because the Massachusetts class members purportedly have access to mandatory relief not

14   available in the FTC settlement. Mot. at 7. Thus, Plaintiffs assert, there is no uncertainty regarding

15   the additional compensatory relief entitled to the Massachusetts putative class. *Id.* at 8.

16       Any additional recovery under the MTA still remains only a possibility because liquidated

17   treble damages still depend on Sullivan to establish an MTA violation. There is no automatic

18   award of liquidated treble damages in the absence of liability. That prospect should not justify

19   duplicating the extensive efforts already undertaken in the FTC matter and does not change the

20   Court's analysis. Accordingly, the Court's conclusion that the perceived availability of additional

21   damages does not undermine the superiority of the FTC process applies equally here.

22       ***Second***, the Court also declined to certify the WCPA class due to the "unnecessary

23   expenditure of judicial resources and duplicative work that litigation of a class action entails."

24   Dkt. 154 at 11. Plaintiffs contend that the Massachusetts class is more manageable than a

25   nationwide WCPA class. Mot. at 7-8. Though the proposed class here may have fewer members

26   than a nationwide class, a class of approximately 3,500 members is hardly "discrete." Mot. at 11.

27

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 11
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

And in any event, the Court's concern was not principally the class size, but the needless consumption of judicial resources and duplication of work to litigate a class action where class members have already been made whole. That remains true for the putative Massachusetts class.

Because Sullivan would not have viable class allegations were his MTA claims to be reinstated, Plaintiffs' motion to certify a Massachusetts class should be denied. The Court need not reach the remaining Rule 23 requirements because without superiority, Sullivan's class allegations fail. Dkt. 154 at 11 ("Accordingly, the Court concludes that Plaintiffs have not met their burden to satisfy the superiority requirement under Rule 23(b)(3). Further analysis of the Rule 23 factors is unnecessary, and the motion for class certification is denied."). Despite this Court's previous order, should the Court conclude that the remaining Rule 23 requirements need evaluating prior to denial of Plaintiffs' motion for class certification, Amazon respectfully requests it be given the full opportunity to oppose the motion on an appropriate schedule.

## CONCLUSION

For the foregoing reasons, the Court should deny the motion to reinstate the Massachusetts claim and should strike or deny the motion to certify a Massachusetts class.

DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY
MASSACHUSETTS CLASS; AND MOTION TO STRIKE
MASSACHUSETTS CLASS CLAIM
– PAGE 12
Case No. 2:21-cv-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX
+1.206.274.6401

1    DATED: December 19, 2025

2

3
                                    By: */s/ Andrew DeCarlow*
4                                   Andrew DeCarlow, WSBA No. 54471
                                    Email: andrew.decarlow@morganlewis.com
5                                   MORGAN, LEWIS & BOCKIUS LLP
                                    1301 Second Avenue, Suite 3000
6                                   Seattle, WA 98101
7                                   Phone: (206) 274-6400

8                                   Walter F. Brown (*Pro Hac Vice*)
                                    Email: wbrown@paulweiss.com
9                                   Shawn M. Estrada (*Pro Hac Vice*)
                                    Email: sestrada@paulweiss.com
10                                  Marco A. Torres (*Pro Hac Vice*)
                                    Email: mtorres@paulweiss.com
11                                  PAUL, WEISS, RIFKIND, WHARTON
12                                  & GARRISON LLP
                                    535 Mission Street, 25th Floor
13                                  San Francisco, CA 94105
                                    Telephone: (628) 432-5100
14                                  Facsimile: (628) 232-3101

15                                  Amy L. Barton (*Pro Hac Vice*)
16                                  Email: abarton@paulweiss.com
                                    Matthew P. Merlo (*Pro Hac Vice*)
17                                  Email: mmerlo@paulweiss.com
18                                  PAUL, WEISS, RIFKIND, WHARTON
                                    & GARRISON LLP
19                                  1285 Avenue of the Americas
                                    New York, NY 10019-6064
20                                  Telephone: (212) 373-3000
                                    Facsimile: (212) 757-3990
21

22                                  *Attorneys for Defendant Amazon.com, Inc. and*
                                    *Amazon Logistics, Inc.*
23

24

25

26

27
DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE                    **MORGAN, LEWIS & BOCKIUS LLP**
MASSACHUSETTS CLAIM AND MOTION TO CERTIFY                           ATTORNEYS AT LAW
MASSACHUSETTS CLASS; AND MOTION TO STRIKE                      1301 SECOND AVENUE, SUITE 3000
MASSACHUSETTS CLASS CLAIM                                        SEATTLE, WASHINGTON 98101
 – PAGE 13                                                       TEL +1.206.274.6400 FAX
Case No. 2:21-cv-00204-BJR                                          +1.206.274.6401

1

## PAGE LIMITATION CERTIFICATION

2      I certify that this memorandum is 12 pages, within the 15-page limit allotted to all

3   motions, oppositions, and objections as required by the Section (II)(A) of the Court's Standing

4   Order for all Civil Cases.

5      DATED: December 19, 2025

6

7                                    By: */s/ Andrew DeCarlow*
                                     Andrew DeCarlow, WSBA No. 54471
8                                    Email: andrew.decarlow@morganlewis.com
                                     MORGAN, LEWIS & BOCKIUS LLP
9                                    1301 Second Avenue, Suite 3000
                                     Seattle, WA 98101
10                                   Phone: (206) 274-6400

11                                   Walter F. Brown (*Pro Hac Vice*)
12                                   Email: wbrown@paulweiss.com
                                     Shawn M. Estrada (*Pro Hac Vice*)
13                                   Email: sestrada@paulweiss.com
                                     Marco A. Torres (*Pro Hac Vice*)
14                                   Email: mtorres@paulweiss.com
                                     PAUL, WEISS, RIFKIND, WHARTON
15                                   & GARRISON LLP
16                                   535 Mission Street, 25th Floor
                                     San Francisco, CA 94105
17                                   Telephone: (628) 432-5100
                                     Facsimile: (628) 232-3101
18

19                                   Amy L. Barton (*Pro Hac Vice*)
                                     Email: abarton@paulweiss.com
20                                   PAUL, WEISS, RIFKIND, WHARTON
                                     & GARRISON LLP
21                                   1285 Avenue of the Americas
                                     New York, NY 10019-6064
22                                   Telephone: (212) 373-3000
                                     Facsimile: (212) 757-3990
23

24                                   *Attorneys for Defendant Amazon.com, Inc. and*
                                     *Amazon Logistics, Inc.*
25

26

27   DEFENDANTS' OPPOSITION TO MOTION TO REINSTATE          **MORGAN, LEWIS & BOCKIUS LLP**
     MASSACHUSETTS CLAIM AND MOTION TO CERTIFY                    ATTORNEYS AT LAW
     MASSACHUSETTS CLASS; AND MOTION TO STRIKE              1301 SECOND AVENUE, SUITE 3000
     MASSACHUSETTS CLASS CLAIM                                SEATTLE, WASHINGTON 98101
     – PAGE 14                                               TEL +1.206.274.6400 FAX
     Case No. 2:21-cv-00204-BJR                                   +1.206.274.6401