THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER CAIN, KIMBERLY HALO, KELLY KIMMEY, JUMA LAWSON, and PHILIP SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. 2:21-cv-00204-BJR<br><br>**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *FLOWERS FOODS, INC. v. BROCK*** |

DEFENDANTS' MOTION TO
STAY PENDING *FLOWERS FOODS* - i
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400

## I. INTRODUCTION

From the start of this lawsuit, Amazon has maintained that Plaintiffs agreed to arbitrate their claims and that their agreements are valid and enforceable. The Court disagreed with Amazon and held that under Ninth Circuit precedent, Plaintiffs' agreements are exempt from the Federal Arbitration Act ("FAA") as "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. According to *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), intrastate deliveries from Amazon warehouses can qualify as engaging in interstate commerce for Section 1's purposes even though the drivers do not cross state lines to make the deliveries. *See* Dkt. No. 47, at 7-8. After the Ninth Circuit affirmed this Court's decision, Amazon asked the Supreme Court to grant certiorari to resolve a circuit split over how to classify local, intrastate delivery for purposes of the FAA exemption. But Amazon's cert petition did not garner the votes needed for the Supreme Court to resolve the circuit split at that time. *See Amazon.com, Inc. v. Miller*, 144 S. Ct. 1402 (2024).

Recently, the Supreme Court granted a cert petition raising the same issue. *See Flowers Foods, Inc. v. Brock*, — S. Ct. —, 2025 WL 2949574 (2025). In that case, the Court will decide: "Are workers who deliver locally goods that travel in interstate commerce—but who do not transport the goods across borders nor interact with vehicles that cross borders—'transportation workers' 'engaged in foreign or interstate commerce' for purposes of the Federal Arbitration Act's § 1 exemption?" Petition for a Writ of Certiorari at i, *Flowers Foods, Inc. v. Brock*, 2025 WL 674993 (U.S.). The petitioner in that case expressly asks the Supreme Court to overrule the Ninth Circuit's interpretation of the FAA exemption. The case therefore raises an outcome-determinative issue for the enforceability of Plaintiffs' arbitration agreements in this case. Amazon wishes to preserve its ability to compel arbitration in accordance with those agreements. Accordingly, Amazon asks this Court for a brief stay of this litigation pending the Supreme Court's forthcoming decision in *Flowers Foods*, which is likely to conclusively resolve the enforceability of Plaintiffs'

DEFENDANTS' MOTION TO
STAY PENDING *FLOWERS FOODS* - 1
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400

arbitration agreements no later than June 2026. Courts regularly stay litigation when a Supreme Court case may provide controlling guidance. This Court should do so here.[1]

## II.  RELEVANT BACKGROUND

Plaintiffs accuse Amazon of unfair and deceptive acts and practices under the Washington Consumer Protection Act ("WCPA") in communicating that 100% of customer tips were paid to Amazon Flex Delivery Partners for certain delivery services. Their core allegation is that Delivery Partners were allegedly harmed by this statement because Amazon's Variable Base Pricing methodology allocated customer tips in a manner that was inconsistent with this statement. *See* Third Am. Compl. (Dkt. No. 101) ¶ 1. The lawsuit came on the heels of an announcement by the Federal Trade Commission ("FTC") that Amazon had agreed to settle similar allegations for $61,710,583, "the full amount" of the allegedly wrongfully allocated tips during the relevant period. Dkt. No. 130-20, at 1, 3.

In response to Plaintiffs' initial complaint, Amazon moved to compel arbitration and stay the litigation. Dkt. No. 28. After briefing and argument, the Court denied the motion. Dkt. No. 47. The Court held, in pertinent part, that the Ninth Circuit's *Rittmann* decision was controlling. In *Rittmann*, "the Ninth Circuit considered whether a group of Amazon Flex drivers belonged to a class of workers engaged in interstate commerce and were thus exempt from the FAA." *Id.* at 7. The *Rittmann* court rejected Amazon's arguments that "deliveries from Amazon warehouses did not implicate the FAA's interstate-commerce exemption because the drivers did not cross state lines in making those deliveries." *Id.* at 7-8. It sufficed, according to *Rittmann*, that the intrastate deliveries were "part of a continuous interstate transportation." *Id.* at 8 (quoting *Rittmann*, 971 F.3d at 916). The Ninth Circuit affirmed, concluding that *Rittmann* was controlling and binding precedent. *Miller v. Amazon.com, Inc.*, No. 21-36048, 2023 WL 5665771, *1 (9th Cir. Sept. 1, 2023), *cert. denied*, 144 S. Ct. 1402 (2024).

---

[1] Amazon is also requesting stays in other lawsuits involving Amazon Flex Delivery Partners that implicate the FAA exemption issue raised in *Flowers Foods*. *See, e.g.*, *Oberstar v. Amazon.com Servs, LLC*, No. 25-cv-3293 (D. Colo.), ECF No. 21; *Spinney v. Amazon Logistics, Inc.*, No. 25-cv-1803 (D. Nev.), ECF No. 25. In *Spinney*, the plaintiff consented to a stay, which the court entered. *Spinney*, ECF No. 35. The stay request in *Oberstar* remains pending.

DEFENDANTS' DEFENDANTS' MOTION TO
STAY PENDING *FLOWERS FOODS*- 2
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400

Following remand, Amazon moved to dismiss plaintiffs' claims with partial success; the parties engaged in discovery; Plaintiffs filed the operative complaint; and Plaintiffs moved to certify a class. The Court denied Plaintiffs' class certification motion in July 2025. Dkt. No. 154. As a result, all that remains of this action at present are five Plaintiffs' individual claims under the WCPA.

In September 2025, the Court adopted the parties' proposed case schedule for the remainder of this litigation, which provides for dispositive-motions briefing in January and February 2026 and a potential trial in June 2026. Dkt. No. 161. On November 18, 2025, Plaintiffs moved to reinstate Philip Sullivan's previously dismissed claim under the Massachusetts Tips Act—which was not repleaded in the Third Amended Complaint—and also moved to certify a statewide class of Massachusetts Delivery Partners to pursue treble damages on this Massachusetts law claim. Dkt. No. 162.

On October 20, 2025, the Supreme Court granted a writ of certiorari to review the Tenth Circuit's decision in *Brock v. Flowers Foods, Inc.*, 121 F.4th 753, 757 (10th Cir. 2024). *See Flowers Foods, Inc. v. Brock*, — S. Ct. —, 2025 WL 2949574 (2025). In that case, the Tenth Circuit held that a Colorado delivery driver for Flowers Foods fell within a class of workers engaged in foreign or interstate commerce for purposes of the FAA exemption. Although Flowers Foods produced its baked goods outside of Colorado, the delivery drivers in question did not cross state lines in the course of their deliveries "to various retail stores in Colorado." *Id.* Expressly adopting the Ninth Circuit's decision in *Rittmann*, the Tenth Circuit held that the exemption applied to the plaintiff's arbitration agreement because it deemed his "intrastate delivery of the goods" to be part of "one continuous interstate journey" to the ultimate customer. *Id.* at 764.

Flowers Foods petitioned for certiorari. It argued that the Tenth Circuit's decision deepened a circuit split by applying the FAA exemption to workers that neither "crosse[d] state lines" nor "load[ed] or unload[ed] cargo from vehicles traveling across borders." Pet. for a Writ of Certiorari at 3-4. The question presented to the Supreme Court is: "Are workers who deliver locally goods that travel in interstate commerce—but who do not transport the goods across borders nor interact

DEFENDANTS' DEFENDANTS' MOTION TO
STAY PENDING *FLOWERS FOODS*- 3
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400

with vehicles that cross borders—'transportation workers' 'engaged in foreign or interstate commerce for purposes of the Federal Arbitration Act's § 1 exemption?" *Id.* at i. Under the current schedule, the opening brief of Flowers Foods is due December 4, 2025 (which is 45 days from the date on which certiorari was granted). *See* Sup. Ct. R. 25.1. The briefing schedule will permit oral argument to be heard in February or March 2026, and under the Supreme Court's usual practice, a decision will issue by the end of June 2026.

Undersigned counsel certifies that on December 15, 2025, counsel for Amazon conferred with counsel for Plaintiffs regarding the relief sought in this motion, but the parties were unable to reach agreement on the requested stay.

### III. ARGUMENT

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A trial court may … find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

Courts in this District—and throughout this Circuit—often stay proceedings when the Supreme Court has granted certiorari to decide a relevant issue. *Great Lakes Ins. SE v. Myers Regulinski 1996 Revocable Tr.*, No. 21-cv-1241, 2023 WL 5206395, at *3 (W.D. Wash. Aug. 14, 2023); *Fernandez v. CoreLogic Credco, LLC*, No. 20-cv-1262, 2021 WL 1311270, at *4 (S.D. Cal. Apr. 8, 2021); *Skulevold v. SD&A Teleservices, Inc.*, No. 20-cv-2771, 2020 WL 7711834, at *7 (C.D. Cal. Nov. 18, 2020); *Borden v. eFinancial, LLC*, No. 19-cv-1430, 2020 WL 7324815, at *3 (W.D. Wash. Oct. 16, 2020); *Babare v. Sigue Corp.*, No. 20-cv-894, 2020 WL 8617424, at *3 (W.D. Wash. Sept. 30, 2020); *Knapp v. Reid*, No. 15-cv-1769, 2016 WL 561734, at *2 (W.D. Wash. Feb. 12, 2016); *Lennartson v. Papa Murphy's Holdings, Inc.*, No. 15-cv-5307, 2016 WL

DEFENDANTS' DEFENDANTS' MOTION TO STAY PENDING *FLOWERS FOODS*- 4
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400

51747, at *5 (W.D. Wash. Jan. 5, 2016); *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015).

    1.    *The Supreme Court's decision in* Flowers Foods *will control arbitrability in this case*.

There is no question that *Flowers Foods* will decide the controlling issue for Amazon's efforts to enforce Plaintiffs' arbitration agreements. The question presented to the Supreme Court is whether the FAA exemption applies to local delivery drivers who, like the five Plaintiffs here, do not transport the delivered goods across state lines. Not only that, Flowers Foods specifically argued in its petition for certiorari that the Ninth Circuit erred in *Rittmann* in classifying so-called "last-mile" drivers as engaged in interstate commerce for purposes of 9 U.S.C. § 1. Pet. for a Writ of Certiorari, *Flowers Foods*, *supra*, at 4, 16-17, 25-27. Flowers Foods contends that *Rittmann* conflicts with the approach other circuits have taken and the framework that the Supreme Court adopted in its most recent cases on the FAA exemption, which focuses on the specific activities of the relevant class of workers and not the broader activities of the business for which the workers perform their work. *See id.*; *see also Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246, 253-54 (2024); *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 455-56 (2022). If the Supreme Court sides with Flowers Foods and holds that *Rittmann*'s approach is wrong, that holding will now be binding precedent on how to construe the FAA exemption and will furnish grounds to renew Amazon's motion to compel arbitration under the Supreme Court's holding. The grant of certiorari thus raises "a significant possibility that the arbitrability of [Plaintiffs'] claims will turn on the Supreme Court's opinion." *Stoican v. Cellco P'ship*, No. 10-cv-1017, 2010 WL 5769125, at *2 (W.D. Wash. Dec. 10, 2010). After all, there is no dispute that Plaintiffs entered into arbitration agreements with Amazon that would apply to their claims and would be enforceable if they are not exempt from the FAA; Plaintiffs' objection to arbitration in this case turned entirely on the FAA exemption. *See* Dkt. No. 47, at 3-4.

In considering whether to exercise their discretion to grant a stay based on relevant proceedings in another forum, courts consider "the possible damage which may result from the

DEFENDANTS' DEFENDANTS' MOTION TO
STAY PENDING *FLOWERS FOODS*- 5
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400

granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Great Lakes Ins.*, 2023 WL 5206395, at *2 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These considerations strongly support a stay of this litigation.

    2.    *A Stay Is Unlikely to Injure Plaintiffs.*

It is highly unlikely that a stay would inflict harm on Plaintiffs. First, the duration of the requested stay will be short. Briefing in *Flowers Foods* is already underway, with argument likely in February or March 2026 and a decision by the end of the Court's current term—typically by the end of June. Courts recognize that a stay in such circumstances adds minimal delay to the resolution of a plaintiff's claims. *See, e.g.*, *Borden*, 2020 WL 7324815, at *3; *Babare*, 2020 WL 8617424, at *2. Second, Plaintiffs seek monetary relief. Third Am. Compl. at 10. "Harm to the non-moving party is less likely where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief." *Great Lakes Ins.*, 2023 WL 5206395, at *4; *accord Borden*, 2020 WL 7324815, at *3. Moreover, "months remain before the [July 2026] trial date." *Great Lakes Ins.*, 2023 WL 5206395, at *4. And Plaintiffs have just filed a motion seeking to inject a Massachusetts-law claim back into this action at this late stage and take a second bite at the apple for class certification. Amazon disagrees that either requested relief is appropriate and will oppose Plaintiffs' motion in due course. But for now, the key point is that the motion suggests that expeditiously moving toward final judgment on their individual claims is not an overriding priority for Plaintiffs (who are already covered, in any event, by the FTC settlement). They cannot reasonably object to a slight delay in these circumstances to permit the Supreme Court can conclusively resolve the FAA exemption question lurking in this case—particularly given the interests on the other side, as discussed next.

    3.    *There Would Be Hardship or Inequity in Going Forward.*

In contrast to the lack of harm that a stay would create for Plaintiffs, Amazon would suffer significant hardship or inequity if required to go forward in Court despite the potential

DEFENDANTS' DEFENDANTS' MOTION TO STAY PENDING *FLOWERS FOODS*- 6
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400

enforceability of the arbitration agreements. Back in 2022, when the Court exercised discretion to stay this litigation pending Amazon's appeal of the denial of the motion to compel, the Court collected cases recognizing that "being forced to proceed with this litigation while awaiting the outcome of the appeal" would deprive Amazon "of the benefits of arbitration, even if the appeal is ultimately in [its] favor." Dkt. 64.[2] The same reasoning applies here: if the Supreme Court ultimately resolves the issue in *Flowers Foods* in Amazon's favor, and holds that intrastate delivery work does not trigger the FAA exemption, Amazon will have lost its right to enforce the arbitration agreements.

Under this case's current schedule, the parties will have already submitted summary judgment motions and could even be gearing up for (or in the midst of) trial, which is scheduled for June 15, 2026, by the time the Supreme Court issues its decision in *Flowers Foods*. *See* Dkt. No. 161, at 1. Yet Amazon contracted to resolve these claims in arbitration, not litigation, and Amazon should have the chance to do so if the Supreme Court issues a decision establishing that Amazon's agreement is enforceable under the FAA.

4. *The Orderly Course of Justice Supports a Stay.*

Finally, a stay in these circumstances would strongly promote the orderly course of justice. That is clear, for example, given the potential "simplifying … of issues." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). Again, one possible outcome of *Flowers Foods* is a holding that *Rittmann* was decided wrongly, which in turn would mean that Plaintiffs' claims belong in arbitration. Such a holding would eliminate *every* remaining "issue for motions and trial." *Great Lakes Ins.*, 2023 WL 5206395, at *3. That would dramatically "simplify the issues" for this Court. *Id.* And in all events, "entering a stay will promote the orderly course of justice by allowing the Supreme Court to resolve a question of law that is central to this case." *Babare*, 2020 WL 8617424, at *2.

---

[2] *See also, e.g.*, *Rittmann v. Amazon.com, Inc.*, No. 16-cv-1554, 2019 WL 2475791, at *1-2 (W.D. Wash. June 13, 2019); *Wilson v. Huuuge, Inc.*, No. 18-cv-5275, 2019 WL 998319, (W.D. Wash. Mar. 1, 2019); *Benson v. Double Down Interactive, LLC*, No. 18-cv-525, 2019 WL 972482 (W.D. Wash. Feb. 28, 2019).

DEFENDANTS' DEFENDANTS' MOTION TO
STAY PENDING *FLOWERS FOODS*- 7
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400

     Moreover, a stay helps avoid the waste of vital judicial and party resources. For example, the Supreme Court's decision could save the Court "time and effort" in resolving Plaintiffs' pending motion to reassert classwide claims under Massachusetts law, plus any forthcoming motions for summary judgment—to say nothing of trial. *Knapp*, 2016 WL 561734, at *2. And were this case to move forward to a final judgment in Plaintiffs' favor despite Amazon's defenses, a Supreme Court ruling in favor of Flowers Foods that applied equally to Amazon's arbitration agreements would likely create appellate issues and threaten to negate the efforts needed to bring this litigation to final judgment. Moving forward with this litigation would therefore be inefficient and contrary to fundamental interests of judicial economy. A stay will be brief and well warranted.

### IV.    CONCLUSION

     For all these reasons, the Court should exercise its discretion to stay this litigation pending a decision by the Supreme Court in *Flowers Foods, Inc. v. Brock*, No. 24-935 (U.S.).

DEFENDANTS' DEFENDANTS' MOTION TO
STAY PENDING *FLOWERS FOODS*- 8
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400

Dated: December 19, 2025

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Andrew DeCarlow*
Andrew DeCarlow, WSBA #54471
1301 2nd Ave Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Facsimile: (206) 274-6401
Email: andrew.decarlow@morganlewis.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Walter F. Brown (*Pro Hac Vice*)
Email: wbrown@paulweiss.com
Shawn M. Estrada (*Pro Hac Vice*)
Email: sestrada@paulweiss.com
Marco A. Torres (*Pro Hac Vice*)
Email: mtorres@paulweiss.com

535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Amy L. Barton (*Pro Hac Vice*)
Email: abarton@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757- 3990

*Attorneys for Defendants*

DEFENDANTS' DEFENDANTS' MOTION TO STAY PENDING *FLOWERS FOODS*- 9
CASE NO. 2:21-CV-00204-BJR

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue
Suite 3000
Seattle, WA 98101
+1.206.274.6400